**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Ramzi Abadou (Bar No. 222567)
Stacey M. Kaplan  (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Sean M. Handler (*Pro Hac Vice*)
Joseph H. Meltzer (*Pro Hac Vice*)
Naumon A. Amjed (*Pro Hac Vice*)
Ryan T. Degnan (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Co-Class Counsel*

**NIX, PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Brad E. Seidel (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Chad E. Ihrig (*Pro Hac Vice*)
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

**MAYER BROWN LLP**
Edward D. Johnson (SBN189475)
wjohnson@mayerbrown.com
Donald M. Falk (SBN150256)
dfalk@mayerbrown.com
Eric B. Evans (SBN 232476)
eevans@mayerbrown.com
Jonathan A. Helfgott (SBN 278969)
jhelfgott@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

*Attorneys for Defendant Google Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

|  |  |
|---|---|
| RICK WOODS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 5:11-cv-1263-EJD<br><br>**EXHIBIT A TO DISCOVERY DISPUTE JOINT REPORT # 2** |

# EXHIBIT A

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Ramzi Abadou (Bar No. 222567)
Stacey M. Kaplan  (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer (*Pro Hac Vice*)
Sean M. Handler (*Pro Hac Vice*)
Naumon A. Amjed (*Pro Hac Vice*)
Ryan T. Degnan (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone:  (610) 667-7706
Facsimile:  (610) 667-7056

*Interim Co-Class Counsel*

**NIX, PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Brad E. Seidel (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone:  (512) 328-5333
Facsimile:  (512) 328-5335

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK WOODS, Individually and On Behalf of All Others Similarly Situated, | Case No. 11-cv-1263-EJD |
| Plaintiff, | **PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS** |
| v. | |
| GOOGLE INC., | |
| Defendant. | |

PROPOUNDING PARTY:        PLAINTIFF RICK WOODS

RESPONDING PARTY:        GOOGLE INC.

SET NO.:        TWO (2)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court of the Northern District of California, Plaintiff Rick Woods hereby requests that Google Inc. produce all original documents responsive to these requests, including all non-identical copies, within thirty days of service hereof, at the office of Nix, Patterson & Roach, LLP, located at 3600 N. Capital of Texas Highway, Building B, Suite 350, Austin, Texas 78746, or at such other location as is mutually agreed upon by counsel.

Defendant shall produce all responsive documents and ESI in the manner agreed upon in the [Stipulated] Order re: Discovery of Electronically Stored Information for Standard Litigation. *See* Dkt. No. 118.

## DEFINITIONS

Unless otherwise indicated, as used in these Requests, the following terms shall have the meanings ascribed to each:

1.      "Ads" means advertisements submitted to Google by AdWords Advertisers.

2.      "AdWords Advertisers" means persons who advertise or advertised through the AdWords Program.

3.      "AdWords Help Center" means Google's Internet website (currently located at "support.google.com/adwords") and all corresponding webpages provided by Google to explain the AdWords Program, including all prior versions of the AdWords Help Center and all other similar or related websites provided by Google (including, without limitation, the "Ad Traffic Quality Resource Center" and the "AdWords Learning Center").

4.      "AdWords Program" or "AdWords" means Google's AdWords online advertising program as defined in Exhibit A to the Complaint and any other similar or related online advertising program of Google.

5.      "AdWords Website" means Google's Internet website provided to AdWords Advertisers to administer their AdWords advertising and account, including administering settings and bids relating to their Ads.

6. "Any" or "all" mean each and every.

7. "ClickCostMultiplier" means any value and/or variable Google uses to calculate Smart Pricing Discounts. For example, this term includes the "click cost multipliers" or "CCM" described by Google's expert, Dr. Randolph Bucklin, in paragraph 14 of GOOG00000108.

8. "CanApplyClickCostMultiplier" means any value and/or variable Google uses to determine whether to apply a Smart Pricing Discount to particular clicks, Properties or Partners. For example, this term includes the "CanApplyClickCostMultiplier" described by Google's expert, Dr. Randolph Bucklin, in footnote 26 of GOOG00000110.

9. "Communications" means any exchange of information by any means of transmission, including, but not limited to, transcriptions, memoranda, intra-office communications, notes of face-to-face conversations, mail, electronic messages, telegrams, overnight deliveries, transcripts or notes of telephone, facsimiles, or telexes.

10. The "Complaint" means the Second Amended Class Action Complaint filed by Plaintiff in this action on September 21, 2012 in the United States District Court for the Northern District of California, San Jose Division.

11. "Conversion Score" means any value and/or variable Google uses to quantify the likelihood a click on an Ad originating from a particular Property or Partner will convert. For example, this term includes the "property conversion scores" and "pub scores" described by Google's expert, Dr. Randolph Bucklin, in paragraph 14 of GOOG00000108.

12. "Describe" means provide a complete explanation, including identification of any and all documents on which your description depends.

13. "Display Network" means the portion of Google's advertising network labeled as such in Exhibit I to the Complaint and includes the portion of Google's advertising network previously referred to as the "Content Network" by Google. "Display Network" shall also have the meaning Google intended when it used the term in Paragraph 16 of its Answer (Dkt. No. 123).

14. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1)(A) and shall include every writing or record of every type and description in any form whatsoever and all other tangible objects. The term Document includes writings, drawings, graphs, charts, spreadsheets, photographs, communications, video and sound recordings, images, and other data or data compilations (electronic or otherwise) from which information can be obtained either directly or, if necessary, after translation by the producing party into a reasonably usable form. The term Document also includes electronically stored information ("ESI") and transmission of ESI through Electronic Media. For illustrative purposes, examples of Documents include each of the following: memorandum, file, Communications, correspondence, study, report, working paper, record, recording, minutes, instruction, literature, notes, notebook, diary, calendar, data sheet, work sheet, summary, tabulation, calculation, index, picture, graphic matter, agreement, contract, arrangement, understanding, invoice, bill, web page, software, and algorithm. A draft or non-identical copy or version is a separate document within the meaning of this term. A Document shall be produced with any and all of the document's associated metadata.

15. "Electronic Media" means any magnetic, flash or other storage medium or media device used to record and/or store ESI. Electronic Media includes, but is not limited to, portable media, hard disks, floppy disks, hard drives, jump drives, thumb drives, memory sticks, flash media, CDs, DVDs, zip drives, personal digital assistance devices and handheld storage devices (*e.g.*, Palm, Blackberry, iPhone or other "smart phones"), magnetic tapes of all types, intranet and Internet repositories of all types including websites, cloud or web storage, software code repositories (including code vaults or other source code storage systems), and any other vehicle for digital data storage, back-up and/or transmittal. Electronic media also includes, without limitation, memory and information storage systems associated with servers, computers, handheld storage devices, iPads, tablet computers, email systems (including those hosted by ISPs), voicemail systems, instant messaging systems, social networking systems, and fax servers.

16. "Electronic messages" means electronic mail, text messages, instant messages, Internet messages, intranet messages, electronic bulletin board messages, blog entries, website postings of any nature, and all other methods by which messages may be transmitted by or through electronic sources.

17. "Google," "Defendant," the "Company," "You," or "Your" means Google Inc., and all subsidiaries, predecessors, parents, successors, and present and former divisions and affiliates; and each of their present or former agents, employees, directors, officers, or anyone acting or purporting to act on their behalf or under their control.

18. "Identify" and "Identity," when used in reference to a person, mean to give the person's full name, present or last known address, present or last known email address(es), present or last known phone number and, when referring to a natural person, the present or last known employer or business affiliation.

19. "Identify" and "Identity," when used in reference to a document, mean to give the document's author(s), recipient(s), title, date, type, general subject matter, current location or custodian and, if produced, bates number.

20. "Identify" and "Identity," when used in reference to a communication, mean to give the full name, last known address, last known phone number, employer or business affiliation of the parties to the communication, the form of the communication, the date of the communication, the subject of the communication, and the manner(s) in which the communication was/is recorded or memorialized.

21. "Including" means "including without limitation" or "including, but not limited to."

22. "Location Targeting" means the functionality provided by Google for targeting Ads to locations as described by Google in Exhibit O to the Complaint and/or any such functionality provided by Google for the placement of Ads based on an AdWords Advertiser's

selected geographic location. "Location Targeting" shall also have the meaning Google intended when it used the term in Paragraph 114 of its Answer (Dkt. No. 123).

23. "Location Targeting Data" means all data recorded and/or maintained by Google or at Google's request concerning Location Targeting and, for each click on an Ad, shall include, without limitation, the complete uniform resource locator (URL) of the Property from which the click originated, the Partner owning and/or operating that Property, whether that Property was a Search Network or Display Network Property, the IP address of the person (Internet user) clicking the Ad, the physical location of the person (Internet user) clicking the Ad, whether the Ad was displayed based on the Internet user's physical location or terms used in a search request (search intent), the search request used by the Internet user to cause the Ad's impression, the identity of the AdWords Advertiser who paid for the click, the price the AdWords Advertiser paid for the click, the geographic origin of the click as determined by Google at the time of the click, the Location Targeting settings in effect for the AdWords Advertiser at the time of the click, and whether the click resulted in a conversion.

24. "Location Targeting Settings Screen" means the webpage or screen on the AdWords Website on which an AdWords Advertiser may set, edit, or modify its Location Targeting settings.

25. "Mobile Partners" means all Partners who display Ads that appear on mobile devices with full Internet browsers (as described in Exhibit L to the Complaint) and/or mobile apps (as described in Exhibit I to the Complaint).

26. "Or" or "And" should be construed as disjunctive and conjunctive to bring within the scope of these requests all documents which would otherwise be construed to be outside their scope.

27. "Partner" means a person or entity who owns or operates a Property.

28.    "Person(s)" means any natural person or any business, legal or governmental entity, or association and all of their officials, directors, officers, employees, representatives, attorneys, agents, and any other person acting on their behalf.

29.    "Plaintiff" means Plaintiff Rick Woods.

30.    "Property" means a webpage, website, domain, or property on which Google displays (or to which Google delivers) Ads including, without limitation, all webpages, websites, domains, or properties owned and/or operated by Google or on the "Google Network" as that term is used in Exhibit I to the Complaint.

31.    "Relating to," "related to," "relate(s) to," "concerning," and "concern" mean all things or documents that in any way discuss, constitute, concern, refer to, are connected with, arise from, reflect, assess, record, summarize, evaluate, or comment on the subject or object of the discovery request.

32.    "Search Network" means the portion of Google's advertising network labeled as such in Exhibit I to the Complaint.

33.    "Smart Price" or "Smart Pricing" means Google's pricing discount feature that automatically reduces the price an advertiser pays for a click based on the likelihood the click will convert.  For example, this term includes the feature described as such by Google in Exhibits B–F attached to the Complaint.  "Smart Price" or "Smart Pricing" shall also have the meaning Google intended when it used the term in Paragraphs 32 and 37 of its Answer (Dkt. No. 123).

34.    "Smart Pricing Data" means all data recorded or maintained by Google or at Google's request concerning Smart Pricing, Smart Pricing Discounts, the amount of Smart Pricing Discounts, whether to apply a Smart Pricing Discount at any given time, how to apply Smart Pricing Discounts, and any information used by Google's "proprietary algorithm" referenced in Paragraph 37 of its Answer (Dkt. No. 123).  Without limiting the foregoing, this term also includes Conversion Scores, ClickCostMultipliers, and the CanApplyClickCostMultiplier variable.

35. "Smart Pricing Discount" means the amount by which Google reduces the price of a click based on Smart Pricing. For example, this term includes any value resulting from the formulas for Smart Pricing described by Google's expert, Dr. Randolph Bucklin, on GOOG00000163 and in footnote 14 of GOOG00000108. This term also includes any discount resulting from the use of the "proprietary algorithm" referenced in Paragraph 37 of Google's Answer (Dkt. No. 123).

36. "Special Partner" means any Partner owning and/or operating a Property to which Google delivers Ads and whose agreement with Google varies in any way from the standard AdSense Program Terms and Conditions, or who has been exempted, in whole or in part, from Smart Pricing for any Display Network click. Special Partners include, without limitation: IAC/InterActiveCorp.; InfoSpace Inc.; Value Click Inc.; Network Solutions LLC; Peeplo.com; Conduit; and Xacti.

37. The present tense of any verb includes the simple past, past perfect, simple future, and future perfect tenses. For example, "use" includes "used," "will use," "had used," and "will have used."

38. The use of any word includes the plural and vice versa and the use of the masculine gender shall include the feminine and neutral genders and vice versa.

39. Unless a word or term has been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition, except where such words have a specific custom and usage definition in Google's trade or industry, in which case they shall be interpreted in accordance with such usual custom and usage definition of which Google is aware.

# INSTRUCTIONS

The following instructions are an integral part of these requests and apply to each of them, as well as to any other discovery requests incorporating these instructions.

1.     Your response to each Request for Production shall include all documents or things within Your custody, possession, or control or in the custody, possession, or control of Your directors, officers, partners, members, agents, employees, subsidiaries, managing agents, affiliates, investigators, representatives, or Your attorneys or their agents, employees, assignees, representatives, or investigators.

2.     If these Requests for Production cannot be responded to in full, respond to the extent possible, specify the reasons for Your inability to produce the remainder, and state whatever information or knowledge You have concerning the unproduced portion.

3.     Documents shall be produced as they are kept in the ordinary course of business or organized and labeled to correspond to the categories of the particular document request for those documents that were created.   Electronically stored information responsive to these Requests for Production shall be produced in the manner set forth in the [Stipulated] Order re: Discovery of Electronically Stored Information for Standard Litigation. *See* Dkt. No. 118.

4.     You should produce the original of each document described below, or if the original is unavailable, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

5.     All documents shall be produced in the file folder, envelope or other container in which the documents are kept or maintained.   If, for any reason, the container cannot be produced, produce copies of all labels or other identifying marks.

6.     Documents attached to each other should not be separated.

7.     Documents not otherwise responsive to these requests shall be produced if such documents mention, discuss, refer to, or explain the documents which are called for by this

discovery request, or if such documents are attached to documents called for by this discovery request and constitute routing slips, transmittal memoranda, letters, comments, evaluations, or similar material.

8.      These Requests for Production are continuing within the meaning of FRCP 26. As a result, in the event that You locate additional responsive documents after furnishing Your responses to these Requests for Production, You are required to supplement Your responses to these Requests for Production.

9.      If any document or a portion of any document is withheld from production on the ground that its production is privileged due to attorney-client privilege, work-product rule, or other legally recognized standard preventing its disclosure to a requesting party, that portion of the document need not be produced, but You shall state separately for each such document: (1) the legal and factual basis on which You claim protection against production; (2) the date of creation of the documents; (3) the nature of the document (e.g., letter, memorandum); (4) the full name, title, and employer of each author of each such document; (5) the full name, title, and employer of each addressee and named recipient of the document; (6) the full name, title, and employer of each person who to Your knowledge has seen the document; and (7) the general substance of the document.

10.     Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full.

11.     If a document responsive to these requests was at any time in Your possession, custody or control but now is no longer available for production, identify such document or thing as completely as possible, including the following information: (1) an explanation of the type of document or thing it was; (2) whether the document is missing or lost; (3) whether it has been destroyed; (4) whether the document has been transferred or delivered to another person or entity and, if so, at whose request and who was it transferred to; (5) whether the document has been

otherwise disposed of; (6) a precise statement of the circumstances surrounding the disposition of the document and the date of the document's disposition, including when and why it was disposed of, discarded, or destroyed; (7) the identities of all persons who know or knew of its existence and contents; and (8) the identity of the person who lost, discarded, or destroyed it.

12.     If You object to any of the definitions or instructions applicable to these requests, state Your objection in Your response and clearly indicate whether you are complying with the definition or instruction notwithstanding Your objection.

13.     If You object to answering any of these requests, or withhold documents from production in response to any request, in whole or in part, state (1) Your objections and/or reasons for not responding, (2) state all factual and legal justifications that You believe support Your objection or failure to answer or produce, and (3) whether You are complying with the request notwithstanding Your objection.

14.     If You object to answering only part of a request, specify the part to which You object and respond to the remainder.

15.     If You object to any request on the ground of overbreadth, You are instructed to respond to the request as narrowed to conform to your objection.

16.     In no event should any response be left blank.  If the response to any request is, for example, "none" or "not applicable," such statement should be written as a response.

17.     If You encounter any ambiguity in construing a request, or the definition or instruction relevant to the request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in responding.

18.     If you do not possess one or more of the requested documents, You should so state and describe all Your efforts to search for the documents necessary to respond to the request.

## THE RELEVANT PERIOD

The "Relevant Period" shall be from April 1, 2004 to the present. Unless otherwise indicated, each request contained herein shall be read to include all Documents and information which relate in whole or in part to the Relevant Period, or to events or circumstances during such period, even though dated, prepared, generated, or received prior or subsequent to that period. Unless otherwise indicated, these Requests for Production are limited to the Relevant Period.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:** All Documents in the possession, custody, or control of all individuals identified in Google's Rule 26(a)(1) Initial Disclosures concerning the subject matters of relevant testimony listed for each individual.

**REQUEST FOR PRODUCTION NO. 2:** All Documents referenced or identified in Google's Rule 26(a)(1) Initial Disclosures.

**REQUEST FOR PRODUCTION NO. 3:** All Documents concerning the composition, definition, description, characterization, and/or classification of the Display Network including, without limitation, Documents sufficient to identify all Properties belonging to the Display Network.

**REQUEST FOR PRODUCTION NO. 4:** All versions of the website (and associated webpages) located at www.google.com/ads/displaynetwork.

**REQUEST FOR PRODUCTION NO. 5:** All Documents concerning the composition, definition, description, characterization, and/or classification of the Search Network, including, without limitation, Documents sufficient to identify all Properties belonging to the Search Network.

**REQUEST FOR PRODUCTION NO. 6:** All Documents concerning the definitions of, and/or distinctions between, any category of Ads displayed on Properties owned and/or operated by Mobile Partners including, without limitation: Ads displayed on applications on mobile devices

(as described in Exhibit J to the Complaint); Ads displayed on mobile devices with full Internet browsers (as described in Exhibit L to the Complaint); and WAP mobile ads (as described in Exhibit L to the Complaint).

**REQUEST FOR PRODUCTION NO. 7:** All Documents concerning Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data. For example, this Request includes Documents concerning: the purpose of Smart Pricing; the function (including source code) of Smart Pricing; and Google's method(s) for determining, calculating, and/or recording Smart Pricing Discounts and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 8:** All Documents concerning the "proprietary algorithm" referenced by Google in Paragraph 37 of its Answer, including the "proprietary algorithm" itself.

**REQUEST FOR PRODUCTION NO. 9:** All Documents concerning the purposes and/or roles of ClickCostMultipliers, the CanApplyClickCostMultiplier, and Conversion Scores.

**REQUEST FOR PRODUCTION NO. 10:** All Documents concerning any studies, reports, and/or analyses related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 11:** All Documents concerning Communications related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data. For example, this Request includes Communications concerning: the purpose of Smart Pricing; the application of Smart Pricing Discounts to clicks from particular Properties, Partners, and/or categories of Properties; and Google's method(s) for determining, calculating, and/or recording Smart Pricing Discounts and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 12:** All Documents concerning Google's policies, practices, decisions, guidelines, procedures, or standards regarding the application of Smart Pricing and/or Smart Pricing Discounts to clicks on Ads. For example, this Request includes Google's methods for determining: whether to apply a Smart Pricing Discount to a particular

click, Partner, and/or Property; and Google's method(s) for determining and/or calculating Smart Pricing Discounts and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 13:** All Documents concerning Smart Pricing published by Google including, without limitation, Documents published on the AdWords Help Center, the AdWords Website, and any Documents linked thereto.

**REQUEST FOR PRODUCTION NO. 14:** All Documents concerning Communications related to the Documents requested in Request for Production No. 13

**REQUEST FOR PRODUCTION NO. 15:** All Documents reflecting, discussing, describing, and/or referencing in any manner Google's "measurements for the applicable Program" as that phrase is used in paragraph 7 of Exhibit A to the Complaint.

**REQUEST FOR PRODUCTION NO. 16:** All drafts of Exhibits B–G, I–J, and L, all Communications concerning Exhibits B–G, I–J, and L, and all versions of Exhibits B–G, I–J, and L published by Google.

**REQUEST FOR PRODUCTION NO. 17:** All Documents concerning all agreements with Special Partners related to delivering Ads for display on Properties owned and/or operated by Special Partners.

**REQUEST FOR PRODUCTION NO. 18:** All Documents concerning Google's Communications with Special Partners related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 19:** All Documents concerning all agreements with Mobile Partners related to delivering Ads for display on Properties owned and/or operated by Mobile Partners.

**REQUEST FOR PRODUCTION NO. 20:** All Documents concerning Google's Communications with Mobile Partners related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 21:** All Documents concerning Google's Communications with Partners (other than Mobile Partners and Special Partners) related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 22:** All Documents identifying all Smart Pricing Data associated with every Property in the Display Network.

**REQUEST FOR PRODUCTION NO. 23:** All Documents identifying all clicks where Google did not apply a Smart Pricing Discount for any reason including, without limitation, Documents identifying: all Smart Pricing Data for each click; the AdWords Advertiser who paid for each click; the AdWords Advertiser's bid amount for the click; the price the AdWords Advertiser paid for the click; the complete uniform resource locator (URL) of the Property from which the click originated; the Partner owning and/or operating that Property; whether that Property was a Search Network or a Display Network Property; and whether the click resulted in a conversion.

**REQUEST FOR PRODUCTION NO. 24:** All Documents identifying Properties, which have or have had the value "False" (or any other value indicating a Smart Pricing Discount shall not apply) for the CanApplyClickCostMultiplier including, without limitation, Documents identifying: all Smart Pricing Data for any click occurring while such variable equaled "False" (or any other value indicating a Smart Pricing Discount shall not apply); whether that Property has ever had the value "True" (or any other value indicating a Smart Pricing Discount shall apply) for the CanApplyClickCostMultiplier variable; the period of time, if any, for which the CanApplyClickCostMultiplier variable equaled True or False, respectively; the complete uniform resource locator (URL) of the Property from which the click originated; the Partner owning and/or operating that Property; and whether that Property was a Search Network or Display Network Property.

**REQUEST FOR PRODUCTION NO. 25:** All Documents identifying all AdWords Advertisers who paid for a click on the Display Network where Google did not apply a Smart Pricing Discount for any reason including, without limitation, Documents identifying: the

number of clicks each such advertiser paid for where Google did not apply a Smart Pricing Discount; the amount spent by each advertiser on each such click; and the Smart Pricing Discount, Conversion Score, and ClickCostMultiplier that would have applied at the time of each click.

**REQUEST FOR PRODUCTION NO. 26:** All Documents concerning the fees, revenues and/or other amounts charged and earned, if different, by Google for clicks originating from the Display Network for which no Smart Pricing Discount was applied.

**REQUEST FOR PRODUCTION NO. 27:** All Documents concerning the fees, revenues and/or other amounts charged and earned, if different, by Google for clicks originating from the Display Network for which the CanApplyClickCostMultiplier variable equaled "False".

**REQUEST FOR PRODUCTION NO. 28:** All Documents concerning the fees, revenues and/or other amounts charged and earned by Google for clicks originating from Properties on the Display Network owned and/or operated by Mobile Partners.

**REQUEST FOR PRODUCTION NO. 29:** All Documents concerning the fees, revenues and/or other amounts charged and earned by Google for clicks originating from Properties on the Display Network owned and/or operated by Special Partners.

**REQUEST FOR PRODUCTION NO. 30:** All Documents and/or correspondence between Google and AdWords Advertisers concerning Smart Pricing, including, without limitation, documents concerning refunds demanded by AdWords Advertisers related to Smart Pricing and/or complaints related to Smart Pricing.

**REQUEST FOR PRODUCTION NO. 31:** All Documents produced by Google in connection with the *In re Google AdWords Litigation*, No. 5:08-CV-3369-EJD, in the Northern District of California concerning Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

**REQUEST FOR PRODUCTION NO. 32:** All Documents relied upon and/or cited by Dr. Randolph Bucklin in preparation of GOOG00000101 – 165 and GOOG00000166 – 260,

including, without limitation, the deposition transcripts of Courtney Bowman and Hal Varian referenced by Dr. Bucklin.

**REQUEST FOR PRODUCTION NO. 33:** Un-redacted copies of all Documents (including any exhibits or attachments) filed in the *In re Google AdWords Litigation*, No. 5:08-CV-3369-EJD, in the Northern District of California.

**REQUEST FOR PRODUCTION NO. 34:** All Documents concerning the "go/ip-history" database referred to in GOOG00004720, including, without limitation, such database.

**REQUEST FOR PRODUCTION NO. 35:** All Documents concerning the "Location Extraction Server (LES)" database referred to in GOOG00004722, including, without limitation, such database.

**REQUEST FOR PRODUCTION NO. 36:** All Documents concerning all clicks identified by Plaintiff in paragraph 120 of the Complaint in possession of the "IPGeo team" as that term is used in GOOG00004720.

**REQUEST FOR PRODUCTION NO. 37:** All Documents identifying all clicks originating from a physical location outside the location selected by the AdWords Advertiser on the Location Targeting Settings Screen at the time of the click and all Location Targeting Data for each such click.

DATED: May 6, 2013                    Respectfully submitted,

/s/ *Andrew G. Pate*
**NIX, PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich
Brad E. Seidel
Andrew G. Pate
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Ramzi Abadou
Stacey M. Kaplan
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer
Sean M. Handler
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Co-Class Counsel*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2013, a true and correct copy of the foregoing document was served via electronic mail and first class mail upon all counsel of record.


/s/ *Andrew G. Pate*

MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
wjohnson@mayerbrown.com
Donald M. Falk (SBN 150256)
dfalk@mayerbrown.com
Eric B. Evans (SBN 232476)
eevans@mayerbrown.com
Jonathan A. Helfgott (SBN 278969)
jhelfgott@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

*Attorneys for Defendant Google Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| RICKS WOODS, Individually and On Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>v.<br><br><br>GOOGLE INC.,<br><br>               Defendant. | Case No. 11-cv-1263-EJD<br><br>**GOOGLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Google Inc. ("Google"), by and through its counsel of record, hereby objects and responds to Plaintiffs' Second Set of Requests for Production of Documents ("Requests") as follows.

## GENERAL STATEMENTS AND OBJECTIONS

1. Google objects to the Instructions, Definitions, and Requests to the extent that they seek to impose on Google any obligations exceeding or differing from the requirements of the Federal Rules of Civil Procedure, the Local Rules and any orders of the presiding Court, or other applicable law. Google will comply with its obligations under the Rules and the law, which Plaintiffs have no authority to increase or alter.

.2.     Google objects to the Instructions, Definitions, and Requests to the extent that they seek information that was prepared in anticipation of litigation, constitute attorney work product, disclose mental impressions, conclusions, opinions or legal theories of any attorney for or other representative of Google, contain privileged attorney-client communications, or are otherwise protected from disclosure by any other privileges, laws, or rules.  Google shall not produce such material in response to Plaintiffs' Requests.  Any disclosure of such protected or privileged information is inadvertent and shall not be construed as a waiver of any applicable privileges or protections.  Google reserves the right to correct the record with regard to any such inadvertent disclosure.  Communications between and among Google's in-house counsel and outside attorneys, and between Google and its counsel, related to the instant litigation or any government investigation, are clearly subject to attorney-client privilege and/or the work product doctrine and not responsive to discovery regarding the claims at issue, and therefore will not be disclosed on any privilege log.  To the extent that Google withholds documents it understands to be responsive to a particular request on the basis of this General Objection 2, it will do so based only on its specific objections to that particular request.

3.     Google further objects to these Requests to the extent they seek information regarding Google's activities or employees located outside of the United States as overbroad, unduly burdensome and outside the scope of information reasonably calculated to lead to the discovery of admissible evidence.

4.     Google further objects to the extent the Requests seek a complete and exhaustive response or explanation regarding any issue in this litigation, before discovery has been completed.  Any response Google makes to any proper discovery requests by Plaintiffs will remain at all times subject to additional or different information that discovery or further investigation, analysis, or recollection may disclose.  Accordingly, Google will at all times reserve the right to amend or supplement its objections and responses.

5.     Google reserves the right to make any use of, or to introduce at any hearing or trial, information that is responsive to Plaintiffs' requests, but reviewed, discovered, or discovered to be relevant subsequent to Google's responses herein.

2

6.     Google reserves the right to object on any ground at any time to such other or supplemental discovery requests as Plaintiffs may propound involving or relating to the same subject matter of these Requests.

7.     The responses below shall not be construed as an admission as to the relevance or admissibility of any statement or characterization contained in any request. Google reserves all objections, including without limitation objections as to competency, relevance, materiality, privilege, authenticity, or admissibility.

8.     The responses below shall not be construed as an admission of or agreement with any implication, statement, characterization or conclusions implied or stated in any instruction, definition, or request.

9.     The term "will produce" as used in these responses means that, subject to the general and specific objections set forth herein, Google will produce documents of the types or categories described to the extent that such documents exist and are within Google's possession, custody and/or control. Google's statement that it "will produce" documents, or other response to the Requests below, should not be construed as a statement or concession that responsive documents in fact exist.

10.     To the extent that pleadings and/or papers filed or served in this action are responsive to these Requests and without waiving the right to rely on any such documents for any purposes in this action, Google will not separately produce pleadings and/or papers filed or served in this action in response to discovery requests.

11.     Google reserves all of its rights under the Federal Rules of Civil Procedure, and any other applicable law or court rule. Google further reserves the right to make future motions and objections relating to the Requests at any subsequent stage of this action, including, but not limited to, the right to object to the use of any responses, or the subject matter thereof, on any ground (including materiality and relevance) in any proceeding in any action. Google's responses are made based on its understanding and interpretation of each request. Google reserves the right to supplement or amend its objections and responses should Plaintiffs

1    subsequently put forth an interpretation of any request that differs from that being used by

2    Google for these responses.

3        12.    Google's written responses and document productions will be made pursuant to

4    the terms of the Protective Order entered in this matter.  Google's decision, now or in the future,

5    to provide materials in response to the Requests is not and should not be construed as (a) a

6    waiver of Google's general objections or the objections asserted in response to specific Requests,

7    (b) a stipulation that the material is relevant, properly requested, admissible at trial, or that

8    responsive documents exist, or (c) an agreement that requests for similar information will be

9    treated in a similar manner.

10       13.    Google has not completed (a) its investigation of the facts relating to this case, (b)

11   its discovery in this action, or (c) its preparation for trial.  Thus, the following responses are

12   based upon the information known at this time and are given without prejudice to Google's right

13   to supplement its responses with any subsequently discovered or inadvertently omitted

14   information.  These responses do not preclude Google from later relying on facts or documents

15   discovered or generated pursuant to further investigation or discovery which may be conducted

16   after the date of these responses.

17       14.    Google objects to the Instructions, Definitions, and Requests to the extent that

18   they seek documents constituting or containing confidential or proprietary information, trade

19   secrets, intellectual property, or commercially sensitive information.  To the extent that any such

20   documents may be produced, the production will occur only pursuant to the Protective Order

21   entered in this matter and only to the extent Google can do so consistent with its legal,

22   contractual and other confidentiality obligations.

23       15.    Google objects to the Instructions, Definitions, and Requests to the extent that

24   they seek information protected from discovery by any right to privacy or any other applicable

25   privilege, including the right to privacy of third parties, or by Google's obligations under

26   applicable law to protect such confidential information.  To the extent that any such documents

27   may be produced, the production will occur only pursuant to the Protective Order entered in this

28

matter and only to the extent Google can do so consistent with its legal and confidentiality obligations.

16.     Google objects to the Instructions, Definitions, and Requests to the extent they seek documents constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will provide such material in response only to the extent it can do so consistent with its legal obligations.

17.     Google objects to the Instructions, Definitions, and Requests to the extent that they seek documents or information (1) not currently in Google's possession, custody, or control, or (2) that Google cannot locate after a reasonably diligent search. Google also objects to the Instructions, Definitions, and Requests to the extent they seek in any other way to subject Google to unreasonable and undue annoyance, oppression, burden, and expense; and/or seek to impose upon Google an obligation to investigate or discover information or materials from sources equally accessible to Plaintiffs.

18.     Google objects to the Instructions, Definitions, and Requests to the extent they seek information readily available through public sources or records, on the grounds that such Requests unreasonably subject Google to undue burden and expense.

19.     Google objects to the Instructions, Definitions, and Requests as overbroad, unduly burdensome, cumulative and duplicative to the extent that they seek the production of "all" and "any" documents of a specified type or nature. Google also objects to the Instructions, Definitions, and Requests as overbroad, vague and ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence, to the extent that they seek information regarding "any" or "all" persons, entities, objects or events.

20.     Google objects to the Instructions, Definitions, and Requests to the extent they require Google to provide Plaintiffs with direct access to Google's computer systems or hardware.

21.     Google objects to the Instructions, Definitions, and Requests to the extent that they seek to restrict the facts, witnesses, and evidence on which Google may rely on at trial. By responding and objecting to these Requests, Google does not intend to, and does not, limit the

5

evidence on which it may rely to support its contentions and defenses at trial, or to rebut or impeach contentions, assertions, and evidence presented by Plaintiffs. Furthermore, Google reserves the right to supplement or amend its responses and objections.

22.     Google objects to each Request to the extent that it calls for a legal conclusion.

23.     Google objects to the Definitions and Instructions to the extent they purport to enlarge, expand, or alter in any way the plain meaning and scope of any specific term or specific Request on the ground that such enlargement, expansion, or alteration renders the term or Request vague, ambiguous, unintelligible, overbroad, unduly burdensome, and/or uncertain.

24.     Google objects to Definition #9, and to the term "Communications," on the grounds that the definition is overbroad, vague and ambiguous.

25.     Google objects to Definition #14, and to the terms "Document," "copies" and "drafts" used in that definition on the grounds that the definition is overbroad, vague and ambiguous and to the extent it extends beyond the meaning of that term as used in Rule 34 of the Federal Rules of Civil Procedure. Google reserves all rights to assert further objections to this definition and the scope of Plaintiffs' Requests.

26.     Google objects to Definition #15 and to the term "Electronic Media," on the grounds that the definition is overbroad, vague and ambiguous and to the extent it extends beyond the meaning of that term as used in Rule 34 of the Federal Rules of Civil Procedure. Google further objects to the Instructions, Definitions, and Requests to the extent they seek electronically stored information that is not reasonably accessible by Google because of undue burden or cost. Google will provide responsive ESI pursuant to the terms of the Stipulation Regarding Production Format of Electronically Stored Information ("Format Stipulation") in this Action and any additional agreements regarding the scope of preservation and collection of ESI that may be agreed upon by the parties in this matter.

27.     Google objects to Definitions #15 and 16 and to the terms "Electronic Media" and "Electronic messages" used in those definitions to the extent that they purport to seek electronically stored information from sources that are not reasonably accessible because of undue burden or cost, including, without limitation:

1   (a) Voicemail messages;

2   (b) Instant messages;

3   (c) Random access memory;

4   (d) Floppy disks;

5   (e) Zip disks;

6   (f) Bernoulli disks;

7   (g) Magnetic tape;

8   (h) Video and sound recordings, including, without limitation, .wmv, .mpg, .mp3 and
9       .wav files;

10  (i) Information stored in unallocated space in file systems on magnetic media;

11  (j) Information from handsets, mobile devices, and tablets;

12  (k) Instant messaging communications;

13  (l) Information stored on third-party social networking platforms;

14  (m)Dynamic fields of databases or log files that are not retained in the usual course of
15     business;

16  (n) Drafts of documents and/or email messages generated by automated processes
17     ("auto-saves");

18  (o) Backup systems;

19  (p) Legacy systems; and

20  (q) Information created or copied during the routine, good-faith performance of
21     processes for the deployment, maintenance, retirement, and disposition of
22     computer equipment.

23      28.     Google objects to the Definition #17 and to the terms "subsidiary" and "affiliate,"

24  used in that definition on the ground that the definition is overbroad, vague and ambiguous and

25  to the extent it seeks information that is not currently in the possession, custody, or control of

26  Google and/or not reasonably calculated to lead to the discovery of admissible evidence.

27      29.     Google objects to Definition #17, and to the terms "You" and "Your" used in that

28  definition to the extent the definition improperly expands the scope of discovery by seeking

7

information and documents that are not currently in the possession, custody, or control of Google. Google interprets "You" and "Your" to mean Google Inc., and responds on behalf of itself and no other person or entity. Google also objects to this definition to the extent it purports to include Google's outside counsel or any third parties, and to the extent the definition purports to include "agents," "employees," or "anyone acting or purporting to act on their behalf or under their control," because those terms are vague, ambiguous and overbroad. Google's responses are limited to current and former employees of Google, Inc.

30. Google objects to these Requests to the extent they seek information and documents without defining a relevant time period as overbroad as to time, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Google will limit its responses to the time period of April 1, 2004 to March 15, 2011.

31. Google objects to Instruction #1 and to these Requests to the extent they seek "all documents" related to particular subject matter to the extent that this renders them overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Google will interpret Requests seeking "all documents" or "any documents" as seeking those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense.

32. Google objects to Instruction #9 and the Plaintiff's description of the "Relevant Period" to the extent they are overbroad as to time, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Google will limit its responses to the time period of April 1, 2004 to April 9, 2013.

33. Google objects to Instructions #9 and 10 because they are unduly burdensome to the extent they purport to impose duties on Google that exceed the requirements set forth in Rule 26 of the Federal Rules of Civil Procedure; to the extent they request information beyond that necessary to establish Google's claim of privilege; and to the extent they request information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or doctrine.

1     34.    Google objects to Instruction #11 as overbroad and unduly burdensome, as not

2 reasonably calculated to lead to the discovery of admissible evidence, and as seeking to impose

3 obligations beyond those established by the Federal Rules of Civil Procedure.

4     35.    Google further objects to these Requests on the grounds that they are overbroad,

5 and seek information that is neither relevant to any party's claim or defense in this litigation, nor

6 reasonably calculated to lead to the discovery of admissible evidence. To be discoverable,

7 information must be "relevant to any party's claim or defense" and at least "reasonably

8 calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

9     The objections above are incorporated by reference as though fully set forth in each

10 response below. Without waiving any of the foregoing objections, Google responds as follows:

11 **SPECIFIC OBJECTIONS AND RESPONSES**

12 **REQUEST NO. 1:**

13     All Documents in the possession, custody, or control of all individuals identified in

14 Google's Rule 26(a)(1) Initial Disclosures concerning the subject matters of relevant testimony

15 listed for each individual.

16 **RESPONSE TO REQUEST NO. 1:** Google incorporates by reference its general statements

17 stated above and makes the following specific objections to this Request. Google objects to this

18 Request to the extent it seeks information protected by the attorney-client privilege and/or work

19 product doctrine, protected as confidential settlement communications, or otherwise protected

20 from disclosure by any other privileges, laws, or rules. Google further objects to the extent that

21 this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly

22 burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or

23 defense of any party in this action nor reasonably calculated to lead to the discovery of

24 admissible evidence, and (c) fails to describe with reasonable particularity each item or category

25 of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google

26 interprets the phrase "all documents" or phrases of similar import to mean those documents and

27 that information that Google is able to locate using reasonable diligence and judgment and

28 without incurring undue burden and expense. Google further objects to this Request to the extent

9

1   it seeks information protected from discovery by any right to privacy or any other applicable

2   privilege, including the right to privacy of third parties, or by Google's obligations under

3   applicable law or pursuant to contract to protect such confidential information.

4         Subject to the foregoing objections, and without waiving them, Google will produce

5   nonprivileged documents in its possession, custody, or control that may be identified after a

6   reasonable search and diligent inquiry in reasonably accessible sources of information, that are in

7   the possession, custody, or control of the individuals identified in Google's Rule 26(a)(1) Initial

8   Disclosures, as amended, concerning the subject matters of relevant testimony listed for each

9   individual, to the extent that such documents exist in reasonably accessible sources.

10   **REQUEST NO. 2:**

11         All Documents referenced or identified in Google's Rule 26(a)(1) Initial Disclosures.

12   **RESPONSE TO REQUEST NO. 2:**

13         Google incorporates by reference its general statements made above and makes the

14   following specific objections to this Request. Google objects to this Request to the extent it

15   seeks information protected by the attorney-client privilege and/or work product doctrine,

16   protected as confidential settlement communications, or otherwise protected from disclosure by

17   any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

18   "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

19   ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

20   party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

21   (c) fails to describe with reasonable particularity each item or category of items to be inspected

22   and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

23   documents" or phrases of similar import to mean those documents and that information that

24   Google is able to locate using reasonable diligence and judgment and without incurring undue

25   burden and expense. Google further objects to this Request to the extent it seeks information

26   protected from discovery by any right to privacy or any other applicable privilege, including the

27   right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

28   contract to protect such confidential information.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, that are referenced or identified in Google's Rule 26(a)(1) Initial Disclosures, as amended, to the extent that such documents exist in reasonably accessible sources.

**REQUEST NO. 3:**

All Documents concerning the composition, definition, description, characterization, and/or classification of the Display Network including, without limitation, Documents sufficient to identify all Properties belonging to the Display Network.

**RESPONSE TO REQUEST NO. 3:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google further objects to this Request on the grounds that the phrase "Documents sufficient to identify all Properties belonging to the Display Network" is vague, ambiguous, overly broad, unduly burdensome, and subject to multiple

interpretations. Google further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, that are sufficient to identify Properties belonging to the Display Network. Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**REQUEST NO. 4:**

All versions of the website (and associated webpages) located at www.google.com/ads/displaynetwork.

**RESPONSE TO REQUEST NO. 4:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all versions of the website (and associated webpages)" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean

12

those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google. further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information that reflect versions of the website and associated webpages located at www.google.com/ads/displaynetwork, to the extent that such documents exist in reasonably accessible sources.

**REQUEST NO. 5:**

All Documents concerning the composition, definition, description, characterization, and/or classification of the Search Network, including, without limitation, Documents sufficient to identify all Properties belonging to the Search Network.

**RESPONSE TO REQUEST NO. 5:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

1  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

2  (c) fails to describe with reasonable particularity each item or category of items to be inspected

3  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

4  documents" or phrases of similar import to mean those documents and that information that

5  Google is able to locate using reasonable diligence and judgment and without incurring undue

6  burden and expense. Google further objects to this Request to the extent it seeks information

7  protected from discovery by any right to privacy or any other applicable privilege, including the

8  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

9  contract to protect such confidential information. Google further to objects to this Request to the

10  extent it seeks information constituting or containing information protected from disclosure by

11  any statute, rule, or regulation. Google will produce such material or make it available for

12  inspection in response only to the extent it can do so consistent with its legal obligations and/or

13  subject to the Protective Order entered in this action. Google further objects to this Request to

14  the extent that the term "Properties belonging to the search network" is vague and ambiguous

15  and subject to varying interpretations.

16      Subject to the foregoing objections, and without waiving them, Google will produce

17  nonprivileged documents in its possession, custody, or control that may be identified after a

18  reasonable search and diligent inquiry in reasonably accessible sources of information, that are

19  sufficient to identify Properties belonging to the Search Network. Where information within the

20  scope of this agreement to produce resides in a database, Google will confer with Plaintiff

21  regarding the scope and nature of reports to be generated from this database and will produce any

22  reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of

23  Electronically Stored Information for Standard Litigation.

24  **REQUEST NO. 6:**

25      All Documents concerning the definitions of, and/or distinctions between, any category

26  of Ads displayed on Properties owned and/or operated by Mobile Partners including, without

27  limitation: Ads displayed on applications on mobile devices (as described in Exhibit J to the

28

1  Complaint); Ads displayed on mobile devices with full Internet browsers (as described in Exhibit

2  L to the Complaint); and WAP mobile ads (as described in Exhibit L to the Complaint).

3  **RESPONSE TO REQUEST NO. 6:**

4      Google incorporates by reference its general statements made above and makes the

5  following specific objections to this Request. Google objects to this Request to the extent it

6  seeks information protected by the attorney-client privilege and/or work product doctrine,

7  protected as confidential settlement communications, or otherwise protected from disclosure by

8  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

9  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

10  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

11  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

12  (c) fails to describe with reasonable particularity each item or category of items to be inspected

13  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

14  documents" or phrases of similar import to mean those documents and that information that

15  Google is able to locate using reasonable diligence and judgment and without incurring undue

16  burden and expense. Google further objects to this Request to the extent it seeks information

17  protected from discovery by any right to privacy or any other applicable privilege, including the

18  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

19  contract to protect such confidential information. Google further to objects to this Request to the

20  extent it seeks information constituting or containing information protected from disclosure by

21  any statute, rule, or regulation. Google will produce such material or make it available for

22  inspection in response only to the extent it can do so consistent with its legal obligations and/or

23  subject to the Protective Order entered in this action.

24      Subject to the foregoing objections, and without waiving them, Google will produce

25  nonprivileged documents in its possession, custody, or control that may be identified after a

26  reasonable search and diligent inquiry in reasonably accessible sources of information, that

27  concern the definitions of or distinctions between categories of Ads displayed on Properties

28  owned and/or operated by Mobile Partners, to the extent that such documents exist in reasonably

1  accessible sources. Where information within the scope of this agreement to produce resides in a

2  database, Google will confer with Plaintiff regarding the scope and nature of reports to be

3  generated from this database and will produce any reports so generated in the manner

4  contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information

5  for Standard Litigation.

6  **REQUEST NO. 7:**

7      All Documents concerning Smart Pricing, Smart Pricing Discounts, and Smart Pricing

8  Data. For example, this Request includes Documents concerning: the purpose of Smart Pricing;

9  the function (including source code) of Smart Pricing; and Google's method(s) for determining,

10 calculating, and/or recording Smart Pricing Discounts and Smart Pricing Data.

11 **RESPONSE TO REQUEST NO. 7:**

12     Google incorporates by reference its general statements made above and makes the

13 following specific objections to this Request. Google objects to this Request to the extent it

14 seeks information protected by the attorney-client privilege and/or work product doctrine,

15 protected as confidential settlement communications, or otherwise protected from disclosure by

16 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

17 "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

18 ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

19 party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

20 (c) fails to describe with reasonable particularity each item or category of items to be inspected

21 and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

22 documents" or phrases of similar import to mean those documents and that information that

23 Google is able to locate using reasonable diligence and judgment and without incurring undue

24 burden and expense. Google further objects to this Request to the extent it seeks information

25 protected from discovery by any right to privacy or any other applicable privilege, including the

26 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

27 contract to protect such confidential information. Google further to objects to this Request to the

28 extent it seeks information constituting or containing information protected from disclosure by

16

1  any statute, rule, or regulation.  Google will produce such material or make it available for
2  inspection in response only to the extent it can do so consistent with its legal obligations and/or
3  subject to the Protective Order entered in this action.

4        Subject to the foregoing objections, and without waiving them, Google will produce
5  nonprivileged documents in its possession, custody, or control that may be identified after a
6  reasonable search and diligent inquiry in reasonably accessible sources of information that show
7  the characteristics of Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data to the
8  extent that such documents exist in reasonably accessible sources.  Where information within the
9  scope of this agreement to produce resides in a database, Google will confer with Plaintiff
10 regarding the scope and nature of reports to be generated from this database and will produce any
11 reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of
12 Electronically Stored Information for Standard Litigation.

13 **REQUEST NO. 8:**

14       All Documents concerning the "proprietary algorithm" referenced by Google in
15 Paragraph 37 of its Answer, including the "proprietary algorithm" itself.

16 **RESPONSE TO REQUEST NO. 8:**

17       Google incorporates by reference its general statements made above and makes the
18 following specific objections to this Request.  Google objects to this Request to the extent it
19 seeks information protected by the attorney-client privilege and/or work product doctrine,
20 protected as confidential settlement communications, or otherwise protected from disclosure by
21 any other privileges, laws, or rules.  Google further objects to this Request to the extent it seeks
22 information protected from discovery by any right to privacy or any other applicable privilege,
23 including the right to privacy of third parties, or by Google's obligations under applicable law or
24 pursuant to contract to protect such confidential information.  Google further to objects to this
25 Request to the extent it seeks information constituting or containing information protected from
26 disclosure by any statute, rule, or regulation.  Google will produce such material or make it
27 available for inspection in response only to the extent it can do so consistent with its legal
28 obligations and/or subject to the Protective Order entered in this action.

17

1      Subject to the foregoing objections, and without waiving them, Google will meet and
2  confer with Plaintiff regarding whether, at an appropriate stage in this Action, it may make
3  available for inspection, subject to the terms of the Protective Order in this action as they apply
4  to source code, nonprivileged documents in its possession, custody, or control that may be
5  identified after a reasonable search and diligent inquiry in reasonably accessible sources of
6  information that relate to the "proprietary algorithm" referenced in Paragraph 37 of its Answer.

7  **REQUEST NO. 9:**

8      All Documents concerning the purposes and/or roles of ClickCostMultipliers, the
9  CanApplyClickCostMultiplier, and Conversion Scores.

10  **RESPONSE TO REQUEST NO. 9:**

11      Google incorporates by reference its general statements made above and makes the
12  following specific objections to this Request. Google objects to this Request to the extent it
13  seeks information protected by the attorney-client privilege and/or work product doctrine,
14  protected as confidential settlement communications, or otherwise protected from disclosure by
15  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks
16  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,
17  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any
18  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and
19  (c) fails to describe with reasonable particularity each item or category of items to be inspected
20  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all
21  documents" or phrases of similar import to mean those documents and that information that
22  Google is able to locate using reasonable diligence and judgment and without incurring undue
23  burden and expense. Google further objects to this Request to the extent it seeks information
24  protected from discovery by any right to privacy or any other applicable privilege, including the
25  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
26  contract to protect such confidential information. Google further to objects to this Request to the
27  extent it seeks information constituting or containing information protected from disclosure by
28  any statute, rule, or regulation. Google will produce such material or make it available for

18

1  inspection in response only to the extent it can do so consistent with its legal obligations and/or

2  subject to the Protective Order entered in this action.

3      Subject to the foregoing objections, and without waiving them, Google will produce

4  nonprivileged documents in its possession, custody, or control that may be identified after a

5  reasonable search and diligent inquiry in reasonably accessible sources of information, that relate

6  to the purposes and/or roles of ClickCostMultipliers, the CanApplyClickCostMultiplier, and

7  Conversion Scores, to the extent that such documents exist in reasonably accessible sources.

8  Where information within the scope of this agreement to produce resides in a database, Google

9  will confer with Plaintiff regarding the scope and nature of reports to be generated from this

10  database and will produce any reports so generated in the manner contemplated in the parties'

11  Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

12  **REQUEST NO. 10:**

13      All Documents concerning any studies, reports, and/or analyses related to Smart Pricing,

14  Smart Pricing Discounts, and Smart Pricing Data.

15  **RESPONSE TO REQUEST NO. 10:**

16      Google incorporates by reference its general statements made above and makes the

17  following specific objections to this Request.  Google objects to this Request to the extent it

18  seeks information protected by the attorney-client privilege and/or work product doctrine,

19  protected as confidential settlement communications, or otherwise protected from disclosure by

20  any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks

21  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

22  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

23  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

24  (c) fails to describe with reasonable particularity each item or category of items to be inspected

25  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A).  Google interprets the phrase "all

26  documents" or phrases of similar import to mean those documents and that information that

27  Google is able to locate using reasonable diligence and judgment and without incurring undue

28  burden and expense.  Google further objects to this Request to the extent it seeks information

19

1 protected from discovery by any right to privacy or any other applicable privilege, including the
2 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
3 contract to protect such confidential information. Google further to objects to this Request to the
4 extent it seeks information constituting or containing information protected from disclosure by
5 any statute, rule, or regulation. Google will produce such material or make it available for
6 inspection in response only to the extent it can do so consistent with its legal obligations and/or
7 subject to the Protective Order entered in this action.

8 Subject to the foregoing objections, and without waiving them, Google will produce
9 nonprivileged documents in its possession, custody, or control that may be identified after a
10 reasonable search and diligent inquiry in reasonably accessible sources of information, that
11 comprise studies, reports, and/or analyses related to Smart Pricing, Smart Pricing Discounts, and
12 Smart Pricing Data, to the extent that such documents exist in reasonably accessible sources.
13 Where information within the scope of this agreement to produce resides in a database, Google
14 will confer with Plaintiff regarding the scope and nature of reports to be generated from this
15 database and will produce any reports so generated in the manner contemplated in the parties'
16 Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

17 **REQUEST NO. 11:**

18 All Documents concerning Communications related to Smart Pricing, Smart Pricing
19 Discounts, and Smart Pricing Data. For example, this Request includes Communications
20 concerning: the purpose of Smart Pricing; the application of Smart Pricing Discounts to clicks
21 from particular Properties, Partners, and/or categories of Properties; and Google's method(s) for
22 determining, calculating, and/or recording Smart Pricing Discounts and Smart Pricing Data.

23 **RESPONSE TO REQUEST NO. 11:**

24 Google incorporates by reference its general statements made above and makes the
25 following specific objections to this Request. Google objects to this Request to the extent it
26 seeks information protected by the attorney-client privilege and/or work product doctrine,
27 protected as confidential settlement communications, or otherwise protected from disclosure by
28 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

20

"all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, that relate to studies, reports, and/or analyses related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data, to the extent that such documents exist in reasonably accessible sources. Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**REQUEST NO. 12:**

All Documents concerning Google's policies, practices, decisions, guidelines, procedures, or standards regarding the application of Smart Pricing and/or Smart Pricing Discounts to clicks on Ads. For example, this Request includes Google's methods for

21

1  determining: whether to apply a Smart Pricing Discount to a particular click, Partner, and/or

2  Property; and Google's method(s) for determining and/or calculating Smart Pricing Discounts

3  and Smart Pricing Data.

4  **RESPONSE TO REQUEST NO. 12:**

5      Google incorporates by reference its general statements made above and makes the

6  following specific objections to this Request.  Google objects to this Request to the extent it

7  seeks information protected by the attorney-client privilege and/or work product doctrine,

8  protected as confidential settlement communications, or otherwise protected from disclosure by

9  any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks

10  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

11  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

12  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

13  (c) fails to describe with reasonable particularity each item or category of items to be inspected

14  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A).  Google interprets the phrase "all

15  documents" or phrases of similar import to mean those documents and that information that

16  Google is able to locate using reasonable diligence and judgment and without incurring undue

17  burden and expense.  Google further objects to this Request to the extent it seeks information

18  protected from discovery by any right to privacy or any other applicable privilege, including the

19  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

20  contract to protect such confidential information.  Google further to objects to this Request to the

21  extent it seeks information constituting or containing information protected from disclosure by

22  any statute, rule, or regulation.  Google will produce such material or make it available for

23  inspection in response only to the extent it can do so consistent with its legal obligations and/or

24  subject to the Protective Order entered in this action.

25      Subject to the foregoing objections, and without waiving them, Google will produce

26  nonprivileged documents in its possession, custody, or control that may be identified after a

27  reasonable search and diligent inquiry in reasonably accessible sources of information, that relate

28  to Google's policies, practices, decisions, guidelines, procedures, or standards regarding the

1 application of Smart Pricing and/or Smart Pricing Discounts to clicks on Ads, to the extent that
2 such documents exist in reasonably accessible sources. Where information within the scope of
3 this agreement to produce resides in a database, Google will confer with Plaintiff regarding the
4 scope and nature of reports to be generated from this database and will produce any reports so
5 generated in the manner contemplated in the parties' Stipulated Order re: Discovery of
6 Electronically Stored Information for Standard Litigation.

7 **REQUEST NO. 13:**

8     All Documents concerning Smart Pricing published by Google including, without
9 limitation, Documents published on the AdWords Help Center, the AdWords Website, and any
10 Documents linked thereto.

11 **RESPONSE TO REQUEST NO. 13:**

12     Google incorporates by reference its general statements made above and makes the
13 following specific objections to this Request. Google objects to this Request to the extent it
14 seeks information protected by the attorney-client privilege and/or work product doctrine,
15 protected as confidential settlement communications, or otherwise protected from disclosure by
16 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks
17 "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,
18 ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any
19 party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and
20 (c) fails to describe with reasonable particularity each item or category of items to be inspected
21 and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all
22 documents" or phrases of similar import to mean those documents and that information that
23 Google is able to locate using reasonable diligence and judgment and without incurring undue
24 burden and expense. Google further objects to this Request to the extent it seeks information
25 protected from discovery by any right to privacy or any other applicable privilege, including the
26 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
27 contract to protect such confidential information. Google further to objects to this Request to the
28 extent it seeks information constituting or containing information protected from disclosure by

1  any statute, rule, or regulation.  Google will produce such material or make it available for

2  inspection in response only to the extent it can do so consistent with its legal obligations and/or

3  subject to the Protective Order entered in this action.

4       Subject to the foregoing objections, and without waiving them, Google will produce

5  nonprivileged documents in its possession, custody, or control that may be identified after a

6  reasonable search and diligent inquiry in reasonably accessible sources of information,

7  comprising documents concerning Smart Pricing published by Google, to the extent that such

8  documents exist in reasonably accessible sources.

9  **REQUEST NO. 14:**

10      All Documents concerning Communications related to the Documents requested in

11  Request for Production No. 13.

12  **RESPONSE TO REQUEST NO. 14:**

13      Google incorporates by reference its general statements made above and makes the

14  following specific objections to this Request.  Google objects to this Request to the extent it

15  seeks information protected by the attorney-client privilege and/or work product doctrine,

16  protected as confidential settlement communications, or otherwise protected from disclosure by

17  any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks

18  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

19  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

20  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

21  (c) fails to describe with reasonable particularity each item or category of items to be inspected

22  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A).  Google interprets the phrase "all

23  documents" or phrases of similar import to mean those documents and that information that

24  Google is able to locate using reasonable diligence and judgment and without incurring undue

25  burden and expense.  Google further objects to this Request to the extent it seeks information

26  protected from discovery by any right to privacy or any other applicable privilege, including the

27  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

28  contract to protect such confidential information.  Google further to objects to this Request to the

extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, comprising communications about documents concerning Smart Pricing published by Google, to the extent that such documents exist in reasonably accessible sources.

**REQUEST NO. 15:**

All Documents reflecting, discussing, describing, and/or referencing in any manner Google's "measurements for the applicable Program" as that phrase is used in paragraph 7 of Exhibit A to the Complaint.

**RESPONSE TO REQUEST NO. 15:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request on the grounds and to the extent that it is duplicative of other Requests. Google further objects to this Request to the extent it seeks

1  information protected from discovery by any right to privacy or any other applicable privilege,

2  including the right to privacy of third parties, or by Google's obligations under applicable law or

3  pursuant to contract to protect such confidential information. Google further to objects to this

4  Request to the extent it seeks information constituting or containing information protected from

5  disclosure by any statute, rule, or regulation. Google will produce such material or make it

6  available for inspection in response only to the extent it can do so consistent with its legal

7  obligations and/or subject to the Protective Order entered in this action.

8      Subject to the foregoing objections, and without waiving them, Google will produce

9  nonprivileged documents in its possession, custody, or control that may be identified after a

10  reasonable search and diligent inquiry in reasonably accessible sources of information, that

11  reflect, discuss, describe, and/or reference in any manner Google's "measurements for the

12  applicable Program" as that phrase is used in paragraph 7 of Exhibit A to the Complaint..

13  **REQUEST NO. 16:**

14      All drafts of Exhibits B–G, I–J, and L, all Communications concerning Exhibits B–G, I–

15  J, and L, and all versions of Exhibits B–G, I–J, and L published by Google.

16  **RESPONSE TO REQUEST NO. 16:**

17      Google incorporates by reference its general statements made above and makes the

18  following specific objections to this Request. Google objects to this Request to the extent it

19  seeks information protected by the attorney-client privilege and/or work product doctrine,

20  protected as confidential settlement communications, or otherwise protected from disclosure by

21  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

22  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

23  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

24  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

25  (c) fails to describe with reasonable particularity each item or category of items to be inspected

26  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

27  documents" or phrases of similar import to mean those documents and that information that

28  Google is able to locate using reasonable diligence and judgment and without incurring undue

burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, that comprise versions of exhibits B-G, I-J, and L, to the extent that such documents exist in reasonably accessible sources.

**REQUEST NO. 17:**

All Documents concerning all agreements with Special Partners related to delivering Ads for display on Properties owned and/or operated by Special Partners.

**RESPONSE TO REQUEST NO. 17:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that

1 Google is able to locate using reasonable diligence and judgment and without incurring undue
2 burden and expense.  Google further objects to this Request to the extent it seeks information
3 protected from discovery by any right to privacy or any other applicable privilege, including the
4 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
5 contract to protect such confidential information.  Google further to objects to this Request to the
6 extent it seeks information constituting or containing information protected from disclosure by
7 any statute, rule, or regulation.  Google will produce such material or make it available for
8 inspection in response only to the extent it can do so consistent with its legal obligations and/or
9 subject to the Protective Order entered in this action.

10 Subject to the foregoing objections, and without waiving them, Google will produce
11 nonprivileged documents in its possession, custody, or control that may be identified after a
12 reasonable search and diligent inquiry in reasonably accessible sources of information, that relate
13 to agreements with Special Partners related to delivering Ads for display on Properties owned
14 and/or operated by Special Partners, to the extent that such documents exist in reasonably
15 accessible sources.  Where information within the scope of this agreement to produce resides in a
16 database, Google will confer with Plaintiff regarding the scope and nature of reports to be
17 generated from this database and will produce any reports so generated in the manner
18 contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information
19 for Standard Litigation.

20 **REQUEST NO. 18:**

21 All Documents concerning Google's Communications with Special Partners related to
22 Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

23 **RESPONSE TO REQUEST NO. 18:**

24 Google incorporates by reference its general statements made above and makes the
25 following specific objections to this Request.  Google objects to this Request to the extent it
26 seeks information protected by the attorney-client privilege and/or work product doctrine,
27 protected as confidential settlement communications, or otherwise protected from disclosure by
28 any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks

28

"all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, that relate to communications with Special Partners related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data, to the extent that such documents exist in reasonably accessible sources. Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**REQUEST NO. 19:**

All Documents concerning all agreements with Mobile Partners related to delivering Ads for display on Properties owned and/or operated by Mobile Partners.

**RESPONSE TO REQUEST NO. 19:**

2      Google incorporates by reference its general statements made above and makes the

3  following specific objections to this Request.  Google objects to this Request to the extent it

4  seeks information protected by the attorney-client privilege and/or work product doctrine,

5  protected as confidential settlement communications, or otherwise protected from disclosure by

6  any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks

7  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

8  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

9  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

10  (c) fails to describe with reasonable particularity each item or category of items to be inspected

11  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A).  Google interprets the phrase "all

12  documents" or phrases of similar import to mean those documents and that information that

13  Google is able to locate using reasonable diligence and judgment and without incurring undue

14  burden and expense.  Google further objects to this Request to the extent it seeks information

15  protected from discovery by any right to privacy or any other applicable privilege, including the

16  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

17  contract to protect such confidential information.  Google further to objects to this Request to the

18  extent it seeks information constituting or containing information protected from disclosure by

19  any statute, rule, or regulation.  Google will produce such material or make it available for

20  inspection in response only to the extent it can do so consistent with its legal obligations and/or

21  subject to the Protective Order entered in this action.

22      Subject to the foregoing objections, and without waiving them, Google will produce

23  nonprivileged documents in its possession, custody, or control that may be identified after a

24  reasonable search and diligent inquiry in reasonably accessible sources of information, that relate

25  to agreements with Mobile Partners related to delivering Ads for display on Properties owned

26  and/or operated by Mobile Partners, to the extent that such documents exist in reasonably

27  accessible sources.  Where information within the scope of this agreement to produce resides in a

28  database, Google will confer with Plaintiff regarding the scope and nature of reports to be

1   generated from this database and will produce any reports so generated in the manner

2   contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information

3   for Standard Litigation.

4   **REQUEST NO. 20:**

5       All Documents concerning Google's Communications with Mobile Partners related to

6   Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

7   **RESPONSE TO REQUEST NO. 20:**

8       Google incorporates by reference its general statements made above and makes the

9   following specific objections to this Request. Google objects to this Request to the extent it

10  seeks information protected by the attorney-client privilege and/or work product doctrine,

11  protected as confidential settlement communications, or otherwise protected from disclosure by

12  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

13  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

14  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

15  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

16  (c) fails to describe with reasonable particularity each item or category of items to be inspected

17  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

18  documents" or phrases of similar import to mean those documents and that information that

19  Google is able to locate using reasonable diligence and judgment and without incurring undue

20  burden and expense. Google further objects to this Request to the extent it seeks information

21  protected from discovery by any right to privacy or any other applicable privilege, including the

22  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

23  contract to protect such confidential information. Google further to objects to this Request to the

24  extent it seeks information constituting or containing information protected from disclosure by

25  any statute, rule, or regulation. Google will produce such material or make it available for

26  inspection in response only to the extent it can do so consistent with its legal obligations and/or

27  subject to the Protective Order entered in this action.

28

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, that relate to communications with Mobile Partners related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data, to the extent that such documents exist in reasonably accessible sources. . Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**REQUEST NO. 21:**

All Documents concerning Google's Communications with Partners (other than Mobile Partners and Special Partners) related to Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data.

**RESPONSE TO REQUEST NO. 21:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the

1  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

2  contract to protect such confidential information. Google further to objects to this Request to the

3  extent it seeks information constituting or containing information protected from disclosure by

4  any statute, rule, or regulation. Google will produce such material or make it available for

5  inspection in response only to the extent it can do so consistent with its legal obligations and/or

6  subject to the Protective Order entered in this action.

7  Subject to the foregoing objections, and without waiving them, Google will produce

8  nonprivileged documents in its possession, custody, or control that may be identified after a

9  reasonable search and diligent inquiry in reasonably accessible sources of information, that relate

10  to communications with Partners (other than Mobile Partners and Special Partners) related to

11  Smart Pricing, Smart Pricing Discounts, and Smart Pricing Data, to the extent that such

12  documents exist in reasonably accessible sources. Where information within the scope of this

13  agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope

14  and nature of reports to be generated from this database and will produce any reports so

15  generated in the manner contemplated in the parties' Stipulated Order re: Discovery of

16  Electronically Stored Information for Standard Litigation.

17  **REQUEST NO. 22:**

18  All Documents identifying all Smart Pricing Data associated with every Property in the

19  Display Network.

20  **RESPONSE TO REQUEST NO. 22:**

21  Google incorporates by reference its general statements made above and makes the

22  following specific objections to this Request. Google objects to this Request to the extent it

23  seeks information protected by the attorney-client privilege and/or work product doctrine,

24  protected as confidential settlement communications, or otherwise protected from disclosure by

25  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

26  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

27  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

28  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

1  (c) fails to describe with reasonable particularity each item or category of items to be inspected
2  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all
3  documents" or phrases of similar import to mean those documents and that information that
4  Google is able to locate using reasonable diligence and judgment and without incurring undue
5  burden and expense. Google further objects to this Request to the extent it seeks information
6  protected from discovery by any right to privacy or any other applicable privilege, including the
7  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
8  contract to protect such confidential information. Google further to objects to this Request to the
9  extent it seeks information constituting or containing information protected from disclosure by
10  any statute, rule, or regulation. Google will produce such material or make it available for
11  inspection in response only to the extent it can do so consistent with its legal obligations and/or
12  subject to the Protective Order entered in this action.

13      Subject to the foregoing objections, and without waiving them, Google will produce
14  nonprivileged documents in its possession, custody, or control that may be identified after a
15  reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient
16  to identify transactions associated with properties on the Google Display Network that have been
17  subject to Smart Pricing, to the extent that such documents exist in reasonably accessible
18  sources. Where information within the scope of this agreement to produce resides in a database,
19  Google will confer with Plaintiff regarding the scope and nature of reports to be generated from
20  this database and will produce any reports so generated in the manner contemplated in the
21  parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard
22  Litigation.

23  **REQUEST NO. 23:**

24      All Documents identifying all clicks where Google did not apply a Smart Pricing
25  Discount for any reason including, without limitation, Documents identifying: all Smart Pricing
26  Data for each click; the AdWords Advertiser who paid for each click; the AdWords Advertiser's
27  bid amount for the click; the price the AdWords Advertiser paid for the click; the complete
28  uniform resource locator (URL) of the Property from which the click originated; the Partner

1 owning and/or operating that Property; whether that Property was a Search Network or a Display

2 Network Property; and whether the click resulted in a conversion.

3 **RESPONSE TO REQUEST NO. 23:**

4   Google incorporates by reference its general statements made above and makes the

5 following specific objections to this Request. Google objects to this Request to the extent it

6 seeks information protected by the attorney-client privilege and/or work product doctrine,

7 protected as confidential settlement communications, or otherwise protected from disclosure by

8 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

9 "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

10 ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

11 party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

12 (c) fails to describe with reasonable particularity each item or category of items to be inspected

13 and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

14 documents" or phrases of similar import to mean those documents and that information that

15 Google is able to locate using reasonable diligence and judgment and without incurring undue

16 burden and expense. Google further objects to this Request to the extent it seeks information

17 protected from discovery by any right to privacy or any other applicable privilege, including the

18 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

19 contract to protect such confidential information. Google further to objects to this Request to the

20 extent it seeks information constituting or containing information protected from disclosure by

21 any statute, rule, or regulation. Google will produce such material or make it available for

22 inspection in response only to the extent it can do so consistent with its legal obligations and/or

23 subject to the Protective Order entered in this action.

24   Subject to the foregoing objections, and without waiving them, Google will produce

25 nonprivileged documents in its possession, custody, or control that may be identified after a

26 reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient

27 to identify transactions associated with properties on the Google Display Network that have not

28 been subject to Smart Pricing, to the extent that such documents exist in reasonably accessible

1 sources. Where information within the scope of this agreement to produce resides in a database,
2 Google will confer with Plaintiff regarding the scope and nature of reports to be generated from
3 this database and will produce any reports so generated in the manner contemplated in the
4 parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard
5 Litigation.

6 **REQUEST NO. 24:**

7     All Documents identifying Properties, which have or have had the value "False" (or any
8 other value indicating a Smart Pricing Discount shall not apply) for the
9 CanApplyClickCostMultiplier including, without limitation, Documents identifying: all Smart
10 Pricing Data for any click occurring while such variable equaled "False" (or any other value
11 indicating a Smart Pricing Discount shall not apply); whether that Property has ever had the
12 value "True" (or any other value indicating a Smart Pricing Discount shall apply) for the
13 CanApplyClickCostMultiplier variable; the period of time, if any, for which the
14 CanApplyClickCostMultiplier variable equaled True or False, respectively; the complete
15 uniform resource locator (URL) of the Property from which the click originated; the Partner
16 owning and/or operating that Property; and whether that Property was a Search Network or
17 Display Network Property.

18 **RESPONSE TO REQUEST NO. 24:**

19     Google incorporates by reference its general statements made above and makes the
20 following specific objections to this Request. Google objects to this Request to the extent it
21 seeks information protected by the attorney-client privilege and/or work product doctrine,
22 protected as confidential settlement communications, or otherwise protected from disclosure by
23 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks
24 "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,
25 ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any
26 party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and
27 (c) fails to describe with reasonable particularity each item or category of items to be inspected
28 and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

1  documents" or phrases of similar import to mean those documents and that information that

2  Google is able to locate using reasonable diligence and judgment and without incurring undue

3  burden and expense. Google further objects to this Request to the extent it seeks information

4  protected from discovery by any right to privacy or any other applicable privilege, including the

5  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

6  contract to protect such confidential information. Google further to objects to this Request to the

7  extent it seeks information constituting or containing information protected from disclosure by

8  any statute, rule, or regulation. Google will produce such material or make it available for

9  inspection in response only to the extent it can do so consistent with its legal obligations and/or

10 subject to the Protective Order entered in this action.

11        Subject to the foregoing objections, and without waiving them, Google will produce

12 nonprivileged documents in its possession, custody, or control that may be identified after a

13 reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient

14 to identify properties, which have or have had the value "False" (or any other value indicating a

15 Smart Pricing Discount shall not apply) for the CanApplyClickCostMultiplier, to the extent that

16 such documents exist in reasonably accessible sources. Where information within the scope of

17 this agreement to produce resides in a database, Google will confer with Plaintiff regarding the

18 scope and nature of reports to be generated from this database and will produce any reports so

19 generated in the manner contemplated in the parties' Stipulated Order re: Discovery of

20 Electronically Stored Information for Standard Litigation.

21 **REQUEST NO. 25:** .

22        All Documents identifying all AdWords Advertisers who paid for a click on the Display

23 Network where Google did not apply a Smart Pricing Discount for any reason including, without

24 limitation, Documents identifying: the number of clicks each such advertiser paid for where

25 Google did not apply a Smart Pricing Discount; the amount spent by each advertiser on each

26 such click; and the Smart Pricing Discount, Conversion Score, and ClickCostMultiplier that

27 would have applied at the time of each click.

28

**RESPONSE TO REQUEST NO. 25:**

2       Google incorporates by reference its general statements made above and makes the

3   following specific objections to this Request.  Google objects to this Request to the extent it

4   seeks information protected by the attorney-client privilege and/or work product doctrine,

5   protected as confidential settlement communications, or otherwise protected from disclosure by

6   any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks

7   "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

8   ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

9   party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

10  (c) fails to describe with reasonable particularity each item or category of items to be inspected

11  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A).  Google interprets the phrase "all

12  documents" or phrases of similar import to mean those documents and that information that

13  Google is able to locate using reasonable diligence and judgment and without incurring undue

14  burden and expense.  Google further objects to this Request to the extent it seeks information

15  protected from discovery by any right to privacy or any other applicable privilege, including the

16  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

17  contract to protect such confidential information.  Google further to objects to this Request to the

18  extent it seeks information constituting or containing information protected from disclosure by

19  any statute, rule, or regulation.  Google will produce such material or make it available for

20  inspection in response only to the extent it can do so consistent with its legal obligations and/or

21  subject to the Protective Order entered in this action.

22      Subject to the foregoing objections, and without waiving them, Google will produce

23  nonprivileged documents in its possession, custody, or control that may be identified after a

24  reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient

25  to identify advertisers who paid for a click on the Display Network where Google did not apply a

26  Smart Pricing Discount, to the extent that such documents exist in reasonably accessible sources.

27  Where information within the scope of this agreement to produce resides in a database, Google

28  will confer with Plaintiff regarding the scope and nature of reports to be generated from this

1  database and will produce any reports so generated in the manner contemplated in the parties'
2  Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

3  **REQUEST NO. 26:**

4      All Documents concerning the fees, revenues and/or other amounts charged and earned,
5  if different, by Google for clicks originating from the Display Network for which no Smart
6  Pricing Discount was applied.

7  **RESPONSE TO REQUEST NO. 26:**

8      Google incorporates by reference its general statements made above and makes the
9  following specific objections to this Request.  Google objects to this Request to the extent it
10  seeks information protected by the attorney-client privilege and/or work product doctrine,
11  protected as confidential settlement communications, or otherwise protected from disclosure by
12  any other privileges, laws, or rules.  Google further objects to the extent that this Request seeks
13  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,
14  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any
15  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and
16  (c) fails to describe with reasonable particularity each item or category of items to be inspected
17  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A).  Google interprets the phrase "all
18  documents" or phrases of similar import to mean those documents and that information that
19  Google is able to locate using reasonable diligence and judgment and without incurring undue
20  burden and expense.  Google further objects to this Request to the extent it seeks information
21  protected from discovery by any right to privacy or any other applicable privilege, including the
22  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
23  contract to protect such confidential information.  Google further to objects to this Request to the
24  extent it seeks information constituting or containing information protected from disclosure by
25  any statute, rule, or regulation.  Google will produce such material or make it available for
26  inspection in response only to the extent it can do so consistent with its legal obligations and/or
27  subject to the Protective Order entered in this action.

28

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient to identify fees, revenues and/or other amounts charged and earned, if different, by Google for clicks originating from the Display Network for which no Smart Pricing Discount was applied, to the extent that such documents exist in reasonably accessible sources. Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**REQUEST NO. 27:**

All Documents concerning the fees, revenues and/or other amounts charged and earned, if different, by Google for clicks originating from the Display Network for which the CanApplyClickCostMultiplier variable equaled "False".

**RESPONSE TO REQUEST NO. 27:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information

40

1  protected from discovery by any right to privacy or any other applicable privilege, including the
2  right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
3  contract to protect such confidential information. Google further to objects to this Request to the
4  extent it seeks information constituting or containing information protected from disclosure by
5  any statute, rule, or regulation. Google will produce such material or make it available for
6  inspection in response only to the extent it can do so consistent with its legal obligations and/or
7  subject to the Protective Order entered in this action.

8  Subject to the foregoing objections, and without waiving them, Google will produce
9  nonprivileged documents in its possession, custody, or control that may be identified after a
10  reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient
11  to identify fees, revenues and/or other amounts charged and earned, if different, by Google for
12  clicks originating from the Display Network for which the CanApplyClickCostMultiplier
13  variable equaled "False," to the extent that such documents exist in reasonably accessible
14  sources. Where information within the scope of this agreement to produce resides in a database,
15  Google will confer with Plaintiff regarding the scope and nature of reports to be generated from
16  this database and will produce any reports so generated in the manner contemplated in the
17  parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard
18  Litigation.

19  **REQUEST NO. 28:**

20  All Documents concerning the fees, revenues and/or other amounts charged and earned
21  by Google for clicks originating from Properties on the Display Network owned and/or operated
22  by Mobile Partners.

23  **RESPONSE TO REQUEST NO. 28:**

24  Google incorporates by reference its general statements made above and makes the
25  following specific objections to this Request. Google objects to this Request to the extent it
26  seeks information protected by the attorney-client privilege and/or work product doctrine,
27  protected as confidential settlement communications, or otherwise protected from disclosure by
28  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

41

1     "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

2     ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

3     party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

4     (c) fails to describe with reasonable particularity each item or category of items to be inspected

5     and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

6     documents" or phrases of similar import to mean those documents and that information that

7     Google is able to locate using reasonable diligence and judgment and without incurring undue

8     burden and expense. Google further objects to this Request to the extent it seeks information

9     protected from discovery by any right to privacy or any other applicable privilege, including the

10     right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

11     contract to protect such confidential information. Google further to objects to this Request to the

12     extent it seeks information constituting or containing information protected from disclosure by

13     any statute, rule, or regulation. Google will produce such material or make it available for

14     inspection in response only to the extent it can do so consistent with its legal obligations and/or

15     subject to the Protective Order entered in this action.

16        Subject to the foregoing objections, and without waiving them, Google will produce

17     nonprivileged documents in its possession, custody, or control that may be identified after a

18     reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient

19     to identify fees, revenues and/or other amounts charged and earned by Google for clicks

20     originating from Properties on the Display Network owned and/or operated by Mobile Partners,

21     to the extent that such documents exist in reasonably accessible sources. Where information

22     within the scope of this agreement to produce resides in a database, Google will confer with

23     Plaintiff regarding the scope and nature of reports to be generated from this database and will

24     produce any reports so generated in the manner contemplated in the parties' Stipulated Order re:

25     Discovery of Electronically Stored Information for Standard Litigation.

26

27

28

**REQUEST NO. 29:**

All Documents concerning the fees, revenues and/or other amounts charged and earned by Google for clicks originating from Properties on the Display Network owned and/or operated by Special Partners.

**RESPONSE TO REQUEST NO. 29:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient

43

to identify the fees, revenues and/or other amounts charged and earned by Google for clicks originating from Properties on the Display Network owned and/or operated by Special Partners, to the extent that such documents exist in reasonably accessible sources. Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

**REQUEST NO. 30:**

All Documents and/or correspondence between Google and AdWords Advertisers concerning Smart Pricing, including, without limitation, documents concerning refunds demanded by AdWords Advertisers related to Smart Pricing and/or complaints related to Smart Pricing.

**RESPONSE TO REQUEST NO. 30:**

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

1  contract to protect such confidential information. Google further to objects to this Request to the

2  extent it seeks information constituting or containing information protected from disclosure by

3  any statute, rule, or regulation. Google will produce such material or make it available for

4  inspection in response only to the extent it can do so consistent with its legal obligations and/or

5  subject to the Protective Order entered in this action.

6  Subject to the foregoing objections, and without waiving them, Google will produce

7  nonprivileged documents in its possession, custody, or control that may be identified after a

8  reasonable search and diligent inquiry in reasonably accessible sources of information

9  concerning Smart Pricing, to the extent that such documents exist in reasonably accessible

10  sources. Where information within the scope of this agreement to produce resides in a database,

11  Google will confer with Plaintiff regarding the scope and nature of reports to be generated from

12  this database and will produce any reports so generated in the manner contemplated in the

13  parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard

14  Litigation.

15  **REQUEST NO. 31:**

16  All Documents produced by Google in connection with the *In re Google AdWords*

17  *Litigation*, No. 5:08-CV-3369-EJD, in the Northern District of California concerning Smart

18  Pricing, Smart Pricing Discounts, and Smart Pricing Data.

19  **RESPONSE TO REQUEST NO. 31:**

20  Google incorporates by reference its general statements made above and makes the

21  following specific objections to this Request. Google objects to this Request to the extent it

22  seeks information protected by the attorney-client privilege and/or work product doctrine,

23  protected as confidential settlement communications, or otherwise protected from disclosure by

24  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

25  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

26  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

27  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

28  (c) fails to describe with reasonable particularity each item or category of items to be inspected

45

1 and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all
2 documents" or phrases of similar import to mean those documents and that information that
3 Google is able to locate using reasonable diligence and judgment and without incurring undue
4 burden and expense. Google further objects to this Request to the extent it seeks information
5 protected from discovery by any right to privacy or any other applicable privilege, including the
6 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
7 contract to protect such confidential information. Google further to objects to this Request to the
8 extent it seeks information constituting or containing information protected from disclosure by
9 any statute, rule, or regulation. Google will produce such material or make it available for
10 inspection in response only to the extent it can do so consistent with its legal obligations and/or
11 subject to the Protective Order entered in this action.
12      Subject to the foregoing objections, and without waiving them, Google is willing to meet
13 and confer with Plaintiff to narrow the scope of information that this Request seeks(a) to address
14 the vagueness and ambiguity created by its language requesting "all documents"; (b) to limit the
15 undue burden imposed by this Request as written; and (c) to limit this request so that it seeks
16 only information that is relevant to a party's claim or defense in this Action. .
17 **REQUEST NO. 32:**
18     All Documents relied upon and/or cited by Dr. Randolph Bucklin in preparation of
19 GOOG00000101 – 165 and GOOG00000166 – 260, including, without limitation, the deposition
20 transcripts of Courtney Bowman and Hal Varian referenced by Dr. Bucklin.
21 **RESPONSE TO REQUEST NO. 32:**
22     Google incorporates by reference its general statements made above and makes the
23 following specific objections to this Request. Google objects to this Request to the extent it
24 seeks information protected by the attorney-client privilege and/or work product doctrine,
25 protected as confidential settlement communications, or otherwise protected from disclosure by
26 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks
27 "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,
28 ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

46

1   party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

2   (c) fails to describe with reasonable particularity each item or category of items to be inspected

3   and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

4   documents" or phrases of similar import to mean those documents and that information that

5   Google is able to locate using reasonable diligence and judgment and without incurring undue

6   burden and expense. Google further objects to this Request to the extent it seeks information

7   protected from discovery by any right to privacy or any other applicable privilege, including the

8   right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

9   contract to protect such confidential information. Google further to objects to this Request to the

10  extent it seeks information constituting or containing information protected from disclosure by

11  any statute, rule, or regulation. Google will produce such material or make it available for

12  inspection in response only to the extent it can do so consistent with its legal obligations and/or

13  subject to the Protective Order entered in this action.

14      Subject to the foregoing objections, and without waiving them, Google is willing to meet

15  and confer with Plaintiff to narrow the scope of information that this Request seeks(a) to address

16  the vagueness and ambiguity created by its language requesting "all documents"; (b) to limit the

17  undue burden imposed by this Request as written; and (c) to limit this request so that it seeks

18  only information that is relevant to a party's claim or defense in this Action..

19  **REQUEST NO. 33:**

20      Un-redacted copies of all Documents (including any exhibits or attachments) filed in *the*

21  *In re Google AdWords Litigation*, No. 5:08-CV-3369-EJD, in the Northern District of California.

22  **RESPONSE TO REQUEST NO. 33:**

23      Google incorporates by reference its general statements made above and makes the

24  following specific objections to this Request. Google objects to this Request to the extent it

25  seeks information protected by the attorney-client privilege and/or work product doctrine,

26  protected as confidential settlement communications, or otherwise protected from disclosure by

27  any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

28  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

47

1   ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

2   party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

3   (c) fails to describe with reasonable particularity each item or category of items to be inspected

4   and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

5   documents" or phrases of similar import to mean those documents and that information that

6   Google is able to locate using reasonable diligence and judgment and without incurring undue

7   burden and expense. Google further objects to this Request to the extent it seeks information

8   protected from discovery by any right to privacy or any other applicable privilege, including the

9   right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

10   contract to protect such confidential information. Google further to objects to this Request to the

11   extent it seeks information constituting or containing information protected from disclosure by

12   any statute, rule, or regulation. Google will produce such material or make it available for

13   inspection in response only to the extent it can do so consistent with its legal obligations and/or

14   subject to the Protective Order entered in this action.

15       Subject to the foregoing objections, and without waiving them, Google is willing to meet

16   and confer with Plaintiff to narrow the scope of information that this Request seeks(a) to address

17   the vagueness and ambiguity created by its language requesting "all documents"; (b) to limit the

18   undue burden imposed by this Request as written; and (c) to limit this request so that it seeks

19   only information that is relevant to a party's claim or defense in this Action.

20   **REQUEST NO. 34:**

21       All Documents concerning the "go/ip-history" database referred to in GOOG00004720,

22   including, without limitation, such database.

23   **RESPONSE TO REQUEST NO. 34:**

24       Google incorporates by reference its general statements made above and makes the

25   following specific objections to this Request. Google objects to this Request to the extent it

26   seeks information protected by the attorney-client privilege and/or work product doctrine,

27   protected as confidential settlement communications, or otherwise protected from disclosure by

28   any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

1  "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,
2  ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any
3  party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and
4  (c) fails to describe with reasonable particularity each item or category of items to be inspected
5  and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all
6  documents" or phrases of similar import to mean those documents and that information that
7  Google is able to locate using reasonable diligence and judgment and without incurring undue
8  burden and expense. Google further objects to this Request to the extent it seeks information
9  protected from discovery by any right to privacy or any other applicable privilege, including the
10 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
11 contract to protect such confidential information. Google further to objects to this Request to the
12 extent it seeks information constituting or containing information protected from disclosure by
13 any statute, rule, or regulation. Google will produce such material or make it available for
14 inspection in response only to the extent it can do so consistent with its legal obligations and/or
15 subject to the Protective Order entered in this action.

16      Subject to the foregoing objections, and without waiving them, Google will produce
17 nonprivileged documents in its possession, custody, or control that may be identified after a
18 reasonable search and diligent inquiry in reasonably accessible sources of information, sufficient
19 to identify the IP addresses associated with particular, identified, relevant geographic locations in
20 reasonably accessible geolocation databases. Where information within the scope of this
21 agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope
22 and nature of reports to be generated from this database and will produce any reports so
23 generated in the manner contemplated in the parties' Stipulated Order re: Discovery of
24 Electronically Stored Information for Standard Litigation.

25 **REQUEST NO. 35:**

26      All Documents concerning the "Location Extraction Server (LES)" database referred to
27 in GOOG00004722, including, without limitation, such database.

28

## RESPONSE TO REQUEST NO. 35:

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that Google is able to locate using reasonable diligence and judgment and without incurring undue burden and expense. Google further objects to this Request to the extent it seeks information protected from discovery by any right to privacy or any other applicable privilege, including the right to privacy of third parties, or by Google's obligations under applicable law or pursuant to contract to protect such confidential information. Google further to objects to this Request to the extent it seeks information constituting or containing information protected from disclosure by any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will meet and confer with Plaintiff regarding whether, at an appropriate stage in this Action, it may make available for inspection, subject to the terms of the Protective Order in this action as they apply to source code, source code in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information that relate to the "Location Extraction Server (LES)" referred to in GOOG00004722. Google will produce nonprivileged documents that do not constitute source code in its possession, custody, or control

1 that may be identified after a reasonable search and diligent inquiry in reasonably accessible

2 sources of information, that relate to the Location Extraction Server (LES) referred to in

3 GOOG00004722. Where information within the scope of this agreement to produce resides in a

4 database, Google will confer with Plaintiff regarding the scope and nature of reports to be

5 generated from this database and will produce any reports so generated in the manner

6 contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information

7 for Standard Litigation.

8 **REQUEST NO. 36:**

9  All Documents concerning all clicks identified by Plaintiff in paragraph 120 of the

10 Complaint in possession of the "IPGeo team" as that term is used in GOOG00004720.

11 **RESPONSE TO REQUEST NO. 36:**

12  Google incorporates by reference its general statements made above and makes the

13 following specific objections to this Request. Google objects to this Request to the extent it

14 seeks information protected by the attorney-client privilege and/or work product doctrine,

15 protected as confidential settlement communications, or otherwise protected from disclosure by

16 any other privileges, laws, or rules. Google further objects to the extent that this Request seeks

17 "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome,

18 ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any

19 party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and

20 (c) fails to describe with reasonable particularity each item or category of items to be inspected

21 and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all

22 documents" or phrases of similar import to mean those documents and that information that

23 Google is able to locate using reasonable diligence and judgment and without incurring undue

24 burden and expense. Google further objects to this Request to the extent it seeks information

25 protected from discovery by any right to privacy or any other applicable privilege, including the

26 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to

27 contract to protect such confidential information. Google further to objects to this Request to the

28 extent it seeks information constituting or containing information protected from disclosure by

any statute, rule, or regulation. Google will produce such material or make it available for inspection in response only to the extent it can do so consistent with its legal obligations and/or subject to the Protective Order entered in this action.

Subject to the foregoing objections, and without waiving them, Google will produce nonprivileged documents in its possession, custody, or control that may be identified after a reasonable search and diligent inquiry in reasonably accessible sources of information, comprising the information reasonably accessible to Google related to clicks identified by Plaintiff in paragraph 120 of the Complaint. Where information within the scope of this agreement to produce resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports to be generated from this database and will produce any reports so generated in the manner contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information for Standard Litigation.

## REQUEST NO. 37:

All Documents identifying all clicks originating from a physical location outside the location selected by the AdWords Advertiser on the Location Targeting Settings Screen at the time of the click and all Location Targeting Data for each such click.

## RESPONSE TO REQUEST NO. 37:

Google incorporates by reference its general statements made above and makes the following specific objections to this Request. Google objects to this Request to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine, protected as confidential settlement communications, or otherwise protected from disclosure by any other privileges, laws, or rules. Google further objects to the extent that this Request seeks "all documents" on the grounds that it therefore (a) is overly broad, unduly burdensome, ambiguous, and vague, (b) seeks information neither relevant to any claim or defense of any party in this action nor reasonably calculated to lead to the discovery of admissible evidence, and (c) fails to describe with reasonable particularity each item or category of items to be inspected and/or produced as required by Fed. R. Civ. Pro. 34(b)(1)(A). Google interprets the phrase "all documents" or phrases of similar import to mean those documents and that information that

1 Google is able to locate using reasonable diligence and judgment and without incurring undue
2 burden and expense. Google further objects to this Request to the extent it seeks information
3 protected from discovery by any right to privacy or any other applicable privilege, including the
4 right to privacy of third parties, or by Google's obligations under applicable law or pursuant to
5 contract to protect such confidential information. Google further to objects to this Request to the
6 extent it seeks information constituting or containing information protected from disclosure by
7 any statute, rule, or regulation. Google will produce such material or make it available for
8 inspection in response only to the extent it can do so consistent with its legal obligations and/or
9 subject to the Protective Order entered in this action.

10    Subject to the foregoing objections, and without waiving them, Google will produce
11 nonprivileged documents in its possession, custody, or control that may be identified after a
12 reasonable search and diligent inquiry in reasonably accessible sources of information, that relate
13 to the identification of clicks that users understood to originate outside the location selected by
14 the AdWords Advertiser on the Location Targeting Settings Screen at the time of the click and
15 all Location Targeting Data for each such click, to the extent that such documents exist in
16 reasonably accessible sources. Where information within the scope of this agreement to produce
17 resides in a database, Google will confer with Plaintiff regarding the scope and nature of reports
18 to be generated from this database and will produce any reports so generated in the manner
19 contemplated in the parties' Stipulated Order re: Discovery of Electronically Stored Information
20 for Standard Litigation.

21 Dated: June 10, 2013        MAYER BROWN LLP
                  BY:  /s/ Eric B. Evans
22                      Eric B. Evans

23                  Attorneys for Defendant Google Inc.

24

25

26

27

28

MAYER BROWN LLP
Edward D. Johnson (SBN 189475)
wjohnson@mayerbrown.com
Donald M. Falk (SBN 150256)
dfalk@mayerbrown.com
Eric B. Evans (SBN 232476)
eevans@mayerbrown.com
Jonathan A. Helfgott (SBN 278969)
jhelfgott@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

*Attorneys for Defendant Google Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RICKS WOODS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 11-cv-1263-EJD<br><br>**PROOF OF SERVICE** |

706674814.1

1    I, Sonya Holloway, declare that I am over the age of eighteen years and not a party to this

2    action. I am employed in Santa Clara County, California. My business address is Mayer Brown

3    LLP, Two Palo Alto Square, Suite 300, Palo Alto, California 94306-2112. On June 10, 2013, I

4    served the foregoing documents described as:

**GOOGLE INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND
SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

**PROOF OF SERVICE**

| | |
|---|---|
| ☒ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Palo Alto, California addressed as set forth below. |
| | by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to an agent for Overnight delivery. |
| | by causing to be transmitted by email the document(s) listed above to the addressee(s) at the email address(es) listed below. |
| | by telefaxing a copy thereof to the following individual(s) at the following facsimile number(s): |

Ramzi Abadou, Esq.
Stacey M. Kaplan, Esq.
Erik D. Peterson, Esq.
**KESSLER TOPAZ MELTZER & CHECK, LLP**
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: 415.400.3000
Facsimile: 415.400.3001
E-mail: rabadou@ktmc.com

Joseph H. Meltzer, Esq. (*Pro Hac Vice*)
Sean M. Handler, Esq. (*Pro Hac Vice*)
Peter H. LeVan, Jr., Esq. (*Pro Hac Vice*)
Naumon A. Amjed, Esq. (*Pro Hac Vice*)
Ryan T. Degnan, Esq. (*Pro Hac Vice*)
Robin Winchester, Esq. (*Pro Hac Vice*)
**KESSLER TOPAZ MELTZER & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Telephone: 610.667.7706
Facsimile: 610.667.7056
Email: rdegnan@ktmc.com

## PROOF OF SERVICE

1  Jeffrey J. Angelovich, Esq. (*Pro Hac Vice*)
   Brad E. Seidel, Esq. (*Pro Hac Vice*)
2  Chad Ethan Ihrig, Esq.
   **NIX, PATTERSON & ROACH, LLP**
3  3600 N. Capital of Texas Highway
   Building B, Suite 350
4  Austin, TX 78746
   Telephone: 512.328.5333
5  Facsimile: 512.328.5335
6  Email: bseidel@npraustin.com

7  Andrew Gordon Pate, Esq.
   **NIX, PATTERSON & ROACH, LLP**
8  205 Linda Drive
   Daingerfield, TX 75638
9  Telephone: 903.645.7333
   Facsimile:: 903-645-4415
10 Email: drewpate@nixlawfirm.com

11

12     I declare under penalty of perjury under the laws of the State of California that the

13 foregoing is true and correct. I declare that I am employed in the office of a member of the bar

14 of this court at whose direction the service was made.

15     Dated this 10th day of June, 2013 at Palo Alto, California.

16

17                         _Sonya Holloway_
                           Sonya Holloway

18

19

20

21

22

23

24

25

26

27

28

---

3