**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Ramzi Abadou (Bar No. 222567)
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer (*Pro Hac Vice*)
Sean M. Handler (*Pro Hac Vice*)
Naumon A. Amjed (*Pro Hac Vice*)
Ryan T. Degnan (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Co-Class Counsel*

**NIX, PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Brad E. Seidel (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Chad E. Ihrig (*Pro Hac Vice*)
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

# REDACTED VERSION OF DOCUMENTS SOUGHT TO BE SEALED

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

RICK WOODS, Individually and On Behalf of All Others Similarly Situated,

    Plaintiff,

v.

GOOGLE INC.,

    Defendant.

Case No. 11-cv-1263-EJD

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT DISCOVERY DISPUTE JOINT REPORT #1**

[Civil Local Rule 7-11]

**TO DEFENDANT AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that under Local Rule 7-11 and Judge Lloyd's Standing Order re: Civil Discovery Disputes (the "Standing Order"), Plaintiff, Rick Woods, hereby moves for leave to supplement Discovery Dispute Joint Report #1 (the "Joint Report") with documents produced by Defendant in discovery to aid the Court's decision. The Joint Report was provisionally lodged with the Clerk and Court on July 24, 2013 pending the Court's decision on Plaintiff's Administrative Motion to File Under Seal Discovery Dispute Joint Report #1 (Dkt. No. 129).

Under the Standing Order, the only exhibits permitted to a joint report are exact copies of any discovery requests and responses. However, due to the technical nature of the document requests and information at issue—and the confusion caused by Defendant previously denying the information exists—Plaintiff believes the Court would benefit from reviewing certain documents produced by Defendant, all of which are relevant to the issues in the Joint Report. Specifically, these documents demonstrate Defendant possesses the precise information sought by Plaintiff in his requests. Defendant has neither produced this information nor disclosed its existence during any of the parties' numerous discovery conferences on this issue. To the contrary, Defendant led Plaintiff to believe such information did not exist.

In the Joint Report, Plaintiff asks the Court to compel Defendant to produce: (1) descriptions of the log files Defendant maintains with respect to clicks and impressions; (2) identification and descriptions of the fields of data maintained within those log files; (3) data from such log files relating to the clicks (and related impressions) alleged in paragraph 120 of the Complaint; and (4) complete identification and description of the database tables (and fields contained therein) Defendant maintains with respect to clicks and impressions.[1] *See* Joint Report at 7. Plaintiff originally requested this information via the "Click Data Requests" described in the Joint Report, to which Defendant objected and demanded a "meet and confer" with Plaintiff

---

[1] In the Joint Report, Plaintiff also asks the Court to compel Defendant to produce documents responsive to Second Requests Nos. 31–33. *See* Joint Report at 6–7. While this issue remains ripe for resolution, the documents Plaintiff seeks to file with the Court by this Motion do not pertain to Second Requests Nos. 31–33.

regarding the scope and nature of information to be produced from its databases in response to these requests. *See* Joint Report at 3–5. As described in the Joint Report, Defendant has not provided adequate (or, in some instances, any) descriptions of the data it possesses, which is required to conduct any meaningful "meet and confer." Instead, Defendant has, at times, stated such data does not exist, claims to have provided "substantially complete information," and claims any further reports are equally available to Plaintiff. *See id.* This is demonstrably false. The documents Plaintiff seeks leave to file with the Court resolve any doubt about whether Defendant has the requested information in an accessible form. Defendant does.

The Joint Report described, but did not attach, examples of documents Defendant produced confirming it possesses more relevant and responsive data than it has disclosed. Since the filing of the Joint Report, Defendant produced additional documents, from which Plaintiff has gleaned an idea of the wealth of data Defendant truly possesses. In the two months since the Joint Report was filed, Defendant has made no effort to produce the properly requested information or even attempted to justify its prior statements about such information not existing and/or being equally available to Plaintiff.[2] Each document contradicts Defendant's representations to Plaintiff during meet and confers on this issue, particularly Defendant's letters whereby Defendant purported to provide descriptions of all relevant tables and fields it possesses and claimed it is "unaware of additional reports that it could run…that are not available to [Plaintiff]." As such, the documents will further demonstrate why the Court should compel Defendant to provide the documents and information specified in the Joint Report so the parties may finally have a meaningful meet and confer regarding the scope and nature of information for Defendant to produce from its databases.

Accordingly, Plaintiff respectfully requests the Court grant the leave requested so the following previously cited documents may be part of the Joint Report record:

---

[2] Defendant's failure to provide such documents or justification further confirms the parties were at an impasse at the time of filing the Joint Report and belies Defendant's claims to the contrary in its "Objection" to the Joint Report. *See* Dkt. No. 135 at 2–3. No further meet and confer would have been productive because Defendant apparently intends to withhold the responsive data it possesses—and even *descriptions of the responsive data in its possession*—until ordered otherwise by the Court.



Additionally, Plaintiff respectfully requests the Court grant the requested leave so that the following recently-produced documents may be part of the Joint Report record:

The documents described above do not describe the universe of responsive data Defendant possesses, as Plaintiff remains in the dark about such universe. Rather, these documents provide examples of the magnitude of relevant data Defendant possesses—data that Defendant to date has repeatedly refused to provide or even identify. Defendant's discovery obligations dictate it must provide more than a glimpse of its relevant and responsive documents. Moreover, the complexity and depth of Defendant's data illustrates why Plaintiff requires the relief he seeks in the Joint Report so that the parties may meaningfully confer on an efficient method to generate relevant and

necessary data from Defendant's databases. Thus, Plaintiff respectfully requests the Court grant leave to file the above-described documents under seal as supplemental support for the Joint Report.

As required by Local Rule 7-11, Plaintiff sought a stipulation from Defendant to the filing of the supplemental support described above so that such support may be part of the Joint Report record. *See* Plaintiff's Administrative Motion to File Under Seal Plaintiff's Motion for Leave to Supplement Discovery Dispute Joint Report #1, Pate Declaration, Ex. A (Dkt. No. 138). Such stipulation was not given. *See id.*

Dated: October 10, 2013

Respectfully submitted,

*/s/ Andrew G. Pate*
**NIX, PATTERSON & ROACH, LLP**
Jeffrey J. Angelovich
Brad E. Seidel
Andrew G. Pate
Chad E. Ihrig
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Ramzi Abadou
Stacey M. Kaplan
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

MOTION FOR LEAVE TO
SUPPLEMENT DDJR #1
CASE NO. 11-CV-1263-EJD - 5 -

Joseph H. Meltzer
Sean M. Handler
Naumon A. Amjed
Ryan T. Degnan
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Interim Co-Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2013, I served the foregoing to all counsel of record via overnight courier and electronic mail.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 10, 2013.

*/s/ Andrew G. Pate*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RICK WOODS, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | Case No. 11-cv-1263-EJD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT DISCOVERY DISPUTE JOINT REPORT #1** |

The Court, having considered Plaintiff's Motion for Leave to Supplement Discovery Dispute Joint Report #1 and Defendant's Response, and for good cause shown

**IT IS HEREBY ORDERED**, Plaintiff's Motion is GRANTED, and Plaintiff may file the documents described therein under seal to be made part of the record for Discovery Dispute Joint Report #1.

IT IS SO ORDERED.

Dated: _____

_____
The Honorable Howard R. Lloyd
United States Magistrate Judge