**MAYER BROWN LLP**
Edward D. Johnson (SBN189475)
wjohnson@mayerbrown.com
Eric B. Evans (SBN 232476)
eevans@mayerbrown.com
Jonathan A. Helfgott (SBN 278969)
jhelfgott@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICK WOODS, Individually and On Behalf of Others Similarly Situated<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | CASE NO. 5:11-CV-01263-EJD<br><br>**DEFENDANT GOOGLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

| | |
|---|---|
| 1 | Pursuant to N.D. Cal. Civ. L.R. 7-11 and 79-5, defendant Google Inc. ("Google") hereby |
| 2 | responds to Plaintiff's Administrative Motion To File Under Seal Plaintiff's Motion for Sanctions |
| 3 | for Violating Court Order (Dkt. 150). Defendants seek to seal (1) portions of Plaintiff's Motion for |
| 4 | Sanctions for Violating Court Order ("Plaintiff's Motion for Sanctions"), and (2) exhibits attached |
| 5 | to the Declaration of Andrew G. Pate in Support of Plaintiff's Motion for Sanctions (Dkt. 150-1) |
| 6 | (the "Pate Declaration Exhibits") (together, the "Sealed Materials"): |

      a.    **Pate Declaration Exhibit L** (Letter from Eric B. Evans to Brad Seidel dated June 28, 2013 providing information about Google database tables);

      b.    **Pate Declaration Exhibit M** (Letter from Eric B. Evans to Brad Seidel dated July 10, 2013 providing information about Google database tables); and

      c.    **Pate Declaration Exhibit R**.

Google has designated the Sealed Materials as Highly Confidential-Attorneys' Eyes Only under the Stipulated Protective Order (modified by the Court) (Dkt. 103) as it relates to confidential and commercially sensitive information about Google's data retention and storage, the mechanics of Google's pricing system for advertisements, the development of its proprietary advertising system, and the operation of that proprietary advertising system. The Court previously granted Google's request to seal similar information on the same bases (Dkt. 146).

Google is concurrently filing a declaration in support of its sealing requests and a proposed order listing each document sought to be sealed and the specific support for each request.

## I.   LEGAL STANDARD

Rule 26(c) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to permit sealing of court documents for, inter alia, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). The Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a nondispositive motion," where the requesting party shows good cause exists to keep the records under seal. *Navarro v. Eskanos & Adler*, 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) ("[A] 'particularized showing' under the 'good

cause' standard of Rule 26(c) will 'suffice[] to warrant preserving the secrecy of sealed discovery material attached to nondispositive motions."); *see also Pintos v. Pacific Creditors Assoc.*, 565 F.3d 1106, 1115 (9th Cir. 2009) ("In light of the weaker public interest in nondispositive materials, we apply the 'good cause' standard when parties wish to keep them under seal.").

## II. GOOD CAUSE EXISTS TO SEAL GOOGLE'S CONFIDENTIAL INFORMATION

The redacted portions of the Sealed Materials contain confidential and commercially sensitive information about Google's data retention and storage, including information about the mechanics of Google's pricing system for advertisements, communications regarding the development of its proprietary advertising system, and details about the operation of that proprietary advertising system, including the way that advertisements are targeted and placed. Google designated the foregoing information "Highly Confidential-Attorneys' Eyes Only" under the Protective Order.

As Google's separately filed declaration demonstrates, Google kept the Sealed Materials confidential and the public disclosure of this information would cause Google harm by giving third parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Google's data retention, strategies pricing, and placement of advertisements, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Google. This type of information is regularly sealed because of its confidential and commercially sensitive nature. *See In re Electronic Arts, Inc*, 298 Fed. Appx. 568, 569 (holding that "pricing" information "plainly falls within the definition of trade secrets"); *see also Apple, Inc. v. Samsung Electronics Co., Ltd.*, 2012 WL 3283478 at *10 (N.D. Cal. Aug. 9, 2012) (sealing all records related to pricing); *TriQuint Semiconductor, Inc. v. Avago Techs., Ltd*, 2011 WL 4947343 at *7 (N.D. Ariz. Nov. 1, 2011) (sealing records relating to pricing).

In addition, good cause exists to seal confidential information relating to a company's internal business strategies and policies, including confidential analysis of the effectiveness of a given product or practice. *See* Fed. R. Civ. Proc. 26(c)(1)(G) (permitting sealing of "a trade secret or other confidential research, development, or commercial information"); *In re Electronic Arts,*

*Inc.*, 298 Fed. Appx. at 569 (recognizing that it is an abuse of discretion to order disclosure of "any . . . compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"); *Krieger v. Atheros Commn's, Inc.*, 2011 U.S. Dist. LEXIS 68033 at *3-4 (N.D. Cal. June 25, 2011) (holding that a company could seal a presentation that contained "sensitive and confidential information, including . . . discussions of business strategy").

### III. CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court order the portions of the Sealed Materials identified in its declaration to be placed under seal. In accordance with Civil Local Rule 79-5(d), a proposed order granting Defendants' Response to Plaintiff's Administrative Motion to Seal has been lodged with the clerk in hard copy and served on counsel for Plaintiff. Google directs the Court to the public redacted version of the Sealed Materials (Dkt. 150), which Plaintiff filed on May 14, 2014, and the unredacted version of certain Sealed Materials (Dkt. 150-1), which Plaintiff lodged conditionally under seal on May 14, 2014.

Dated: May 19, 2014

MAYER BROWN LLP.

 /s/ Eric B. Evans                .
EDWARD D. JOHNSON
ERIC B. EVANS
JONATHAN A. HELFGOTT

*Attorneys for Defendant Google Inc.*