United States District Court
For the Northern District of California

*E-Filed: August 8, 2014*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

RICK WOODS, Individually and on Behalf
of All Others Similarly Situated,

                    Plaintiffs,

         v.

GOOGLE, INC.,

                    Defendant.

_____/

No. C11-01263 EJD (HRL)

**ORDER GRANTING IN PART AND
DENYING IN PART PLAINTIFF'S
MOTION FOR SANCTIONS;
FINDING AS MOOT PLAINTIFF'S
MOTION FOR LEAVE TO FILE
SUBSTITUTE EXHIBIT AND
DEFENDANT'S MOTION TO STRIKE**

**[Re: Docket Nos. 150, 161, 163]**

Rick Woods brings this putative class action against Google, Inc. ("Google") for its alleged failure to apply certain features of its online advertising program as represented.  In the Interim Order on DDJR #1 and DDJR #2 ("Order"), the Court ordered Google to produce two categories of material Woods requested in DDJR #1.  Woods now moves for sanctions for Google's alleged failure to comply with the Order.  Dkt. No. 150.  Google opposes the motion.  Dkt. No. 155.  Based on the moving and responding papers, as well as the arguments of counsel at the hearing on August 5, 2014, the Court GRANTS IN PART AND DENIES IN PART Woods' motion for sanctions.

BACKGROUND

Woods unilaterally filed Discovery Dispute Joint Report #1 ("DDJR #1") requesting an order compelling Google to produce documents responsive to eight requests for production it collectively referred to as the "Click Data Requests."  Specifically, Woods requested that Google produce: (1) descriptions of log files Google maintains with respect to clicks and impressions; (2)

**United States District Court**
For the Northern District of California

1   identification and descriptions of the fields of data maintained within those log files; (3) data from

2   the log files relating to specific clicks and impressions alleged in Woods' complaint; and (4)

3   identification and description of database tables and fields therein.  Google did not respond to the

4   substance of Woods' DDJR #1; instead, it moved to strike on procedural grounds, which the Court

5   denied.  However, Woods represented that on the eve of the filing of DDJR #1, Google did offer to

6   make available for inspection descriptions of the requested data.  However, Woods rejected the offer

7   because Google failed to specify a time for production and insisted on designating the material as

8   "source code" under stipulated protective order ("SPO"), which Woods found unwarranted.  In an

9   effort to compromise, and because a preemptive challenge to a designation was inconsistent with the

10  SPO, the Court ordered Google to produce the material within 14 days with whatever designation it

11  felt was appropriate under the SPO, which Woods could subsequently challenge.  Specifically, the

12  Court ordered Google to produce "descriptions of the log files and database tables Google maintains

13  with respect to clicks and impressions, including the fields of data contained in the log files and

14  database tables" (effectively combining Woods' first, second, and fourth categories of requested

15  material).  In essence, the Court ordered Google to follow through on its last ditch offer, which

16  Woods had rejected.  Additionally, with respect to Woods' third category of requested material, the

17  Court ordered Google to produce "data from the log files relating to the clicks (and related

18  impressions) alleged in ¶ 120 of the complaint."

19       Pursuant to the Order, Google timely made available for inspection over 900 documents of

20  "source code" describing the log files, database tables, and fields of data therein.  As for the data

21  related to the six clicks specifically alleged in the complaint, Google produced a 3x7 table indicating

22  the date, time, and IP address associated with each click.

23       Woods contends that Google's 900+ page production was virtually incomprehensible, did

24  not contain adequate descriptions of database tables as contemplated by the order, and did not

25  contain any descriptions of log files.  Moreover, Google's production of only three data points for

26  the six specific clicks is woefully deficient in violation of the Order.  Accordingly, Woods requests

27  an award of sanctions in the form of an order requiring Google to:

28       1. Pay all reasonable and necessary attorney's fees for:
         a. preparation of DDJR #1 and all subsequent related filings;

2

1         b.   preparation of the motion for sanctions, reply, and oral argument;
      c.   the inspection of the 900+ documents;

2     2.   Produce at Woods' counsel's office descriptions of the log files and database tables previously ordered in a reasonably interpretable format;

3     3.   Produce at counsel's office all data relating to the clicks alleged in the complaint as previously ordered;

4     4.   Produce for deposition at counsel's office within 10 days a witness competent to explain the information provided, at Google's expense, without the deposition counting towards Woods' total allotted depositions; and

5     5.   Travel to counsel's office for any future in person meet and confers pursuant to the undersigned's Standing Order re: Civil Discovery Disputes.

6

7   Google asserts that it fully complied with the Order by making available for inspection the

8   900+ documents which comprise its primary source for descriptions of the log files and database

9   tables Woods requested. Google also maintains that the table it produced included all pertinent data

10  related to the specific clicks that had not already been produced. Thus, it did not violate the order,

11  and the Court should deny Woods' motion for sanctions. [1]

12                          DISCUSSION

13  A. Descriptions of the Log Files and Database Tables

14      Woods certainly did not get the documents he was hoping for in response to the Order. It is

15  clear now that what Woods wants is for Google to create new documents which describe and

16  explain Google's log files and database tables, rather than merely to produce the existing raw

17  technical data. However, Woods' requested relief in DDJR #1, and the Court's corresponding order

18  to compel, was inextricably tied to Woods' Click Data Requests, which pursuant to Rule 34, only

19  require the production of items within the responding parties' possession, custody, or control, not

20  the creation of new documents. This relationship is evidenced by Woods' own statement of the

21  issue in DDJR #1: "Whether, pursuant to Plaintiff's requests for production of documents,

22  Defendant must produce" several categories of documents. Thus, Google was only required to

23  produce existing documents in its possession, custody or control responsive to the Court's order; it

24  _____

25  [1] In his Reply, Woods attached an email which made reference to a discussion between the parties during mediation. Based on Google's objection that Woods violated the California's mediation

26  privilege and the parties' confidentiality agreement, Woods moved for leave to substitute the exhibit with a redacted version. Google opposed the motion and moved to strike the exhibit because Woods

27  did not redact the reference to the discussion, only the fact that the discussion took place during mediation. Because these incidental motions are unnecessary to the determination of the motion for

28  sanctions, as well as the fact that the contested exhibit does not reveal the contents of the discussion and Google is in no way harmed by its publication, the Court finds them moot.

**United States District Court**
For the Northern District of California

1    was not compelled to create new documents describing the log files and database tables in more

2    easily understood terms.

3        Thus limiting Google's obligation, it is still not clear one way or the other whether Google

4    complied with the order in good faith. Woods asserts that, to the extent Google's 900+ document

5    production contained any descriptions, the descriptions appear to relate solely to database tables and

6    not log files. Moreover, during a deposition, a Google engineer described the log files as

7    conceptually a list of events, which are stored in a format known as a protocol buffer. He further

8    testified that Google has a file that describes the information stored in the protocol buffers, yet

9    Google failed to produce this file. On the other hand, Google maintains that the materials it

10    provided constitute the most concise descriptions of its log files and database tables available.

11    Google submits that the database about which Woods is requesting information is one of the most

12    complex in the world, and any response sufficient to describe all the log files and database tables

13    contained therein is necessarily very complex and requires substantial technical expertise to

14    interpret. Google insists it presented this comprehensive information in the most straightforward

15    manner available. As for the file describing the information stored in the protocol buffers referred

16    to by Woods, Google asserts that it did not produce the file because the information is duplicative of

17    the material it did produce in the more concise format. Nevertheless, prior to the hearing, Google

18    did in fact make this file available for Woods' inspection.

19        While not totally convinced that Google is not engaging in some degree of gamesmanship,

20    neither can the Court say that Google's production of 900+ documents purporting to describe the

21    database tables and log files violated the Court's Order. Only Google knows what information it

22    has and whether it in fact timely produced the requested information in the most straightforward

23    manner. Accordingly, the Court will require a declaration from a Google officer or employee

24    knowledgeable of the Adwords database and familiar with the material produced by Google to date,

25    or someone authorized to speak on their behalf, certifying that: (1) the 900+ documents produced by

26    Google in response to the Interim Order on DDJR #1 and DDJR #2 contain substantially complete

27    descriptions of the log files and database tables Google maintains with respect to clicks and

28    impressions, including the fields of data contained in the log files and database tables; and (2)

Google does not have in its possession, custody, or control a list with general descriptions of the fields of data maintained within the log files and database tables substantially similar to but more extensive than that provided in the letters from Google's counsel attached as Exhibits L and M to Woods' Motion for Sanctions.

   B.  Data from Log Files Relating to Clicks Alleged in the Complaint

   Google maintains that the three data points it produced related to the six clicks alleged in the complaint represent all the relevant information not previously produced.  However, the Court's order compelling Google to produce the data was not limited to that information which Google thought was relevant – if Google only had to produce what it deemed relevant, then surely an order to compel would not have been necessary.  Moreover, Google did subsequently produce all data from the log files, at least some of which Woods demonstrated at the hearing, and Google all but conceded, is relevant.  Accordingly, the Court finds that Google's minimal production with respect to this second category of information violated the Court's Order, and pursuant to Rule 37(b)(2)(c), an award of monetary sanctions for reasonable expenses, including attorney's fees, caused by the violation is appropriate.  This includes reasonable expenses related to this motion only (including Woods' reply and oral argument), and does not include expenses related to DDJR #1.  Woods shall submit a supporting declaration within seven (7) days from the date of this order.  Google may have seven (7) days thereafter to file a response, and Woods another three (3) days to reply.

   **IT IS SO ORDERED.**

Dated: August 8, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1 **C11-01263 EJD (HRL) N**otice will be electronically mailed to:

2 Andrew Gordon Pate     drewpate@nixlawfirm.com, monatucker@nixlawfirm.com

3 Brad Edward Seidel     bseidel@npraustin.com, monatucker@nixlawfirm.com

4 Chad Ethan Ihrig     cihrig@npraustin.com, ncameron@npraustin.com

5 Daniel Christopher Mulveny     dmulveny@ktmc.com

6 Donald M. Falk     dfalk@mayerbrown.com, kneale@mayerbrown.com,
ladocket@mayerbrown.com

7
Edward D. Johnson     wjohnson@mayerbrown.com, eevans@mayerbrown.com,
8 mkarczewski@mayerbrown.com, pdocket@mayerbrown.com

9 Eric Evans     eevans@mayerbrown.com, cpohorski@mayerbrown.com,
paldocket@mayerbrown.com
10

11 Jeffrey John Angelovich     jangelovich@npraustin.com, bethgoodman@nixlawfirm.com

12 Jonathan Anderson Helfgott     jhelfgott@mayerbrown.com

13 Joseph H. Meltzer     jmeltzer@ktmc.com, eciolko@ktmc.com, jbelack@ktmc.com,
kmarrone@ktmc.com, lloper@ktmc.com, pleadings@ktmc.com, sneis@ktmc.com

14 Margaret Elin Onasch     monasch@ktmc.com, dmaytorena@ktmc.com

15 Matthew Leo Mustokoff     mmustokoff@ktmc.com

16 Naumon A Amjed     namjed@ktmc.com

17 Robin Winchester     rwinchester@ktmc.com, ckeller@ktmc.com, cmcginnis@ktmc.com

18 Ryan Thomas Degnan     rdegnan@ktmc.com

19 Sean M. Handler , Esq     ecf_filings@ktmc.com, dcheck@ktmc.com, namjed@ktmc.com

20 Stacey Marie Kaplan     skaplan@ktmc.com, amarshall@ktmc.com, jjoost@ktmc.com

21 **Counsel are responsible for distributing copies of this document to co-counsel who have not
registered for e-filing under the court's CM/ECF program.**
22

23

24

25

26

27

28