**MAYER BROWN LLP**
Edward D. Johnson (SBN 189475)
wjohnson@mayerbrown.com
Donald M. Falk (SBN 150256)
dfalk@mayerbrown.com
Eric B. Evans (SBN 232476)
eevans@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Matthew H. Marmolejo (SBN 242964)
mmarmolejo@mayerbrown.com
350 S. Grand Avenue, Suite 2500
Los Angeles, CA 90071
Telephone: (213) 229-9500
Facsimile: (213) 625-0248

Sarah E. Reynolds (admitted *pro hac vice*)
sreynolds@mayerbrown.com
71 S. Wacker Drive
Chicago, IL  60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

*Attorneys for Defendant Google Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| RICK WOODS, Individually and On Behalf of Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE INC.,<br><br>Defendant. | CASE NO. 5:11-CV-01263-EJD<br><br>**DEFENDANT GOOGLE INC.'S MOTION TO SET A CASE SCHEDULE PURSUANT TO FED. R. CIV. P. 16**<br><br>Date:     August 20, 2015<br>Time:    9:00 a.m.<br>Place:   Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

**NOTICE OF MOTION & MOTION FOR RULE 16 SCHEDULING ORDER**

Please take notice that on August 20, 2015 at 9:00 a.m., before the Honorable Edward J. Davila, Defendant Google Inc. will and hereby does move under Federal Rule of Civil Procedure 16 and the Court's inherent power to control its docket to "secure the just, speedy and inexpensive determination of each action," Fed. R. Civ. P. 1, to enter a case schedule that minimizes the unnecessary expenditure of Court and party resources before the Court's decision on Google's dispositive Motion for Summary Judgment. In particular, Google respectfully requests that this Court enter Google's proposed scheduling order deferring all briefing on class certification until after the resolution of the pending summary judgment motion, which will be fully briefed by August 6—less than one month from now. The proposed order also provides for an efficient and orderly conclusion to fact and expert discovery if the case is not resolved on summary judgment. Google's motion is based on this Notice, the accompanying Memorandum of Points and Authorities, arguments of counsel, and any other matter that the Court deems appropriate.

**STATEMENT OF ISSUE TO BE DECIDED**

Whether this Court should enter a case schedule that recognizes the potentially dispositive nature of Google's Motion for Summary Judgment, and accordingly defers the issue of class certification until the logically antecedent question of whether—and to what extent—any of Woods's claims survive is resolved.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendant Google has moved for summary judgment on Plaintiff Rick Woods's claims based on the evidence adduced in discovery, including fatal admissions made during Woods's deposition. (Dkt. 205.) If successful, that motion will end this case—and at a minimum, the motion is likely to substantially narrow the number and scope of any potential classes Woods may seek to certify.

Any remaining proceedings in this case should be structured to take account of the dispositive nature of Google's motion and prevent the unnecessary expenditure of resources on issues that may never need to be addressed. As this Court has recently explained on more than

1  one occasion, "Defendant's motion [for summary judgment] must be decided first because, if
2  that motion is granted and summary judgment . . . is entered in favor of Defendant, the
3  certification motion is rendered moot." *Major v. Ocean Spray Cranberries, Inc.*, No. 5:12–cv–
4  03067–EJD, 2015 WL 859491, at *2 (N.D. Cal. Feb. 26, 2015); *see also Khasin v. Hershey Co.*,
5  Case No. 5:12-CV-01862-EJD, 2014 WL 1779805, at *2 (N.D. Cal. May 5, 2014) ("When early
6  resolution of a motion for summary judgment is likely to protect both the parties and the court
7  from needless and costly litigation, it is reasonable to consider such a motion before class
8  certification.").

9  In that light, any class certification briefing or proceedings while this dispositive motion
10 is pending would be unduly burdensome because they may be rendered moot by the outcome on
11 summary judgment. To avoid this potential waste of time and resources, and in an attempt to
12 streamline the parties' efforts over the coming months, Google has proposed a schedule that
13 would defer any class certification proceedings until after this Court decides the pending
14 summary judgment motion. This proposal is consistent with the decisions of courts in this
15 Circuit and across the country, which routinely stay class certification briefing pending the
16 outcome of a dispositive summary judgment motion. The proposal also provides for an orderly
17 conclusion to discovery should the case continue past summary judgment.

**BACKGROUND**

19 The parties filed their Fourth Amended Joint Case Management Statement ("JCMS") on
20 April 15, 2015. (Dkt. 202). Google indicated in the JCMS that it would soon be filing a
21 dispositive motion for summary judgment, and explained why "Google's Motion for Summary
22 Judgment should be heard and decided in advance of any class certification motions." (Dkt. 202,
23 at 5-7, 11.) Woods, by contrast, indicated his intent to file a motion for class certification. (*Id.* at
24 11.)

25 The following week, Google filed its summary judgment motion. (Dkt. 205.) The
26 hearing on that motion is set for August 20, the earliest date that Plaintiff was available. Because
27 that August hearing date was set in April, the parties agreed to a briefing schedule for summary

judgment that has given each side ample time to file its respective opposition or reply (Dkt. 209), and the Court granted the stipulation (Dkt. 210).

Like the summary judgment motion, this motion to set a case schedule is also set for hearing on August 20. Google respectfully submits that, as a matter of good order and judicial economy, this Court should enter an order setting a schedule for the balance of this case—including class certification briefing and closing out fact or expert discovery—that is keyed to the resolution of the summary judgment motion.

## ARGUMENT

Consistent with the Court's inherent authority "to achieve the orderly and expeditious disposition of cases," *Unigard Sec. Ins. Co. v. Lakewood Engineering & Mfg. Corp.*, 982 F.2d 363, 368 (1992), Federal Rule of Civil Procedure 16, "the central pretrial rule, authorizes a court to manage cases so that disposition is expedited, [and] wasteful pretrial activities are discouraged . . . ." *Travis v. Folsom Cordova Unified Sch. Dist.*, No. 2:06-CV-02074-MCE-EFB, 2007 WL 1821465, at *2 (E.D. Cal. June 25, 2007).

Precisely in order to prevent "wasteful pretrial activities," Fed. R. Civ. P. 16(a), Google's pending Motion for Summary Judgment should be heard and decided in advance of any class certification briefing or proceedings. Rule 23(c)(1) of the Federal Rules of Civil Procedure provides broad discretion for a trial court to rule on the merits of an individual plaintiff's claims before class certification proceedings. Indeed, the rule formerly required a class certification determination "as soon as practicable after commencement of an action," but now requires a class certification determination only "at an early practicable time." Fed. R. Civ. P. 23(c)(1). The advisory committee notes to the 2003 amendments make clear that this was a substantive change, designed to "reflect[] prevailing practice" and "capture[] the *many valid reasons* that may justify deferring the initial certification decision"—including the situation here, where "the party opposing the class . . . prefer[s] to win dismissal or summary judgment as to the individual plaintiff[] without certification." Fed. R. Civ. P. 23 advisory committee's note (emphasis added). After all, a plaintiff who has no viable claims cannot represent a class, and in that case there is no reason for needless and costly class certification proceedings.

It is therefore unsurprising that on multiple occasions this Court has concluded that, before addressing class certification, it should resolve a motion that will decide whether the named plaintiff can proceed with the case at all. *Major*, 2015 WL 859491, at *2 (granting summary judgment motion before addressing class certification because "if that motion is granted and summary judgment . . . is entered in favor of Defendant, the certification motion is rendered moot"); *see also Khasin*, 2014 WL 1779805, at *2 (deciding summary judgment before class certification). Moreover, this Court's conclusion finds ample support in Ninth Circuit precedent. Even before the 2003 amendments to Rule 23, the Ninth Circuit held that "the district court has discretion to rule on a motion for summary judgment before it decides the certification issue." *Wright v. Schock*, 742 F.2d 541, 543-44 (9th Cir. 1984); *see also id.* (collecting cases from "several other circuit courts" that "have affirmed summary judgment for a defendant where no ruling has been made as to the class"). As the court of appeals has recognized in rejecting a plaintiff's argument "that it was improper for the district court to decide the merits of the case prior to a ruling on class certification," an "early resolution of [the] motion for summary judgment seem[s] likely to protect both the parties and the court from needless and costly further litigation." *Kim v. Commandant, Defense Language Inst., Foreign Language Ctr.*, 772 F.2d 521, 524 (9th Cir. 1985) (internal citation omitted). After the 2003 amendments, the Ninth Circuit again explicitly rejected a plaintiff's argument "that the district court should have ruled on his motion for class certification before addressing Defendant's motion for summary judgment." *Saeger v. Pac. Life Ins. Co.*, 305 F. App'x 492, 492 (9th Cir. 2008). And because Ninth Circuit law is so clear, other courts in this Circuit have similarly decided summary judgment motions before entertaining the issue of class certification.[1]

---

[1] *See, e.g.*, *Burden v. SelectQuote Ins. Servs.*, 2011 WL 2885016, at *1 (N.D. Cal. July 19, 2011) (noting that if defendant's position in its summary judgment motion "is correct, all of [plaintiff's] claims fail and his motion for class certification will become moot"); *Colvin v. Citigroup Global Mkts., Inc.*, 2009 WL 1657331, at *1 (N.D. Cal. June 11, 2009) (denying plaintiff's motion to vacate case management order that called for briefing and decision on a summary judgment motion before any class certification proceedings, because "Ninth Circuit law is clear that a district court may rule on the merits before ruling on a motion for class certification.").

Leading treatises further support the conclusion that it is appropriate to resolve a motion for summary judgment prior to class certification. "The court may rule on motions pursuant to Rule 12, Rule 56, or other threshold issues before deciding on certification." MANUAL FOR COMPLEX LITIGATION § 21.133 (4th ed. 2005); *see also* 7B WRIGHT, MILLER & KANE, FEDERAL PRAC. & PROC., CIVIL 3d § 1798 (3d ed. 2005) (stating that a "[d]efendant . . . may move for summary judgment prior to the class certification"); HERBERT B. NEWBERG AND ALBA CONTE, NEWBERG ON CLASS ACTIONS § 7:3 (4th ed. 2002) (discussing moving for dismissal or summary judgment prior to class determination).

Because of the undeniable efficiencies that result from resolving a dispositive summary judgment motion before turning to class certification, courts across the country routinely grant the very relief Google is seeking: *i.e.*, they defer all class certification briefing until after a ruling on a motion for summary judgment on the named plaintiff's individual claims. For instance, in *Talley v. NCO Fin. Sys.*, 2006 WL 2927596 (N.D. Ind. Oct. 12, 2006), the court "order[ed] that briefing on Plaintiff's Motion to Certify Class is hereby stayed," explaining that when, as here, "the Defendant's Motion for Summary Judgment will be fully briefed shortly," "it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot." *Id.* at *1-2 (emphasis omitted). And in *Good v. Altria Group*, 231 F.R.D. 446 (D. Me. 2005), the court firmly rejected the plaintiffs' attempts to "decry the Defendant's motion [to stay class certification briefing]" as "part of a strategy of needless delay." *Id.* at 446. To the contrary, the court explained, "[j]udicial economy" as well as the 2003 amendments to Rule 23—and the conclusions of many courts that a defendant's motion for summary judgment should be decided before class certification—all pointed in favor of "grant[ing] the motion to stay." *Id.* at 447. As the court further observed, "[i]f the motion is granted, the stay will have saved time and

expense"; and "[i]f not, the stay will have been only for the time necessary to rule on the motion." *Id.*[2]

The same result is warranted here. It would waste the time and efforts of both parties to engage in premature class certification briefing that is almost certain to be of no help to the Court. If this Court grants summary judgment, Plaintiff's bid to represent a class is "rendered moot" (*Major*, 2015 WL 859491, at *2)—making all of the time and expense expended on class certification briefing a complete waste. And even if the case is not dismissed in full, the summary judgment ruling is likely to narrow substantially the remaining claims and theories at issue in the case—and thus narrow the potential number and scope of potential classes.

Put another way, any class certification briefing submitted before this Court decides the motion for summary judgment would likely address issues and theories that will no longer be in the case (if the case survives at all). As a result, the class certification briefs would address irrelevant issues and otherwise may not match up with the case as it stands after the summary judgment ruling. Indeed, the parties might have to rebrief class certification to the extent that any of Woods's claims survive summary judgment but are modified in scope or substance. Rather than force the parties to engage in such a potentially duplicative and wasteful effort, the Court should streamline the proceedings by entering the proposed order deferring class certification briefing until after a decision on the summary judgment motion.

In addition, the Court should impose an orderly schedule for the conclusion of fact and expert discovery that could go into effect if the case is not resolved on summary judgment.

---

[2] Numerous other courts have followed suit. *See, e.g.*, *Maestas v. Day & Zimmerman, LLC*, 2010 WL 5625914, at *1 (D.N.M. Nov. 30, 2010), *aff'd in part and reversed in part on other grounds*, 664 F.3d 822 (10th Cir. 2012) ("Plaintiffs filed a second motion to certify a class for a collective action, . . . but the Court stayed briefing on that motion pending a decision on Defendants' motion for summary judgment."); *Haney v. USAA Cas. Ins. Co.*, 331 F. App'x 223, 226 (4th Cir. 2009) (noting that in the district court, the defendants "filed motions for summary judgment and successfully sought to stay briefing on [plaintiff's] motions regarding class certification pending resolution of the dispositive motions."); *McGinnis v. T-Mobile USA, Inc.*, 2009 WL 4824002, at *2 (W.D. Wash Dec. 9, 2009) (noting that the court "had stayed the briefing on the motion for class certification" pending resolution of motions for summary judgment).

## CONCLUSION

Google respectfully requests that the Court enter an order (a) deferring class certification briefing and proceedings until disposition of Google's pending summary judgment motion, and (b) to the extent the case is not fully disposed of on summary judgment, setting a schedule providing for class certification briefing and an orderly close to fact and expert discovery.

DATED: July 10, 2015                    Respectfully submitted,

**MAYER BROWN LLP**

 /s/ Edward D. Johnson                .

EDWARD D. JOHNSON
DONALD FALK
ERIC B. EVANS
MATTHEW H. MARMELEJO
SARAH E. REYNOLDS

*Attorneys for Defendant Google Inc.*