United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK WOODS, ET AL.,<br><br>   Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>   Defendant. | Case No. 11-cv-01263-EJD (VKD)<br><br>**ORDER RE OCTOBER 30, 2018 JOINT DISCOVERY DISPUTE LETTER RE CLICK DATA**<br><br>Re: Dkt. No. 407 |

Plaintiff Rene Cabrera moves to compel defendant Google LLC to produce the data called for in Mr. Cabrera's Eighth, Ninth, and Tenth Requests for Production of Documents to Google. The parties report that they have conferred further since submission of their joint discovery dispute letter on October 30, 2018, and that Google has made a further production of data. Both parties have filed additional submissions with the Court. Dkt. Nos. 420, 423, 425-3.

Based on the record before the Court, it appears that Google has complied with its obligation to produce data responsive to these requests.

**I. BACKGROUND**

On behalf of a putative class, Mr. Cabrera asserts claims against Google for breach of contract and unfair business practices relating to Google's AdWords advertising program. In discovery, Mr. Cabrera requested the following information from Google:

1. (i) "the click data for Cabrera's AdWords account . . . in the same format as the click data sets produced by Google on October 30, 2017 and the data for Plaintiff Rick Woods produced by Google on November 22, 2017 (i.e. containing the data fields described in Eric B. Evans' February 6, 2018 letter to Matthew L. Mustokoff); (ii) all data contained in Google's Log Files associated with each click identified in subpart (i)

      above including, without limitation, all data associated with the click, query, impression, conversion, and refund, as applicable, for each such click" (Eighth Set of Requests for Production);

2. "Cabrera's change history log for his Google AdWords accounts and any other documents that show any access or changes made to . . . Cabrera's AdWords accounts" (Ninth Set of Requests for Production); and

3. "all Smart Pricing multipliers for the Property from which the click occurred at the time of the click including, without limitation, ClickCost Multiplier, RawBid Multiplier, ProductionBidMultiplier and Manual Bid Multiplier" (Tenth Set of Requests for Production).

Dkt. No. 407. The presiding judge set a deadline of October 15, 2018 for Google to produce this data. Dkt. No. 384.

Mr. Cabrera says that Google produced data on October 15, 2018 but that the data was incomplete. Google does not dispute it had an obligation to produce the data called for in Mr. Cabrera's document requests. It contends its production is complete.

## II. DISCUSSION

The Court held a hearing on this motion on November 2, 2018. At the Court's direction, the parties conferred regarding Google's production of data, and the parties recited a tentative resolution of the dispute on the record. The Court ordered Google's counsel to file a declaration confirming that the production was complete by November 5, 2018. Dkt. No. 417.

Following the hearing, Google apparently produced a spreadsheet of "Smart Pricing Multipliers" for Mr. Cabrera's account. On November 5, 2018, Eric Evans, counsel for Google, filed a declaration stating in relevant part: "In compliance with the Court's Order, I certify that to the best of my current understanding, knowledge, information, and belief, and also based on recent discussions with Google personnel, Google's production of Cabrera click data is complete, consistent with Mr. Cabrera's counsel's recitation on the record during the hearing." Dkt. No. 420 ¶ 3.

On November 7, 2018, Mr. Cabrera filed a separate letter with Court objecting to Mr.

Evans's declaration as failing to satisfy Google's obligations or the Court's requirements and arguing that the dispute concerning this discovery remained unresolved. Dkt. No. 423. On November 8, 2018, Google responded with its own separate letter and a declaration from Ian Harrower, a Google Engineering Manager.[1] Dkt. Nos. 425-3, 425-5. In Google's separate letter, it clarifies that Mr. Evans's declaration was based, in part, on a conference with Mr. Harrower. Google and Mr. Harrower also assert that no data for "PubScores" or "PropertyHealth" exist separate and apart from the data for Smart Pricing Multipliers that Google has already produced. Dkt. Nos. 425-3, 425-5.

Google has now made several representations to the Court and to Mr. Cabrera—Mr. Evans's declaration, Mr. Harrower's declaration, and the November 8, 2018 letter—all affirming that the production of data due on October 15, 2018 is complete. In view of Google's explanation of the data it has provided, and in the absence of evidence to the contrary, the Court credits these representations.

## III. CONCLUSION

The Court denies Mr. Cabrera's motion to compel as moot.

**IT IS SO ORDERED.**

Dated: November 9, 2018

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[1] Google also filed a 303-page deposition transcript, which the Court has not considered.