United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK WOODS, ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 11-cv-01263-EJD (VKD)<br><br>**ORDER RE NOVEMBER 5, 2018 JOINT DISCOVERY DISPUTE LETTER RE DEFENDANT'S SUBPOENAS TO MARTIN PEEN AND AMP GLOBAL INVESTMENTS**<br><br>Re: Dkt. No. 421 |

Plaintiff Rene Cabrera moves to quash subpoenas defendant Google LLC served on third parties Martin Peen and AMP Global Investments LLC ("AMP Global") on the ground that the subpoenas are untimely. Google opposes the motion, arguing that the discovery of these third parties is warranted by Mr. Cabrera's own delay during the discovery process. In addition, Google argues that Rule 45 does not permit the relief Mr. Cabrera seeks. The Court finds this dispute suitable for resolution without a hearing.

Having considered the submissions of the parties, the Court grants Mr. Cabrera's request for an order prohibiting enforcement of these subpoenas.

## I. BACKGROUND

On behalf of a putative class, Mr. Cabrera asserts claims against Google for breach of contract and unfair business practices relating to Google's AdWords advertising program.

Google contends that Mr. Cabrera lacks standing to sue because his claims in this action are based on ads that he bought for his business, Training Options. Dkt. No. 421 at 2. Google says that it only recently discovered that Mr. Cabrera sold his business in August 2009, and it seeks discovery from the buyers, Mr. Peen and AMP Global, to demonstrate that Mr. Cabrera did

1  not retain the right to sue for injuries the business suffered. *Id.* Google's subpoenas to Mr. Peen
2  and AMP Global seek discovery of documents concerning Mr. Cabrera's sale of the Training
3  Options business to Mr. Peen and AMP Global and Training Options' customer lists. Dkt. No.
4  421 at 2, 5.[1] The subpoena to Mr. Peen also seeks a deposition. *Id.* at 5.

## II. LEGAL STANDARD

A party may obtain discovery of any matter that is relevant to a claim or defense and that is "proportional to the needs of case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Information need not be admissible in evidence to be discoverable. *Id.*

Federal Rule of Civil Procedure 45 governs discovery of non-parties by subpoena. The scope of discovery through a Rule 45 subpoena is the same as the scope of discovery permitted under Rule 26(b). *Beaver Cty. Employers Ret. Fund v. Tile Shop Holdings, Inc.*, No. 3:16-mc-80062-JSC, 2016 WL 3162218, at *2 (N.D. Cal. June 7, 2016) (citing Fed. R. Civ. P. 45 advisory comm. note to 1970 amendment); Fed. R. Civ. P. 34(a)). A party challenging a subpoena to a non-party may move for a protective order under Rule 26(c). 8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2035 (3rd ed. 2018).

Here, Google bears the burden in the first instance to demonstrate that the subpoenas seek discovery that is both relevant and proportional, and that the subpoenas also comply with this Court's scheduling orders or that good cause exists for belated service of the subpoenas. *See Koh v. S.C. Johnson & Son, Inc.*, No. C-09-00927-RMW, 2011 WL 940227, at *2 (N.D. Cal. Feb. 18, 2011); *Finley v. Pulcrano*, No. C-08-0248-PVT, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008); *Our Children's Earth v. Leland Stanford Junior Univ.*, No. 13-cv-00402-EDL, 2015 WL 12964638, at *1 (N.D. Cal. Oct. 29, 2015). If Google meets that burden, Mr. Cabrera must

---

[1] Copies of the subpoenas have not been provided to the Court. *See* Judge DeMarchi's Standing Order re Civil Cases at 3 (requiring attachment of specific discovery material at issue and responses thereto to joint discovery dispute letters).

1  demonstrate good cause for a protective order barring that discovery. *Our Children's Earth*, 2015
2  WL 12964638, at *1.

**III. DISCUSSION**

Google acknowledges that service of the subpoenas on November 2, 2018 does not comply with the scheduling order setting a November 5, 2018 deadline for completion of fact discovery as to Mr. Cabrera. *See* Civ. L.R. 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown."). The Court construes Google's opposition to Mr. Cabrera's motion as encompassing a request for leave to serve this belated discovery for good cause under Civil Local Rule 37-3.

The Court construes Mr. Cabrera's request to quash the subpoena as a request for a protective order under Rule 26(c) that prohibits discovery from Mr. Peen and AMP Global on the ground that the subpoenas are untimely. Mr. Cabrera also objects that Google lacks good cause for the belated subpoenas to Mr. Peen and AMP Global. First, Mr. Cabrera insists that the AdWords account at issue was at all times his personal AdWords account, and it did not belong to his business. He points to documents and information produced in discovery and information Google obtained or could have obtained from public sources that reveal his sale of the Training Options business in August 2009. Second, Mr. Cabrera argues that the discovery he has produced to date reflects that the AdWords account was not transferred to Mr. Peen and AMP Global with the sale of the Training Options business, and that his contractual arrangement with Google for the AdWords account precludes any such transfer. Dkt. No. 421 at 5–6.

Because the subpoenas are not before the Court, it is not possible for the Court to make its own assessment regarding whether, as an initial matter, the discovery Google seeks is relevant and proportional to the needs of the case. However, Mr. Cabrera does not appear to object to the subpoenas on this ground. The issue, then, is whether there is good cause for Google to seek discovery that cannot be completed before the discovery cut-off set by the Court.

The Court finds that Google has not demonstrated good cause for the belated discovery it seeks from Mr. Peen and AMP Global. Google had several months to take discovery of Mr.

3

Cabrera but did not seek discovery of his sale of the Training Options business until September 20, 2018.[2] Mr. Cabrera did not delay in responding to those September discovery requests. The Court is not persuaded that some dilatory conduct by Mr. Cabrera or his counsel prevent Google from exploring the question of Mr. Cabrera's standing to sue.

Google argues that the question of Mr. Cabrera's standing is critical in this case, and that it will be unable to dispute Mr. Cabrera's standing unless it obtains discovery that is only available from Mr. Peen and AMP Global. Google relies in part on allegations in the Fourth Amended Complaint for its contention that Mr. Cabrera's claims are, in fact, based on injuries Training Options suffered. Dkt. No. 421 at 2 (citing Fourth Amended Complaint ¶¶ 4-8). However, those allegations do not clearly describe an injury to Training Options as opposed to Mr. Cabrera.[3] More importantly, Google points to no information outside the pleadings suggesting that Training Options, and not Mr. Cabrera, suffered the injuries alleged in the complaint. In particular, Google offers no reason for the Court to question the evidence Mr. Cabrera highlights showing that the AdWords account was Mr. Cabrera's personal account and not an asset of the business. In short, Google has not shown that its belated subpoenas to Mr. Peen and AMP Global are likely to yield discovery that bears on the question of standing, or on any other claim or defense.

Had Google served these non-party subpoenas during the discovery period, the subpoenas may well have passed muster under Rule 26(b)(1). However, Google must now show good cause to pursue discovery after expiration of the discovery cut-off. It has not made that showing. For the same reasons, Mr. Cabrera has shown good cause for a protective order to bar this belated non-party discovery.

## IV.  CONCLUSION

Mr. Cabrera's request for an order prohibiting enforcement of these subpoenas is granted. Google may not enforce its subpoenas to non-parties Mr. Peen and AMP Global.

---

[2] Google does not argue that this subject matter was encompassed by earlier discovery requests and improperly withheld from production by Mr. Cabrera.

[3] For example, the Court finds no allegations in the Fourth Amended Complaint that Training Options (and not Mr. Cabrera) paid the "overcharges" for the AdWords account.

4

**IT IS SO ORDERED.**

Dated: November 14, 2018

                                                  VIRGINIA K. DEMARCHI
                                                  United States Magistrate Judge