**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Michael G. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Brad E. Seidel, Of Counsel (*Pro Hac Vice*)
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

*Interim Co-Class Counsel and Counsel for Plaintiff Cabrera*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RICK WOODS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 5:11-cv-1263-EJD (VKD)<br><br>**PLAINTIFF RENE CABRERA'S OPPOSITION TO PLAINTIFF RICK WOODS' MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL** |

Plaintiff Rene Cabrera ("Cabrera") respectfully submits this opposition to Plaintiff Rick Woods' ("Woods") Motion for Leave to File Motion for Reconsideration of Order Appointing Interim Class Counsel (Dkt. 491) (the "Motion").

I.   ARGUMENT

The foundation of Woods' Motion is that "the dismissal of Cabrera's claims" constitutes a "new material fact" that warrants substituting new interim class counsel. Motion at 6. As Woods is aware, however, the Court has granted Cabrera leave to file a motion for the court to reconsider its order dismissing his claims. *See* N.D. Cal. L. Civ. R. 7-9(b)(2); *see also* Fed. R. Civ. P. 54(b). Cabrera's motion (Dkt. 495-2) sets forth meritorious grounds for the Court to reconsider its decision. Should the Court ultimately grant the relief that Cabrera seeks, there will no longer be any justification for Woods' motion. As a result, until Cabrera's motion is fully adjudicated, it is premature to consider Woods' Motion.

This is particularly true because putting Woods' Motion on hold will allow Cabrera the opportunity to revive his claims—which would in turn allow Interim Class Counsel to prosecute this eight-year-old action to its conclusion. There is no dispute here that having current Interim Class Counsel remain in the case would be the best possible outcome for the Class. In fact, Woods readily admits that it is in "the overall best interests of the absent class members to allow Cabrera to move ahead as putative class representative" because Interim Class Counsel has "litigated the case from its inception." Motion at 7.

To be sure, over the course of eight years of hard-fought litigation, Interim Class Counsel has amassed a wealth of institutional knowledge that cannot be replicated. To that end, Interim Class Counsel has spent over **15,000** hours prosecuting this case, which efforts include investigating the claims from inception, preparing the complaint, and reviewing the nearly one million pages of discovery produced by Google. Interim Class Counsel has also prepared for and taken the depositions of 28 fact and expert witnesses. Further, Interim Class Counsel, in conjunction with Plaintiffs' experts and consultants, has meticulously analyzed Google's click data sample that includes data for over 12,000 advertisers and 408 million AdWords clicks. As a result,

1

PLAINTIFF RENE CABRERA'S OPPOSITION TO PLAINTIFF RICK WOODS' MOTION FOR LEAVE
TO FILE MOTION FOR RECONSIDER OF ORDER APPOINTING INTERIM CLASS COUNSEL
CASE NO. 11-CV-1263-EJD (VKD)

1  Interim Class Counsel has developed an intensive and sophisticated understanding of the complex
2  record in this case.

3  Interim Class Counsel has also worked diligently to develop expert testimony to support the Class' allegations, including retaining, consulting with, and submitting expert reports from two merits experts and one damages expert.  Further, Interim Class Counsel has defended four depositions of Plaintiffs' experts and has prepared for and taken four depositions of Google's experts.  As a result of the testimony procured through these efforts, Interim Class Counsel has also filed a well-grounded motion to strike the declaration of one of Google's experts, which was, until recently, scheduled to be heard in conjunction with Cabrera's motion for class certification.

Moreover, Interim Class Counsel has a thorough understanding of the particular legal claims and defenses at issue here.  Indeed, Interim Class Counsel has filed at least 65 separate motions in this case and has opposed at least 15 motions.  In addition to fully briefing numerous discovery motions, a motion for class certification, and *Daubert* motions, Interim Class Counsel has successfully opposed three dispositive motions—two motions to dismiss and a motion for summary judgment.

All told, Interim Class Counsel has devoted years of hard and challenging work with the goal of advancing the claims in this Action for the benefit of Plaintiffs and the Class.  Cabrera strongly believes—and Woods concedes—that the Class would be harmed if the institutional knowledge that has been painstakingly developed by Interim Class Counsel was lost.

Finally, if the Court hears Cabrera's motion for reconsideration now and finds that he has standing to move forward, any delay in bringing this action to its conclusion will be minimized. Cabrera's motion for class certification is fully briefed and ready to be heard.  He is represented by counsel who are fully immersed in the complex facts and legal issues in this Action, and stands ready and able to promptly brief summary judgment and prosecute this case to trial.  On the other hand, as Woods *concedes*, "to engage new counsel almost certainly would[] require[] a request to extend scheduling deadlines even further to allow new counsel to get up to speed." Motion at 7.

2

PLAINTIFF RENE CABRERA'S OPPOSITION TO PLAINTIFF RICK WOODS' MOTION FOR LEAVE
TO FILE MOTION FOR RECONSIDER OF ORDER APPOINTING INTERIM CLASS COUNSEL
CASE NO. 11-CV-1263-EJD (VKD)

For all of these reasons, Cabrera respectfully submits that the Court should deny Woods' Motion as premature.

## II. CONCLUSION

Woods concedes that it would be in the best interests of the Class for Interim Class Counsel—who have been engaged in this Action for over eight years—to litigate it to conclusion. Before the Court considers substituting new counsel to represent the Class, therefore, Cabrera should be given an opportunity to be heard.

Dated: March 8, 2019   Respectfully submitted,

/s/ Matthew L. Mustokoff
Matthew L. Mustokoff

**KESSLER TOPAZ
MELTZER & CHECK, LLP**
Joseph H. Meltzer (Pro Hac Vice)
Matthew L. Mustokoff (Pro Hac Vice)
Margaret E. Mazzeo (Pro Hac Vice)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (Pro Hac Vice)
Michael G. Angelovich (Pro Hac Vice)
Bradley E. Beckworth (Pro Hac Vice)
Andrew G. Pate (Pro Hac Vice)
Brad E. Seidel, Of Counsel (Pro Hac Vice)
3600 N. Capital of Texas Highway
Building B, Suite 350
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

*Interim Co-Class Counsel and Counsel for Plaintiff Rene Cabrera*

## CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 8, 2019.

*/s/ Matthew L. Mustokoff*
Matthew L. Mustokoff
