UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RICK WOODS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:11-cv-01263-EJD<br><br>**ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW**<br>Re: Dkt. Nos. 491; 497; 506 |

## I. INTRODUCTION

Plaintiff Rick Woods ("Woods") moves for leave to file a motion for reconsideration of the court's May 3, 2011 order appointing interim class counsel (Dkt. No. 39). Co-plaintff Rene Cabrera ("Cabrera") seeks reconsideration of the court's order granting Google's motion to dismiss his claims without leave to amend (Dkt. No. 480). Kessler Topaz and Nix Patterson move to withdraw as counsel for Woods on the basis that Woods has recently retained attorneys from The Lanier Law Firm, P.C. to represent him. For the reasons set forth below, Woods's motion will be denied; Cabrera's motion will be denied; and Kessler Topaz and Nix Patterson's motion to withdraw as counsel will be granted.

## II. STANDARDS

Civil Local Rule 7-9(a) allows a party to seek leave to file a motion for reconsideration before the entry of a judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case. The party seeking leave to file a motion for reconsideration must "specifically

show reasonable diligence in bringing the motion" and one of the three grounds for reconsideration set forth in Civil Local Rule 7-9(b). The three grounds for reconsideration are:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999).

## II. DISCUSSION

### A. Woods's Motion for Leave to File Motion for Reconsideration

Woods moves for leave to file a motion for reconsideration of the court's May 3, 2011 order appointing interim class counsel (Dkt. No. 39). Woods terminated the court appointed interim class counsel, Nix Patterson and Kessler Topaz, in reaction to the court's order denying certification of Woods's class claims (Dkt. No. 366) and order granting Defendant Google LLC's ("Google") motion to dismiss Cabrera's claims (Dkt. No. 480). Woods contends that the termination of counsel and the court's rulings are new material facts that warrant reconsideration. The goal of Woods's motion is to have Woods's newly retained counsel, The Lanier Law Firm, P.C., replace Nix Patterson and Kessler Topaz as interim class counsel so that Woods may renew

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

2

his motion for class certification. Cabrera and Defendant Google oppose the motion.

Woods's purported new material facts do not warrant reconsideration because Woods has not shown reasonable diligence in bringing the motion for reconsideration. The order appointing interim class counsel was issued in 2011. In November of 2017, Google put Woods on notice of a conflict of interests between Woods and class members based on Woods's relationship with Nix Patterson and Kessler Topaz. Woods took no action to resolve the conflict issue. On January 19, 2018, Google filed a motion to deny class certification, devoting the entire motion to an examination of the conflict it had previously raised in November of 2017. Woods opposed the motion, contending that there was no conflict. On August 23, 2018, the court denied class certification on the basis of the conflict. In response to the court's order, Woods's chose to keep Nix Patterson and Kessler Topaz as interim class counsel and add another named plaintiff as a class representative, Cabrera, in an apparent attempt to resolve the conflict. In October of 2018, the court struck Woods's allegations in which Woods offered himself as a class representative. Dkt. No. 395. Woods still chose to continue with the litigation with Nix Patterson and Kessler Topaz as interim class counsel. It was not until the court dismissed Cabrera's claims approximately four months later, in February of 2019 (Dkt. No. 480), that Woods filed the instant motion. Woods has been on notice of the conflict issue since November of 2017, yet Woods has repeatedly made the deliberate and tactical decision to keep Nix Patterson and Kessler Topaz as counsel instead of retaining new class counsel. Woods has not shown reasonable diligence in bringing the motion for reconsideration.

Woods's motion for leave to file a motion for reconsideration (Dkt. No. 491) is DENIED.

//

//

//

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

3

**B. Cabrera's Motion for Reconsideration[1]**

Cabrera seeks reconsideration of the court's order granting Google's motion to dismiss his claims without leave to amend (Dkt. No. 480). Cabrera contends that reconsideration is warranted because:

> (1) Martin Peen's and AMP Global Investments, LLC's assignment of the claims at issue to Cabrera on March 5, 2019 constitutes a new material fact that enables Cabrera to cure his standing defect through a supplemental pleading pursuant to Fed. R. Civ. P. 15(d);
>
> (2) Cabrera's assignment of the claim under the Unfair Competition Law to Training Options, Inc. (which has been renamed RM Cabrera Company, Inc.) on March 6, 2019 constitutes a new material fact that enables RM Cabrera Company, Inc. to protect its interest and join the action under Fed. R. Civ. P. 15(d) and 21;
>
> (3) Martin Peen's and AMP Global Investments, LLC's ratification of Cabrera's commencement and continuation of this action on March 5, 2019 constitutes a new material fact that remedies Cabrera's error in naming the wrong party pursuant to Fed. R. Civ. P. 17(a)(3);
>
> (4) the Court manifestly failed to consider that Martin Peen's affidavit did not exist prior to the close of discovery, and when Cabrera opposed Google's request for Peen's deposition on November 5, 2018, neither he nor his counsel had any intent to affirmatively use Peen's testimony, given their honest belief that the claims at issue were Cabrera's alone and that Google had not yet filed a motion under Fed. R. Civ. P. 12(b)(1).

Cabrera's Motion for Leave to File Motion for Reconsideration, vi (Dkt. No. 495). Google opposes the motion, asserting that: Cabrera's purported "new facts" are neither admissible nor probative of Cabrera's standing; the Ninth Circuit's decision in *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 779 F.3d 1036 (9th Cir. 2015), is not new law; and neither Cabrera nor Woods should be granted leave to amend their claims. The court agrees.

---

[1] On March 7, 2019, Cabrera filed a motion for leave to file a motion for reconsideration. Dkt. No. 495. By order dated March 7, 2019, the court granted Cabrera' motion and set a deadline for Google to file a response. Dkt. No. 498. Google filed a timely response. Dkt. No. 505. Cabrera's administrative motion to file a reply (Dkt. No. 506) is DENIED.

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

4

### 1. "New Facts"

Cabrera's "new facts" consist of putative assignments and a ratification executed and provided to Google well after fact discovery closed. These belatedly procured documents are inadmissible under Rule 37(c)(1) of the Federal Rules of Civil Procedure unless the failure to provide the documents was substantially justified or harmless. Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information . . . as required by Rule 26(a) or (3), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."). Cabrera was not reasonably diligent in procuring these documents and their belated production is not substantially justified. In March of 2018, Woods sought leave to add Cabrera as a named plaintiff. A thorough pre-filing investigation should have included consideration of all facts relevant to Cabrera's standing, including Google's potential challenges to Cabrera's standing. In September of 2018, Cabrera sent his counsel documents relating to the Training Options, Inc. ("Training Options") sale. Evans. Decl., Ex. 3, at 136:10-12 (Dkt. No. 432-5). Yet it was not until mid-October of 2018 that Plaintiffs informed Google of the Training Options sale. Evans Decl., ¶ 3, Ex. 1 (Dkt. No. 505-2). Cabrera stated in his Responses to Google's Fifth Set of Interrogatories, October 19, 2018, Interrogatory No. 22, that he had "sold certain assets of the business through which he conducted training in 2009, including all customer information." *Id.* Cabrera did not reveal information about the actual sale of Training Options until six days before the close of discovery. Google's Opp. to Motion for Recon., 3 (Dkt. No. 505). When Google sought discovery from Training Options' buyers, AMP Global Investments, LLC ("AMP") and Martin Peen ("Peen"), Plaintiffs immediately moved for a protective order and represented to the court that "there is no compelling need for the document and testimony belatedly sought by Google given the clear and conclusive evidence of Mr. Cabrera's standing" and that "the subpoenas should be quashed as . . . unnecessary given the clear factual and legal basis for Mr. Cabrera's standing." Joint Discovery Letter Brief, 5-6 (Dkt. No. 421). Further, Cabrera failed to produce the Asset Purchase contract until after discovery closed.

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

5

Evans Decl. In Support of Motion to Dismiss, Ex. 7 (Dkt. No. 432-9). On November 13, 2018, Google filed its motion to dismiss which set forth in detail the factual and legal bases for challenging Cabrera's standing. Dkt. No. 432. Faced with Google's motion, Cabrera steadfastly maintained that he had standing despite the sale of Training Options and argued that Google was wrong as a matter of law. It was not until the court rejected Cabrera's arguments and dismissed his claims in February of 2019 that Cabrera procured the putative assignments and ratification. The litigation history summarized here reflects that Cabrera pursued what he thought was a winning litigation strategy and made legal arguments on standing based upon his view of the factual record. That Cabrera may have reasonably believed in the strength of his legal arguments on standing does not mean he was substantially justified and "reasonably diligent" in waiting until March of 2019 to procure the putative assignments and ratification.

Nor is Cabrera's failure to procure the putative assignments and ratification in a timely manner harmless. "The burden to prove harmlessness is on the party seeking to avoid Rule 37's exclusionary sanction." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (citing *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Cabrera does not argue that the belated procurement of the putative assignments and ratification was harmless, and he could not establish it was harmless even if he had. Cabrera objected to discovery from AMP and Peen and discovery has now closed. To allow consideration of the putative assignments and ratification now would require (a) reopening discovery to determine, among other things, whether AMP and Peen even have any interest to assign to Cabrera after the passage of ten years, (b) permitting additional rounds of motion practice, and (c) having the court revisit issues that have already been fully briefed and decided after years of litigation. The prejudice to Google if the court were to allow these further proceedings is manifest.[2]

---

[2] Google also makes a persuasive argument that Cabrera should be judicially estopped from relying on the putative assignments and ratification. "Judicial estoppel is an equitable doctrine

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

6

In sum, the purportedly new evidence does not justify reconsideration of the court's order dismissing Cabrera's claims.

### 2. Newly Cited *Northstar* Decision

Cabrera's motion for leave to file reconsideration relies extensively upon *Northstar Financial Advisors, Inc. v. Schwab Investments,* 779 F.3d 1036 (9th Cir. 2015), a case not previously cited in response to Google's motion to dismiss Cabrera's claims for lack of standing. Cabrera contends that under *Northstar*, he should be allowed to cure standing by filing a supplemental pleading based upon the recently executed assignments and ratification.

The *Northstar* decision is not "new law" under Civil Local Rule 7-9(b)(2) and does not justify reconsideration. The Ninth Circuit issued *Northstar* in 2015 and the decision was available to Cabrera years before Google brought its motion to dismiss. Hence, the *Northstar* decision does not reflect "a change of law occurring after the time of" the court's order dismissing Cabrera's claims. Civil L.R. 7-9(b)(2). Cabrera's failure to cite *Northstar* in opposition to Google's motion to dismiss does not justify reconsideration. "Leave to file for reconsideration will not be granted merely because a party regrets its choices in prior briefing." *Biggs v. Experian Info. Sols., Inc.*, No. 16-1507 EJD, 2016 WL 7175640, at *1 (N.D. Cal. Oct. 21, 2016) (quoting *Earll v. eBay Inc.*, No. 5:11-cv-00262-EJD, 2012 U.S. Dist. LEXIS 134965, at *6-7 (N.D. Cal. Sept. 20, 2012)).

Nor has Cabrera made the requisite showing to satisfy Civil Local Rule 7-9(b)(1), which requires Cabrera to show "that in the exercise of reasonable diligence" he did not know of *Northstar* "at the time" the court considered Google's motion to dismiss. Because Cabrera did not

---

that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). Judicial estoppel applies when (1) the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; (2) the party's later position is clearly inconsistent with its earlier position; and (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*. at 782-783. Each of these factors is met here for the reasons set forth in Google's Opposition to the Motion for Reconsideration, 9-10.

cite to *Northstar* in opposition to Google's motion to dismiss, Cabrera also cannot satisfy Civil Local Rule 7-9(b)(3). There cannot be a "manifest failure by the Court to consider" a legal argument that was never presented to the court in the first instance. *See Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (9th Cir. 1995) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.").

It is not appropriate for Cabrera to raise new arguments not previously presented to the court on a motion for reconsideration. *389 Orange Street Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir. 1999); *see Silicon Valley Self Direct, LLC v. Paychex, Inc*., No. 15-1055 JED, 2015 WL 5012820, at *2 (N.D. Cal. Aug. 24, 2015) ("Reconsideration does not allow party to raise arguments it should have made earlier."). In the context of Google's motion to dismiss, Cabrera previously argued that if granted leave to amend, Cabrera intended to allege that he reinstated Training Options on November 12, 2018, and that Training Options ratified Cabrera's commencement and continuation of this action. Alternatively, Cabrera represented that he intended to join Training Options pursuant to Rule 19 of the Federal Rules of Civil Procedure or substitute Training Options in as plaintiff pursuant to Rule 21 of the Federal Rules of Civil Procedure. The court considered and ultimately rejected these arguments. Cabrera now relies on *Northstar* to make a new standing argument based upon Peen and AMP's putative assignment of the claims at issue to Cabrera, Cabrera's putative assignment of the claims under the Unfair Competition Law to Training Options (which has been renamed RM Cabrera Company, Inc.), and AMP's putative ratification of the action. Cabrera could have procured these putative assignments and the ratification at any time before or while Google's motion to dismiss was pending, but instead submitted them after his complaint had been dismissed without leave to amend. A reconsideration motion is "not a vehicle for . . . presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *See Sequa Corp. v. GBJ*

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

8

1 *Corp.,* 156 F.3d 136, 144 (2nd Cir. 1998).

Moreover, *Northstar* is distinguishable. In that case, the court dismissed the complaint for lack of standing with leave to amend with a suggestion that this defect could be cured by amendment. *Northstar*, 779 F.3d at 1043. The plaintiff followed the court's suggestion and filed an amended complaint. *Id*. When the defendant renewed its motion to dismiss the complaint, the court treated the amended complaint as a supplemental complaint and denied the motion because the supplemental complaint had cured the standing deficiencies. *Id*. Unlike the plaintiff in *Northstar*, Cabrera did not submit the putative assignments and ratification while Google's motion was pending. The *Northstar* case is further distinguishable in that the standing issue was decided at the pleading stage before discovery had closed, and there was no suggestion of any prejudice to the defendant.

The putative assignments, putative ratification and the newly cited *Northstar* decision do not justify reconsideration of the court's order dismissing Cabrera's claims.

### **3. Martin Peen's Affidavit**

Lastly, Cabrera contends that reconsideration is warranted because the court "manifestly failed to consider that [ ] Peen's affidavit did not exist prior to the close of discovery, and when Cabrera opposed Google's request for Peen's deposition on November 5, 2018, neither he nor his counsel had any intent to affirmatively use Peen's testimony, given their honest belief that the claims at issue were Cabrera's alone and that Google had not yet filed a motion under Fed. R. Civ. P. 12(b)(1)." Cabrera's Motion, vi.

The court was fully aware of the circumstances that led to Cabrera submitting Peen's affidavit after the discovery cutoff. More importantly, the court determined that even if the Peen affidavit were properly before the court, the affidavit could not be used to vary or contradict the terms of the Standard Asset Purchase Contract and Receipt and did not establish Cabrera's standing.

Cabrera's motion for reconsideration is DENIED.

Case No.: 5:11-cv-01263-EJD
ORDER DENYING WOODS'S MOTION FOR LEAVE TO FILE MOTION FOR
RECONSIDERATION OF ORDER APPOINTING INTERIM CLASS COUNSEL; DENYING
CABRERA'S MOTION FOR RECONSIDERATION; GRANTING MOTION TO WITHDRAW

9

### C. Kessler Topaz and Nix Patterson Motion to Withdraw

Kessler Topaz and Nix Patterson move to withdraw as counsel for Woods on the basis that Woods retained attorneys from The Lanier Law Firm, P.C. to represent him. Google has not filed any opposition to the motion. The motion to withdraw (Dkt. No. 497) is GRANTED as unopposed.

**IT IS SO ORDERED.**

Dated: May 1, 2019

EDWARD J. DAVILA
United States District Judge