UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENE CABRERA,<br><br>    Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>    Defendant. | Case No. 5:11-cv-01263-EJD<br><br>**ORDER GRANTING MOTION TO JOIN AND AUTHORIZING FILING OF FIFTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 552 |

Pending before the Court is Plaintiff Rene Cabrera's ("Cabrera") motion to join RM Cabrera, Inc. ("RMC") f/k/a Training Options, Inc. ("Training Options") as a real party in interest pursuant to Federal Rule of Civil Procedure 17, as well as Rules 15, 19, 20 and 21, and for leave to file the proposed Fifth Amended Complaint. Dkt. No. 552. Defendant Google LLC ("Google") filed an opposition (Dkt. No. 556-2) and Cabrera filed a reply (Dkt. No. 560). The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).

"The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). "After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest." *Id.* "[T]he purpose of [Rule 17(a)(3)] is to prevent forfeiture of a claim when an honest mistake was made." *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017); *see also Rideau v. Keller Indep. Sch. Dist.*, 819 F.3d 155, 166 (5th Cir. 2016) ("A good-faith, nonfrivolous mistake of law triggers Rule 17(a)(3) ratification, joinder, or substitution.").

Case No.: 5:11-cv-01263-EJD
ORDER GRANTING MOTION TO JOIN

1

Here, Cabrera's request for joinder under Rule 17 was made within a reasonable time. Former Plaintiff Rick Woods sought leave to add Cabrera as a plaintiff in March of 2018. *See* Dkt. No. 286. The Court granted leave and in August of 2018, Cabrera was named as a plaintiff in the Third Amended Complaint. *See* Dkt. No. 368. Google first "objected" to Cabrera's real party in interest status in its motion to dismiss the Fourth Amended Complaint filed in November of 2018. *See* Def. Google LLC's Mot. to Dismiss Fourth Am. Compl., Dkt. No. 432. Cabrera responded diligently. In his opposition brief, Cabrera argued, among other things, that even if Training Options is the real party in interest, he must be permitted to rectify the "mistake" under Rule 17 by naming Training Options as a plaintiff. *See* Pls.' Opp'n to Def. Google LLC's Mot. to Dismiss Fourth Amended Compl., Dkt. No. 446 at 7. The Court considered Cabrera's request to join Training Options under Rule 17, and ultimately denied that request. *See* Order Granting in Part Def.'s Mot. to Dismiss, Dkt. No. 480 at 11-14. Again, Cabrera responded diligently. Within days of the Court's ruling on the motion, Cabrera sought reconsideration. *See* Pl. Cabrera's Notice of Mot. and Mot. for Leave to File Mot. for Reconsideration, Dkt. No. 495. After the Court denied Cabrera's motion for reconsideration, Cabrera appealed. Post appeal, on February 22, 2021, Google reasserted in a joint status report that Cabrera is not the real party in interest for both the breach of contract and UCL claims. Dkt. No. 536 at 5-6. Shortly thereafter, Cabrera notified the Court of his intent to file the instant motion (Dkt. No. 541) and filed the motion on March 18, 2021. Dkt. No. 552.

Cabrera contends that counsel's error in not naming RMC as an additional plaintiff was honest and understandable. The reasonableness of his belief is substantiated, to some extent, by the Ninth Circuit's decision holding that Plaintiff had a cognizable injury for standing purposes. Dkt. No. 533. The Ninth Circuit found: (1) "Cabrera was party to the AdWords contract"; (2) Cabrera "testified that he did not transfer the AdWords account when he sold T[raining] O[ptions] '[b]ecause it was [his] personal account'"; (3) Cabrera retained control over the AdWords account until 2018 by "continu[ing] to use the [] account from his personal email address"; and (4) "Cabrera's AdWords account was not cancelled for lack of activity until 2018, nine years after

Case No.: 5:11-cv-01263-EJD
ORDER GRANTING MOTION TO JOIN

2

Cabrera sold T[raining] O[ptions]." *Id.* at 3. Although Article III standing and real party in interest are separate requirements, they do overlap to the extent they both ask whether a plaintiff has a personal interest in the controversy. *Whelan v. Abell*, 953 F.2d 663, 672 (DC Cir. 1992). The Ninth Circuit's holding that Cabrera as a personal interest in the controversy for purposes of Article III standing lends some credence to Cabrera's assertion that he had the right to initiate suit as the real party in interest without RMC.

Google contends Cabrera did not make an honest mistake. Specifically, Google contends that Cabrera knew as long ago as 2009 that Training Options had paid for the ads in question, and then falsely claimed in 2018 that he had personally paid for them. The record suggests that Cabrera was less than forthcoming with information regarding Training Options. The Court, however, is not persuaded that the record shows Cabrera engaged in an intentional falsehood. Further, there is no evidence to suggest Cabrera gained a tactical advantage by proceeding without RMC or otherwise acted in bad faith. If anything, the failure to add RMC sooner was, in all likelihood, a costly oversight.

Google accuses Cabrera of failing to produce full and timely discovery regarding Training Options and his sale of its business and assets. Google also accuses Cabrera of manufacturing evidence about Training Options and the sale, and then engaging in a series of contradictory maneuvers. The Ninth Circuit had a different view. On appeal, the Ninth Circuit accepted Cabrera's evidence and held that it establishes Article III standing. There is no suggestion in the Ninth Circuit's majority decision that Cabrera had engaged in a "corporate shell game," as Google suggests.[1] The Ninth Circuit also found that Cabrera had not belated produced discovery. Dkt. No. 533 at 5.

For the reasons discussed above, Cabrera's purported misconduct is not a basis for denying Rule 17 joinder. *See Kinman v. Wells Fargo Bank, N.A.*, 2013 WL 523092, at *3 (E.D. Cal. Feb. 11, 2013) (although "[i]t is not clear that Plaintiffs' [Kenneth and Carol Kinmans'] mistake in

---

[1] However, Judge Tashima stated in his concurrence that Cabrera "appears to be no more than the classic straw purchaser." Dkt. No. 533 at 6.

Case No.: 5:11-cv-01263-EJD
ORDER GRANTING MOTION TO JOIN

3

bringing suit in their own names, rather than bringing suit as Kinman Properties, LLC, was an 'understandable' one . . . there is also no evidence before the Court suggesting that Plaintiffs made a strategic decision to sue in their own names, or acted in bad faith" and giving plaintiffs "the benefit of the doubt" by applying the "Rule 17(a)(3) safety valve").

Assuming Federal Rule of Civil Procedure 16 applies,[2] the Court concludes that there is good cause to allow RMC to be added as a party.[3] The central inquiry under the "good cause" standard is the plaintiff's diligence in seeking the amendment. *DRK Photo v. McGraw-Hill Educ. Holdings LLC*, 870 F.3d 978, 989 (9th Cir. 2017); *Branch Banking & Trust Co. v. D.M.S.I., LLC*, 871 F.3d 751, 764 (9th Cir. 2017); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607-09 (9th Cir. 1992). Although it would not be unreasonable to characterize Plaintiffs' counsel's litigation history as a series of delays and gamesmanship as Google suggests, the Court will give Cabrera the benefit of the doubt.[4] As outlined earlier in this order, Cabrera has been reasonably diligent since November 2018, when Google first raised the real party in interest issue in its motion to dismiss the Fourth Amended Complaint. Contrary to Google's assertion, Cabrera did not wait until he lost the motion to dismiss to request Rule 17 joinder; Cabrera's opposition to Google's motion to dismiss brief included the request. *See* Dkt. No. 446 at 16. Rather, Cabrera delayed procuring assignments and a ratification until after the Court's ruling on the motion to dismiss.

---

[2] *Compare Just Film, Inc. v. Merchant Services, Inc.*, 2012 WL 359746, at *2 (N.D. Cal. Feb. 2, 2012) (rejecting argument that Rule 16 applies to amendment to add real party in interest once amendment deadline has passed) *with BCC Merch. Sols., Inc. v. Jet Pay, LLC,* 129 F. Supp. 3d 440, 460 (N.D. Tex. 2015) ("courts have held that plaintiffs must show 'good cause' under Rule 16(b)(4), notwithstanding Rule 17(a)(3)).

[3] Cabrera did not waive any arguments regarding whether there exists good cause for the proposed joinder. *See*, *e.g.*, *Remington v. Mathson*, 2010 WL 1233803, at *2 n.3 (N.D. Cal. Mar. 26, 2010) ("[T]hough Defendants did not raise their argument . . . in their opening brief, the argument has not been waived because Defendants raised it in their reply in response to Plaintiff's opposition. Plaintiff, therefore, had the opportunity to address the . . . argument.").

[4] Most of the delay in this litigation has been due to decisions made by former Plaintiff Rick Woods and counsel, not Cabrera. Woods' and counsel's prosecution of this case has been highly unusual, and in some respects ill advised. Nevertheless, it would be unfair to fault Cabrera for any of the litigation decisions made before he entered the case.

Case No.: 5:11-cv-01263-EJD
ORDER GRANTING MOTION TO JOIN
4

1   The potential prejudice to Google does not justify denying Cabrera's motion to join RMC.
2   Google has already obtained significant discovery regarding RMC.  Although the addition of
3   another party will undoubtedly prolong the life of the case, the delay alone is not unduly
4   prejudicial to Google.  *Henderson v. Union Station Hous. Servs.*, 2020 WL 8413520, at *3 (C.D.
5   Cal. Dec. 28, 2020) ("'[E]xpenditure of time and money in litigation to defend a claim does not
6   constitute prejudice'") (quoting *Gillette v. Uber Techs.*, 2015 WL 4931793, at *4 (N.D. Cal. Aug.
7   18, 2015)).

8   Prior to the appeal, the Court expressed disapproval over Cabrera's failure to procure
9   assignments and a ratification earlier.  The Court also concluded that Google would be prejudiced
10  if the Court were to consideration the belatedly procured assignments and ratification.  The
11  Court's ruling today regarding joinder of RMC may appear inconsistent with the Court's earlier
12  comments.  However, the complexion of the case has been dramatically changed by the Ninth
13  Circuit's ruling.  The Ninth Circuit disagreed with this Court's standing analysis and further found
14  that Cabrera had not belatedly produced Mr. Peen's declaration.  Cabrera is accordingly entitled to
15  proceed with his suit, including joining RMC because the requirements of Rules 16 and 17 are
16  met.

17  Plaintiff's motion to join RMC is GRANTED.  Cabrera shall file the Fifth Amended
18  Complaint forthwith.  The parties shall meet and confer regarding a schedule for the case.  No
19  later than June 30, 2021, the parties shall advise the Court of the outcome of the meet and confer
20  efforts by filing either (1) a stipulation and proposed scheduling order; or (2) a joint statement not
21  exceeding seven (7) pages setting forth the parties' respective proposed schedules.  Further, the
22  parties are directed to submit chambers copies of all fully briefed motions that require a hearing
23  date.

24  **IT IS SO ORDERED.**

25  Dated:  June 15, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:11-cv-01263-EJD
ORDER GRANTING MOTION TO JOIN
5