UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RENE CABRERA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>GOOGLE LLC,<br><br>　　　　　Defendant. | Case No. 11-cv-01263-EJD   (VKD)<br><br>**ORDER RE MARCH 7, 2024 DISCOVERY DISPUTE RE DR. SUTHERLAND'S ACCESS TO CONFIDENTIAL INFORMATION; SEALING INFORMATION**<br><br>Re: Dkt. Nos. 737, 738, 748 |

　　　　The parties ask the Court to resolve their dispute concerning whether plaintiffs' expert/consultant, Dr. Joseph Sutherland, may continue to have access to materials designated confidential by defendant Google LLC ("Google") under the protective order.  Dkt. No. 738.  The Court heard oral argument on this matter on March 12, 2024.  Dkt. No. 744.

　　　　According to plaintiffs, Dr. Sutherland provided technical support to plaintiffs' testifying expert, Dr. James Gibson, in 2017 and 2018.  Specifically, Dr. Sutherland "loaded [Google's 2017] data sample onto his computer and ran queries designed by [Dr.] Gibson," and "reviewed Google's source code, . . . [a named plaintiff's] change history[,] and log files."  Dkt. No. 738 at 2.  In performing this work, Dr. Sutherland accessed materials designated confidential by Google under the protective order.  *Id.* at 5.

　　　　In 2023, Dr. Sutherland was employed for ten months as a senior manager in Amazon's advertising division, where he worked on "AdTech business ventures."  *Id.* at 2, 5.  While he was employed by Amazon, he retained notes of the work he had done on this matter in 2017 and 2018 and a copy of a draft motion to exclude an expert.  Dkt. No. 750 at 39:3-40:23.  Plaintiffs did not

1  disclose Dr. Sutherland's work for Amazon to Google, and apparently plaintiffs' counsel were not
2  aware that Dr. Sutherland had engaged in such work until Google's counsel brought it to their
3  attention. *Id.* at 47:13-17.
4        Dr. Sutherland consulted both his notes and the draft motion in November 2023. *Id.* at
5  40:2-23. More recently, Dr. Sutherland assisted Dr. Gibson in preparing proposed computer code
6  for identifying search-bundled clicks data on a class-wide basis. *Id.* at 44:25-45:3; *see also* Dkt.
7  No. 740-1. In so doing, Dr. Sutherland had access to Google's data field names. Dkt. No. 750 at
8  42:6-7.
9        Google objects that by virtue of his past work for Amazon, Dr. Sutherland should not have
10 access to Google's confidential information under the protective order. Dkt. No. 738 at 5-7.
11 Google notes that the protective order does not permit plaintiffs to share Google's confidential
12 information with an expert or consultant who is "a past or current employee of a Party or of a Party's
13 competitor." *See* Dkt. No. 103 § 2.7. There is no serious dispute that Amazon is a Google competitor,
14 particularly with respect to advertising or "AdTech." *See* Dkt. No. 750 at 43:5-44:14.
15       Plaintiffs argue that Google has not been harmed as a result of Dr. Sutherland's past work for
16 Amazon, and that there is no genuine risk of harm to Google if Dr. Sutherland is permitted to continue to
17 work on this matter. Dkt. No. 738 at 3-4. Plaintiffs say that the material in question is either public or
18 "stale" and not really deserving of protection, and that Google merely speculates about possible disclosure
19 of its information to Amazon. *Id.* The difficulty with plaintiffs' argument is that the parties negotiated and
20 stipulated to a proposed protective order with specific terms regarding permitted experts and designations
21 of protected material. The Court accepted their proposal and entered the order, and absent good cause, the
22 Court will enforce these terms. Because Dr. Sutherland worked for a Google competitor, the protective
23 order clearly prohibits him from having access to Google's confidential information, without Google's
24 permission. The record presented does not permit the Court to assess whether certain materials have been
25 improperly designated by Google under the protective order, but plaintiffs may, if they wish, challenge any
26 such designations. *See* Dkt. No. 103 § 6.
27       Invoking section 7.4(c) of the protective order, plaintiffs argue that notwithstanding section 2.7, it
28 is reasonably necessary for Dr. Sutherland to have access to Google's confidential information. Dkt. No.

738 at 4. Plaintiffs' showing on this point is not persuasive. Dr. Sutherland does not serve as a testifying expert in this case; rather, plaintiffs anticipate only that he will assist Dr. Gibson by writing computer code and running data queries. *Id.*; Dkt. No. 750 at 44:15-46:22. Plaintiffs concede that they could identify another expert/consultant who can perform this work. *Id.* In these circumstances, the Court concludes that it is not reasonably necessary for Dr. Sutherland to have access to Google's confidential information.

Accordingly, the Court orders that Dr. Sutherland may not have access to material Google has designated under the protective order. At plaintiffs' request, Google shall promptly identify its principal competitors for purposes of section 2.7 of the protective order to facilitated plaintiffs' ability to locate and retain a replacement expert/consultant for Dr. Sutherland.

Google also asks the Court to seal portions of the parties' joint discovery letter brief raising this dispute. *See* Dkt. Nos. 737, 748. Plaintiffs have not objected to this request. The Court finds that good cause exists to seal the portions of the joint discovery letter brief identified in Google's sealing request (Dkt. No. 737-4). *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). These materials shall remain sealed.

**IT IS SO ORDERED.**

Dated: April 3, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge