PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

May 31, 2024

**VIA ECF**
**PURSUANT TO SECTION 4(c) OF THE**
**COURT'S STANDING ORDER RE CIVIL CASES**

The Honorable Virginia K. DeMarchi
United States District Court for the Northern District of California
San Jose Courthouse, Courtroom 2 – 5th Floor
280 South 1st Street
San Jose, CA 95113

> Re: *Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD-VKD - Joint Discovery Letter Brief re: Plaintiffs' Request for Class Members' Identifying Information

Your Honor:

Plaintiffs and Class Representatives Rene Cabrera and RM Cabrera Company, Inc. ("Plaintiffs") and Defendant Google LLC respectfully submit this joint discovery letter brief pursuant to Section 4(c) of the Court's Standing Order re Civil Cases.

### STATEMENT OF ISSUE

**Plaintiffs' Statement**: Now that the Location Targeting ("LT") Class is certified, the Court is required by Rule 23 to direct notice to class members. To facilitate notice, Plaintiffs need LT Class members' contact information. It is not burdensome for Google to provide this data—LT Class members' clicks have already been identified, so Google need only provide the corresponding contact information. On April 8, Plaintiffs served Google with an interrogatory requesting this information. Exhibits A, B. Yet, Google has refused to provide this data, claiming it is premature. Google should be required to provide contact information so that notice can issue.

**Google's Statement**: Plaintiffs' motion for class notice–which they scheduled to be heard by Judge Davila on August 22–seeks Google's production of contact information for *all* AdWords users whose clicks are in the LT productions by 20 days after Judge Davila grants their motion. Dkt. 774-7. Plaintiffs' demand to Your Honor for immediate production of that same information is premature and inefficient and increases privacy risks without any corresponding benefit. The Court should deny Plaintiffs' motion without prejudice.

### PLAINTIFFS' POSITION

Judge Davila has set a February 2025 trial date in this case. Since Judge Davila certified two classes in August 2023, this Court has overseen and steered the production of the classwide data. The production of LT Class data is now complete. Accordingly, it is time for Google to identify the Class members whose click data has been produced. Class Counsel have duties to the Class, including communicating with Class members and carrying out a notice plan approved by the Court. The need for this information is self-evident.

1

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

Google has no basis to refuse to produce this information, nor can it identify any reason to delay production, yet it continues to do so. Google's position is that it should not produce this information now, but withhold it until after Judge Davila has granted Plaintiffs' motion to approve the class notice plan (Dkt. 774) (which is currently set to be heard on August 22, 2024), and at that point produce the information only to a claims administrator appointed by the Court.

Google's position is untenable under Federal Rules of Civil Procedure 23 and 26, and serves only to frustrate the ability of Class Counsel to perform its duties to prosecute the Court-certified claims on behalf of absent Class members.

1. **Plaintiffs' Interrogatories Requesting Class Member Identifying Information Are Proper**

Plaintiffs first sought identifying information for absent class members in 2015. Exhibit C at Rog. Nos. 1(c) & 2(c). Following the production of LT Class click data, Plaintiffs promptly asked Google to identify and provide contact information for each LT Class Member. Exhibit A at Rog No. 1.

   a. <u>The Information Sought Is Discoverable and Necessary</u>

Identifying information for the advertisers that comprise this certified Class is unquestionably discoverable. In civil cases, the first item required to be disclosed to the opposing party is the identifying information of individuals likely to have discoverable information. Fed. R. Civ. P. 26(a)(1)(A)(i), and courts in the Ninth Circuit routinely permit discovery of information to identify class members. *See AIIRAM LLC v. KB Home*, 2019 WL 2896785, at *3 (N.D. Cal. July 5, 2019) (DeMarchi, J.) (citing *Guzman v. Chipotle Mexican Grill, Inc.*, 2018 WL 6092730, at *2 (N.D. Cal. Nov. 21, 2018)); *Holland-Hewitt v. Allstate Life Ins. Co.*, 343 F.R.D. 154, 174 (E.D. Cal. 2022) ("class contact information is routinely found to be discoverable."); *Bell v. Delta Air Lines, Inc.*, 2014 WL 985829, at *3 (N.D. Cal. Mar. 7, 2014); *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011); *Wigele v. FedEx Ground Package Sys.*, 2007 WL 628041, at *2 (S.D. Cal. Feb. 8, 2007); *Putman v. Eli Lilly & Co.*, 508 F. Supp. 2d 812, 814 (C.D. Cal. 2007).

"The disclosure of names, addresses, and telephone numbers is a common practice in the class action context." *Artis v. Deere & Co.*, 276 F.R.D. 348, 352 (N.D. Cal. 2011). Even ***prior*** to a class being certified, such requests are permitted. In *AIIRAM LLC*, this Court approved, among other things, requests for production that sought "the names, addresses and telephone numbers of ALL PERSONS in the [putative classes]." 2019 WL 2896785, at *3-4 (compelling responses to RFP Nos. 17-18). Plaintiffs seek similar information here—class member names and email addresses (or a mailing address if an email address is unavailable)—information that Google does not deny it possesses.

It is axiomatic that Class Counsel are entitled to identifying information for the Class members they have been appointed to represent, where the information is available. It is a basic tenet of Rule 23 that "Class counsel must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4). Class Counsel is unable to fulfill this obligation if the defendant withholds the very information necessary to identify Class members.

2

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

Google's position—that it should only provide this information to an administrator and not to Class Counsel—would plainly restrict Class Counsel's ability to fairly and adequately represent the Class. This information is plainly necessary for Class Counsel to provide notice to the Class. "[T]he court must direct to class members the best notice that is practicable under the circumstances, including individual notice *to all members who can be identified through reasonable effort*." Fed. R. Civ. P. 23(c)(2)(B). Class Counsel cannot oversee the notice process without the requested information.

Moreover, it is Class Counsel's responsibility to communicate with Class members about the litigation and answer questions. *See, e.g.*, Dkt. 679-3 at 7-8 (referring Class Members to contact Class Counsel with inquiries about the case). Requiring Class Counsel to discharge these duties without access to Class members' names and contact information will create a highly inefficient and confusing process.

As it currently stands, Google knows the identity of, and can communicate directly with, Class members, but Class Counsel cannot. Allowing Google to know the identities of Class members and communicate with them, potentially about this case, without Class Counsel having any knowledge or ability to advise the Class regarding the claims and issues in the case would defy Rule 23.

  b.  <u>Class Members' Privacy Is Protected by this Court's Protective Order</u>

Google also objects to the production of Class member contact information based on privacy concerns. However, there is a longstanding protective order in this case that will protect sensitive information, including Class Member contact information. *See Holland-Hewitt*, 343 F.R.D. at 174. At bottom, Google is suggesting it would somehow be a violation of the Class Members' privacy to provide their names and contact information to the lawyers appointed by this Court to represent them. This objection should be overruled.

**2. Plaintiffs' Interrogatory Is Not Premature**

Google argues that producing the contact information now is premature because the Court should first rule on Plaintiffs' Notice Motion (Dkt. 774). Nothing in that Motion will impact the scope of the names and email addresses Google must produce. The Class members are who they are. They have now been identified by unique advertiser i.d. numbers in the click data produced by Google. There is nothing efficient about further delaying the unavoidable production of this information. When the Court appoints an administrator and approves the form of notice, Class Counsel will then be in an position to immediately provide the administrator will all the information it needs to promptly disseminate the notice to Class members.

Moreover, in the context of Plaintiffs' Notice Motion, which is set to be heard on August 22, Google has taken the position the parties should evaluate the overlap of membership between the classes before the Court determines the best notice plan. *See, e.g.*, Dkt. 773 at 10-11. Plaintiffs, however, cannot evaluate the overlap without class member contact information from Google. Thus, Google should be ordered to produce LT class member contact information now, in response to Plaintiffs' pending requests and should produce the same information for members of the Search

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

Bundled class promptly following production of the Search Bundled click data. That will allow Plaintiffs to evaluate overlap and provide this information to the Court in time for the August 22 hearing.

Google repeatedly claims it seeks to be "efficient" but provides no facts demonstrating how further delay in producing Class member contact information serves the goal of efficiency. Nor can Google explain how the Court's ruling on Plaintiffs' Notice Motion would impact the scope of the data to be produced for the LT Class. This is simply a delay tactic intended to keep this relevant and discoverable information out of Class Counsel's hands for as long as possible and hopefully generate a basis to push out the trial date.

The production of the Search Bundled Subclass click data is proceeding separately. There is no need or basis to wait for the production of that separate data to produce the names and addresses of the members of the LT Class. The case involves two distinct Classes, and, while there will undoubtedly be some overlap in Class membership, the two Classes are not comprised of the same individuals or entities.

Judge Davila made clear to both parties that he intends to keep the February 2025 trial date for this case and that the parties need to be efficiently moving towards that date. Withholding information Google admits it will have to produce eventually—and does not deny it could readily do now—serves no purpose other than delay. Because Google has no legitimate basis to continue to withhold Class members' contact information, Plaintiffs respectfully request Google be ordered to respond to Plaintiffs' Eighth and Ninth Set of Interrogatories within fourteen days.

## GOOGLE'S POSITION

Google has not "refused" to produce the requested information. Google will produce reasonably accessible contact information for AdWords users associated with clicks in the data productions (1) once class notice has been ordered and (2) the administrator is approved. In other words, there is no dispute about *whether* Google will produce the requested information— the issue is *when* and *how*.

As to "when," Plaintiffs' piecemeal demand for the immediate production of contact information related to just one of the two certified classes is inefficient and is contrary to Judge Davila's decision yesterday to defer briefing on Plaintiffs' recently-refiled class notice motion (Dkt. 774, 776). Moreover, Plaintiffs' demand is not ripe. Plaintiffs only served an interrogatory seeking some of the information at issue here nine days ago, and Google's response is not due until June 24, 2024. As to "how," Plaintiffs' counsel demand immediate access to this private information without appropriate protections. Those protections are even more necessary here, where Plaintiffs already violated the Protective Order. Dkt. 758.

Accordingly, Google requests that the Court deny Plaintiffs' motion without prejudice, pending resolution of Plaintiffs' parallel class notice motion (Dkt. 774), which will be supplemented, briefed, and heard after Google completes its production of search-bundled click data. The Court's ruling on that overlapping motion will likely resolve the issues presented by this discovery letter.

4

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

Plaintiffs' motion should also be denied as premature because one of the underlying discovery requests is not yet due. If the Court proceeds to the issue's merits, Google requests that the Court order that Google produce the reasonably accessible contact information for *both* classes following substantial completion of *all* classwide data production and after Judge Davila appoints a class notice administrator. Google further requests the Court order that the information be produced in a manner that protects the sensitive nature of the information—*i.e.*, directly to the appointed administrator, after Judge Davila's evaluation of its data protections is complete.

## I. Plaintiffs' Demand Is Premature.

Plaintiffs only requested contact information related to clicks in the May 2024 LT production on May 22, 2024, and Google's response is not due for several weeks. Accordingly, all Plaintiffs can seek now is contact information for a *subset* of the AdWords users whose clicks are in the data related to *one* of the two certified classes; namely, those AdWords users whose clicks were in the March 2024 LT production. But providing Plaintiffs contact information for that subset cannot advance the ball for class notice. Plaintiffs' motion should therefore be denied as premature.

Plaintiffs' efforts to compel a response to their April 8 interrogatory should also be denied. Google learned only during the parties' May 21 conferral that Plaintiffs were considering providing notice to the LT class without waiting for the Search-Bundled click production. And it was only *after* that call that Plaintiffs filed their motion for class notice, providing the context for their contact information demands. Google is evaluating how Plaintiffs' newly-filed class notice proposals may impact its responses to both the April 8 and May 22 interrogatories. Thus, deciding any part of this issue now makes little sense.

## II. Plaintiffs' Demand Is Inefficient And Could Be Better Addressed By Production After Judge Davila Approves A Notice Plan.

The most efficient way to proceed is to have the private contact information produced *once*, after click data productions—for both certified classes—are substantially concluded. Indeed, Judge Davila suspended briefing on Plaintiffs' motion for approval of class notice so that the Court could consider class notice issues with respect to both classes just once, *after* the Search-Bundled click data production. Dkt. 776. Judge Davila explained during a hearing yesterday, May 30, that his "visceral" reaction was that it was inefficient to handle notice issues one class at a time, and therefore suspended briefing on Plaintiffs' notice motion. Plaintiffs' counsel have not explained why they need contact information for only one class immediately, despite Judge Davila's suspension of briefing on their class notice motion.

Plaintiffs' counsel's stated reason for requiring this information is to effectuate class notice. But notice will not happen in the next few weeks; Plaintiffs' motion for approval of class notice, Dkt. 774, is currently scheduled to be heard on August 22. Even if the parties are able to brief class notice issues for both classes in time to keep that hearing date, notice will not be provided to the class until September at the earliest. It is therefore immaterial to notice whether Plaintiffs get this information now, as they demand, or shortly after Judge Davila grants a notice motion, as Google offered. Moreover, waiting to resolve this issue until after that notice motion is heard has the benefit of permitting the parties to engage in this production once: By August 22, Google is expected to have concluded its production of search-bundled click data, and the AdWords users whose clicks are contained in that production can soon thereafter be identified. Indeed, Judge

5

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

Davila indicated during yesterday's hearing that he wishes to adopt this efficient approach and resolve class notice issues in one stroke, after all relevant data productions are complete.

To the extent that Plaintiffs need information about the requested information for purposes of the class notice briefing—such as the extent of any overlap between the classes, as Plaintiffs note above—Google will confer with Plaintiffs about providing such information. While information about overlap must obviously await the production of search-bundled click data in the first instance, Google is willing to confer about providing information about the requested LT information at any time.

### III.  Plaintiffs' Demand Interferes with a Motion Pending Before Judge Davila.

Plaintiffs' demand is incompatible with their motion for approval of class notice filed last week, Dkt. 774. Before Judge Davila, Plaintiffs requested that Google be ordered to produce LT contact information "no later than twenty (20) calendar days following the entry" of an order granting their motion. Dkt. 774-7 at 3. That timeline–which gives Google more time to produce the data than its own suggestion of 14 days following such an order–makes good sense, as it permits Google to produce data only after Judge Davila approves a notice plan, but still provides the administrator enough time to initiate notice "no later than thirty (30) calendar days after the Court's entry of the notice order." Dkt. 774 at 8.

As Google has previously explained, it is improper for Plaintiffs to simultaneously place the same issue before this Court and Judge Davila. Dkt. 698 at 6 (collecting cases and explaining that "it is an abuse of process to file duplicative motions") (citation omitted). Plaintiffs' discovery motion should be denied so the first judge they raised this issue before–Judge Davila–is able to decide it.

### IV.  Plaintiffs' Demand Would Not Properly Protect The Personal And Confidential Information Requested.

The data Plaintiffs request consists of private information (names and contact information) for *millions* of AdWords users. Plaintiffs' counsel make much of the fact that they represent the class. As a result, the parties should be aligned about protecting this private information.[1] Waiting to produce this data until necessary minimizes the risk of jeopardizing the privacy of the information. Simply put, the broader the access to private information–and the longer that information is accessible–the greater the privacy risk. Google's proposal of providing information related to class notice within 14 days of an order approving class notice (Dkt. 773 at 15:8-10) also ensures that the production occurs only after Judge Davila has been able to evaluate the administrator's data protections, which he will have an opportunity to do in connection with Plaintiffs' motion for class notice.

Plaintiffs' counsel's response is that the protective order should protect this information. But a protective order is no guarantee that data will be safe. It is also not a guarantee there will be no unauthorized access, particularly given Plaintiffs' counsel's history of violating that protective

---

[1] In addition to being personally identifying information for millions of persons, this data could - if combined with Google's data productions to date - be used to identify AdWords users associated with particular clicks.

6

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

order. Dkt. 758 (finding that Plaintiffs' counsel violated protective order by improperly disclosing Google's confidential information). These security concerns thus provide an independent reason to reject Plaintiffs' proposal, and instead have production of contact information occur only when it is necessary for class notice.

Plaintiffs' counsel's remaining argument–that they are entitled to access this contact information–is a red herring. Google does not object to Plaintiffs' counsel *accessing* the produced contact information. But because the administrator is the one who will actually issue notice (and thus actually needs contact information), there is no reason to *produce* this information to Plaintiffs' counsel and then have counsel transmit it to the administrator, when Google could instead provide the data to the administrator directly. Google does not object to the administrator providing Plaintiffs' counsel secure access to the contact information while it is stored with the administrator.

## STATEMENT RE: HEARING

**Plaintiffs' Statement:** Plaintiffs believe a hearing is warranted.

**Google's Statement:** A hearing on Plaintiffs' concurrent motion for approval of class notice before Judge Davila, which also seeks a deadline for Google's production of the information at issue, is scheduled for August 22, 2024. Accordingly, a hearing before Your Honor is neither necessary nor appropriate at this time.

## DISCOVERY CUT-OFF DATES

**Plaintiffs' Statement:** Fact and expert discovery closed in December 2021, but the parties agreed to defer Google's production of class-wide data until after class certification.

**Google's Statement:** The Court has not yet set a current case schedule or scheduled any damages discovery cut-off.

## COMPLIANCE WITH MEET-AND-CONFER REQUIREMENT

The parties met and conferred by telephone on May 21, 2024. Participants included: Attorneys Matthew Mustokoff, Margaret Mazzeo, and Drew Pate for Plaintiffs, and Edward Johnson, Kristin Silverman, Elspeth Hansen, and Ankur Mandhania for Google.

PRIVILEGED & CONFIDENTIAL
ATTORNEY CLIENT PRIVILEGED

> Respectfully submitted,
>
> Matthew L. Mustokoff
> KESSLER TOPAZ MELTZER & CHECK, LLP
>
> *Counsel for Plaintiffs Rene Cabrera and RM Cabrera Company, Inc.*
>
> Edward D. Johnson
> MAYER BROWN LLP
>
> *Counsel for Defendant Google LLC*

## ATTESTATION

Pursuant to Civil Local Rule 5-1(i)(3), I, Matthew L. Mustokoff, attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

> Matthew L. Mustokoff
> KESSLER TOPAZ MELTZER & CHECK LLP
>
> *Counsel for Plaintiffs Rene Cabrera and RM Cabrera Company, Inc.*