# EXHIBIT 1

CONFIDENTIAL

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Michael G. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

*Counsel for Dr. Gibson and the Classes*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| RENE CABRERA and RM CABRERA COMPANY, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiffs,<br><br>      v.<br><br>GOOGLE LLC,<br><br>             Defendant. | Case No. 5:11-cv-1263-EJD<br><br>**NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS** |

　　　　Pursuant to Rules 26, 34, 36, and 45 of the Federal Rules of Civil Procedure, non-party Dr. James Gibson ("Dr. Gibson) hereby provides the following Responses and Objections to Defendant Google LLC's Subpoena to Produce Documents (the "Subpoena").

CONFIDENTIAL

## I.    OBJECTIONS TO DEFINITIONS

1.    **"Communication."**    Dr. Gibson objects to Defendant's definition of the term "Communication" (Definition No. 2) to the extent it renders the Requests overly broad and unduly burdensome and seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure.  Dr. Gibson also objects to this Definition to the extent it seeks electronically stored information ("ESI") from sources that are not reasonably accessible in light of the burdens and costs required to locate, restore, review, and produce whatever responsive information may be found, which Dr. Gibson is not required to produce under Federal Rule of Civil Procedure 45(e)(1)(D). Dr. Gibson will respond to each Request pursuant to his obligations under the Federal Rules of Civil Procedure and the Local Rules.

2.    **"Document."**    Dr. Gibson objects to Defendant's definition of the term "Document" (Definition No. 3) because, as used, it renders the Requests overly broad and unduly burdensome and seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules. Dr. Gibson also objects to this Definition because it potentially seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege and/or any other applicable privileges.  Dr. Gibson also objects to this Definition to the extent it seeks documents or ESI from sources that are not reasonably accessible in light of the burdens and costs required to locate, restore, review, and produce whatever responsive information may be found. Dr. Gibson will respond to each Request based on the definition of the term "Document" as set forth in Federal Rule of Civil Procedure 34.  Dr. Gibson will not produce any servers, hard drives, flash drives or other storage media described.  Notwithstanding this objection, Dr. Gibson will conduct a reasonably diligent search for responsive documents in his possession, custody, or control that are reasonably accessible, and will produce or make available for inspection responsive, relevant and non-privileged documents located as a result of that search.

3.    **"Relate to."**    Dr. Gibson objects to Defendant's definition of the term "relate to" (Definition No. 9) because, as used in the Requests, it renders the Requests overly broad, vague and ambiguous, and unduly burdensome and seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure.  Dr. Gibson interprets the term "relate to" (and/or any form thereof, e.g.,

CONFIDENTIAL

"related to") throughout his responses as specifically "mentioning" or "referring to," unless otherwise specified, as any other definition would fail to designate the documents requested with reasonable particularity and thus violate the Federal Rules.

## II.     OBJECTIONS TO INSTRUCTIONS

1.     Dr. Gibson objects to Instruction No. 1 (**Documents within Your possession, custody, or control**) to the extent it seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, the Local Rules, any orders of the presiding Court, or other applicable law.  Dr. Gibson also objects to the portion of this Instruction that requests Documents "in the possession, custody, or control of Your agents, attorneys, accountants, representatives or advisors" because it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege and/or any other applicable privilege, and documents protected from disclosure by the Stipulated Protective Order in this Action, which states: "all communications (regardless of the form) among Counsel for a Party, a Party's consulting experts, and that Party's testifying Expert, and all materials generated by a testifying Expert with respect to that person's work, are exempt from discovery unless they relate to the Expert's compensation or identify facts, data or assumptions relied upon by the Expert in forming any opinions in this litigation and such information is not already disclosed in the Expert's report."  Dkt. No. 103 § 14.6. Subject to and without waiving any objection, Dr. Gibson will comply with the duties and obligations imposed upon him pursuant to the Federal Rules of Civil Procedure.

2.     Dr. Gibson objects to Instruction No. 2 (**no Documents exist**) to the extent it seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure, for example, by requiring Dr. Gibson to "state that fact."  Subject to and without waiving any objection, Dr. Gibson will comply with the duties and obligations imposed upon him pursuant to the Federal Rules of Civil Procedure.

3.     Dr. Gibson objects to Instruction No. 3 (**manner of production**) to the extent it seeks to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure.  Subject to and without waiving any objection, Dr. Gibson will comply with the duties and obligations imposed upon him pursuant to the Federal Rules of Civil Procedure.

CONFIDENTIAL

4. Dr. Gibson objects to Instruction Nos. 5 and 6 (**privilege**) because they direct Dr. Gibson to provide information not required by the Federal Rules of Civil Procedure. Dr. Gibson further objects to the extent these Instructions seek documents or information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege (Fed. R. Civ. P. 26(b)(4)(D)), § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges. Dr. Gibson further objects to these instructions to the extent they seek to impose on him the obligation to produce a privilege log reflecting his communications with Plaintiffs' counsel. Section 14.5 of the Stipulated Protective Order states that "[n]either Party is required to log information sent or received by Counsel relating to this litigation at any time," and Section 2.13 defines "Party" to include "retained experts." Dr. Gibson further objects to these instructions to the extent they impose an undue burden on him in light of the volume of communications exchanged between Plaintiffs' retained experts and consultants. Subject to and without waiving any objection, Dr. Gibson will comply with the duties and obligations imposed upon him pursuant to the Federal Rules of Civil Procedure, the Local Rules, and as agreed in the Stipulated Protective Order.

5. Dr. Gibson objects to Instruction No. 7 (**continuing in nature**) to the extent it seeks to impose obligations in excess of those imposed by Federal Rule of Civil Procedure 45. Federal Rule of Civil Procedure 45 does not require a non-party to supplement productions made in response to a subpoena. Dr. Gibson also objects to Instruction No. 7 to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges. Subject to and without waiving any objection, Dr. Gibson will comply with the duties and obligations imposed upon him pursuant to the Federal Rules of Civil Procedure.

**III.    SPECIFIC RESPONSES AND OBJECTIONS TO THE REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

All Documents and Communications related to the making of copies, taking of photographs, and/or creating of transcripts of Google Confidential Documents labeled "HIGHLY CONFIDENTIAL – SOURCE CODE" by You or others, including but not limited to the images, .docx, and .ppt files mentioned in Stacey Kaplan's letter dated August 7, 2024, attached hereto as Exhibit 1.

-4-

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further objects to this Request to the extent it seeks documents and information outside of his possession, custody, or control. Dr. Gibson further objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications related to Your Communications regarding Google Confidential Documents or Google Confidential Information with any person other than Plaintiffs' counsel. This includes but is not limited to any confidentiality agreement that Mr. Christian Baehr signed as referenced in Stacey Kaplan's letter dated August 7, 2024, attached hereto as Exhibit 1.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

CONFIDENTIAL

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications related to Your Communications regarding Google Confidential Documents or Google Confidential Information with Dr. Joseph L. Sutherland after February 28, 2022.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that, based on his reasonably diligent search, he provided to or discussed with Dr. Joseph L. Sutherland the following Google Confidential Documents or Google Confidential Information after February 28, 2022:

**August 2023**

1. 2/6/2018 letter from E. Evans to M. Mustokoff

**January-February 2024 (all materials provided to Dr. Sutherland before February 17, 2024)**

2. Plaintiffs' February 15, 2024 data request

3. Production specification memos dated January 25, 2024 and January 30, 2024

4. Cabrera change history (GOOG00910471)

5. Cabrera log file (GOOG00910475)

6. Excerpts from Harrower deposition testimony

7. Excerpts from GOOG00681004, 00611659

8. 9/4/2018 spreadsheet containing AdWords location criteria

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications after February 28, 2022 related to Dr. Sutherland's access to or analysis, discussion, or use of any Google Confidential Document or Google Confidential Information in connection with the Action.

-6-

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further objects to this Request to the extent it seeks documents and information outside of his possession, custody, or control. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that, based on his reasonably diligent search, he provided to or discussed with Dr. Joseph L. Sutherland the following Google Confidential Documents or Google Confidential Information after February 28, 2022:

**August 2023**

1. 2/6/2018 letter from E. Evans to M. Mustokoff

**January-February 2024 (all materials provided to Dr. Sutherland before February 17, 2024)**

2. Plaintiffs' February 15, 2024 data request

3. Production specification memos dated January 25, 2024 and January 30, 2024

4. Cabrera change history (GOOG00910471)

5. Cabrera log file (GOOG00910475)

6. Excerpts from Harrower deposition testimony

7. Excerpts from GOOG00681004, 00611659

8. 9/4/2018 spreadsheet containing AdWords location criteria

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications related to Mr. Baehr's access to or analysis, discussion, or use of any Google Confidential Document or Google Confidential Information in connection with the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects

CONFIDENTIAL

1  to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

2  the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or

3  any other applicable privileges.

4      Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any

5  responsive, non-privileged documents, to the extent such documents exist and can be located through a

6  reasonably diligent search.

7

8  **REQUEST FOR PRODUCTION NO. 6:**

9      All Documents and Communications related to any discussions or Communications between You

10  and Dr. Sutherland, You and Mr. Baehr, You and any Plaintiffs' counsel, and/or others related to Dr.

11  Sutherland's employment at Amazon.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

13      Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

14  any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects

15  to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

16  the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or

17  any other applicable privileges.

18      Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any

19  responsive, non-privileged documents, to the extent such documents exist and can be located through a

20  reasonably diligent search.

21

22  **REQUEST FOR PRODUCTION NO. 7:**

23      All Documents relating to Dr. Sutherland's employment and/or application for employment at

24  Amazon.

25  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

26      Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

27  any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further

28  objects to this Request to the extent it seeks documents and information outside of his possession, custody,

CONFIDENTIAL

or control. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and Communications related to any discussions or Communications between You and Dr. Sutherland, You and Mr. Baehr, You and any Plaintiffs' counsel, and/or others related to Mr. Baehr's involvement in the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents and Communications related to any discussion or Communication with Dr. Sutherland, Mr. Baehr, any Plaintiffs' counsel, and/or others related to the employment, application for employment, or potential employment of Dr. Sutherland by a seller of Internet advertising, including but not limited to Amazon.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges. Dr. Gibson further objects as vague and ambiguous the term "seller of Internet advertising."

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 10:**

Documents and Communications sufficient to identify each individual who assisted You in Your preparation of the code and memorandum served on Google on March 1, 2024. For the avoidance of doubt, this request includes Documents and Communications related to Matthew Mustokoff's assertion on March 6, 2024 that "Dr. Sutherland assisted Dr. Gibson in preparing the code attached to Dr. Gibson's March 1 memo."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that other than Dr. Sutherland and Plaintiffs' counsel, no individual assisted "in preparing the code attached to Dr. Gibson's March 1 memo."

-10-

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE
LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

CONFIDENTIAL

1

**REQUEST FOR PRODUCTION NO. 11:**

2

     Documents and Communications sufficient to identify each individual who assisted You in Your

3

preparation of the code and memorandum served on Google on March 22, 2024.

4

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

5

     Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

6

any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects

7

to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

8

the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or

9

any other applicable privileges.

10

     Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that no code or

11

memorandum was served on Google on March 22, 2024.

12

13

**REQUEST FOR PRODUCTION NO. 12:**

14

     Documents and Communications sufficient to identify each individual who assisted You in Your

15

preparation of the code and memorandum served on Google on April 29, 2024.

16

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

17

     Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

18

any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects

19

to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

20

the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or

21

any other applicable privileges.

22

     Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that other than Mark

23

Reynolds, Jamarius Taylor, and Plaintiffs' counsel, no individual assisted in "preparation of the code and

24

memorandum served on Google on April 29, 2024."

25

26

**REQUEST FOR PRODUCTION NO. 13:**

27

     Documents sufficient to identify the dates on which Mr. Baehr first analyzed, discussed, or used

28

any Google Confidential Document or Google Confidential Information.

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 14:**

Documents sufficient to identify the Google Confidential Documents or Google Confidential Information that have at any time been in Dr. Sutherland and/or Mr. Baehr's possession, as well as the dates on which they possessed those documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further objects to this Request to the extent it seeks documents and information outside of his possession, custody, or control. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that he will produce all Google Confidential Documents or Google Confidential Information that he provided to Mr. Baehr. Dr. Gibson further states that, based on his reasonably diligent search, he provided to or discussed with Dr. Joseph L. Sutherland the following Google Confidential Documents or Google Confidential Information between 2017 and 2024:

**2017**

1. 10/30/2017 letter from E. Evans to M. Mustokoff

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

CONFIDENTIAL

2. 2017 click sample (Table 1 and Table 2)

3. Woods click data

4. Spreadsheet containing property codes

**2018**

1. 5/27/2015 letter from E. Evans to D. Pate

2. Attachment 1-AR (referenced in 5/27/2015 letter from E. Evans to D. Pate)

3. 10/30/2017 letter from E. Evans to M. Mustokoff

4. 2/6/2018 letter from E. Evans to M. Mustokoff

5. 2017 click sample (Table 1 and Table 2)

6. 9/4/2018 spreadsheet containing AdWords location criteria

7. Spreadsheet containing property codes for Cabrera's clicks

8. Appendix E to J. Gibson's 7/9/2015 expert report

9. 1/16/2018 J. Gibson expert report

10. Drafts of 5/15/2018 J. Gibson expert report

11. Drafts of 11/8/2018 J. Gibson expert report

12. Drafts of 12/20/2018 J. Gibson expert report

13. Draft response to 3/20/2018 Coatney Declaration

14. 3/20/2018 L. Wu expert report

15. 6/5/2018 L. Wu expert report

16. 11/29/2018 L. Wu expert report

17. Cabrera log file (GOOG00910475)

18. Draft outline for J. Gibson supplemental report (not finalized)

19. Excerpts from Kunz 30(b)(6) deposition testimony

20. Cabrera click data

21. GOOG00674315-56

22. Transcript of J. Althaus deposition

23. Woods click data

24. Draft of Plaintiffs' motion to strike expert declaration of L. Wu

CONFIDENTIAL

25. GOOG00523027

26. Excerpts from 3/20/2018 Coatney Declaration

27. Prod055 containing 224 sample log files

28. .ppt file containing pictures of Google source code

29. .doc file containing transcriptions of Google source code

30. .doc file containing notes regarding Google source code

31. PDF of December 2018 Source Code production

**December 2021**

1.  6/14/2018 Gibson expert report

**August 2023**

1.  2/6/2018 letter from E. Evans to M. Mustokoff

**January-February 2024 (all materials provided to Dr. Sutherland before February 17, 2024)**

1.  Plaintiffs' February 15, 2024 data request

2.  Production specification memos dated January 25, 2024 and January 30, 2024

3.  Cabrera change history (GOOG00910471)

4.  Cabrera log file (GOOG00910475)

5.  Excerpts from Harrower deposition testimony

6.  Excerpts from GOOG00681004, 00611659

7.  9/4/2018 spreadsheet containing AdWords location criteria

**REQUEST FOR PRODUCTION NO. 15:**

All Documents and Communications between You and Mr. Baehr regarding the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE
LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

CONFIDENTIAL

1        Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any

2    responsive, non-privileged documents, to the extent such documents exist and can be located through a

3    reasonably diligent search.

4

5    **REQUEST FOR PRODUCTION NO. 16:**

6        Documents sufficient to identify the dates, if any, on which Dr. Sutherland and/or Mr. Baehr was

7    instructed to destroy any Google Confidential Documents or Google Confidential Information in their

8    possession.

9    **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

10       Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

11   any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further

12   objects to this Request to the extent it seeks documents and information outside of his possession, custody,

13   or control. Dr. Gibson further objects to this Request to the extent it seeks documents and information

14   outside of his possession, custody, or control. Dr. Gibson objects to this Request to the extent it seeks

15   information protected from disclosure by the attorney-client privilege, the work product doctrine, the

16   consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable

17   privileges.

18       Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that he does not have

19   any documents responsive to this Request in his possession, custody, or control.

20

21   **REQUEST FOR PRODUCTION NO. 17:**

22       Documents sufficient to identify the dates, if any, on which Dr. Sutherland and/or Mr. Baehr was

23   instructed to stop accessing or reviewing Google Confidential Documents.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

25       Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

26   any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further

27   objects to this Request to the extent it seeks documents and information outside of his possession, custody,

28   or control. Dr. Gibson further objects to this Request to the extent it seeks documents and information

CONFIDENTIAL

outside of his possession, custody, or control. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that he does not have any documents responsive to this Request in his possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 18:**

Documents sufficient to identify the dates, if any, on which You were instructed not to share Google Confidential Documents or Google Confidential Information with Dr. Sutherland and/or Mr. Baehr.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 19:**

Documents sufficient to identify the dates, if any, on which You were instructed to not work or to stop work with Dr. Sutherland and/or Mr. Baehr in connection with the Action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege,

CONFIDENTIAL

1   the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or

2   any other applicable privileges.

3        Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any

4   responsive, non-privileged documents, to the extent such documents exist and can be located through a

5   reasonably diligent search.

6

7   **REQUEST FOR PRODUCTION NO. 20:**

8        All Documents and Communications related to Andrew Pate's assertion on February 26, 2024 that

9   "Dr. Sutherland has not had access to confidential information in this case since December 2018."

10  **RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

11       Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

12  any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further

13  objects to this Request to the extent it seeks documents and information outside of his possession, custody,

14  or control. Dr. Gibson also objects to this Request to the extent it seeks information protected from

15  disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, §

16  14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

17       Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that he does not have

18  any documents in his possession, custody, or control that relate to "Andrew Pate's assertation on February

19  26, 2024 that 'Dr. Sutherland has not had access to confidential information in this case since December

20  2018.'"

21

22  **REQUEST FOR PRODUCTION NO. 21:**

23       All Documents and Communications related to Dr. Sutherland's access to Google Confidential

24  Documents or Google Confidential Information after December 2018, including but not limited to any

25  restrictions or limitations on his access.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

27       Dr. Gibson objects to this Request as seeking documents and information that are not relevant to

28  any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further

CONFIDENTIAL

objects to this Request to the extent it seeks documents and information outside of his possession, custody, or control. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson states that, based on his reasonably diligent search, he provided to or discussed with Dr. Joseph L. Sutherland the following Google Confidential Documents or Google Confidential Information after December 2018:

**December 2021**

    1.  6/14/2018 Gibson expert report

**August 2023**

    1.  2/6/2018 letter from E. Evans to M. Mustokoff

**January-February 2024 (all materials provided to Dr. Sutherland before February 17, 2024)**

    1.  Plaintiffs' February 15, 2024 data request

    2.  Production specification memos dated January 25, 2024 and January 30, 2024

    3.  Cabrera change history (GOOG00910471)

    4.  Cabrera log file (GOOG00910475)

    5.  Excerpts from Harrower deposition testimony

    6.  Excerpts from GOOG00681004, 00611659

    7.  9/4/2018 spreadsheet containing AdWords location criteria

**REQUEST FOR PRODUCTION NO. 22:**

All Documents and Communications related to Dr. Sutherland's review of his notes or other Google Confidential Documents related to the Action in or around November 2023. For the avoidance of doubt, this request seeks all Documents and Communications related to Matthew Mustokoff's assertion on March 6, 2024 that "in November 2023, [Dr. Sutherland] reviewed notes that he wrote in 2018 . . . ."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson further

CONFIDENTIAL

objects to this Request to the extent it seeks documents and information outside of his possession, custody, or control. Dr. Gibson also objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents in his possession, custody, or control, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 23:**

All Documents and Communications related to payments or invoices, including unpaid requested payments and/or unpaid invoices, for Dr. Sutherland's work in connection with the Action, including but not limited to any invoices issued and/or paid in connection with work in the Action or Google Confidential Documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 24:**

All Documents and Communications related to payments or invoices, including unpaid requested payments and/or unpaid invoices, for Mr. Baehr's work in connection with the Action, including but not limited to any invoices issued and/or paid in connection with work in the Action or Google Confidential Documents.

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

CONFIDENTIAL

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 25:**

All Documents and Communications related to the stipulated protective order, Dkt. 103.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Dr. Gibson objects to this Request as seeking documents and information that are not relevant to any claims or defenses asserted in this Action or proportional to the needs of the case. Dr. Gibson objects to this Request to the extent it seeks information protected from disclosure by the attorney-client privilege, the work product doctrine, the consulting expert privilege, § 14.6 of the Stipulated Protective Order, and/or any other applicable privileges.

Subject to, and without waiver of, the foregoing objections, Dr. Gibson will produce any responsive, non-privileged documents, to the extent such documents exist and can be located through a reasonably diligent search.

DATED: October 7, 2024                     Respectfully submitted,

                                    **KESSLER TOPAZ
                                      MELTZER & CHECK, LLP**

                                    */s/ Matthew L. Mustokoff*
                                    Joseph H. Meltzer (*Pro Hac Vice*)
                                    Matthew L. Mustokoff (*Pro Hac Vice*)
                                    Margaret E. Mazzeo (*Pro Hac Vice*)
                                    280 King of Prussia Road

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

**CONFIDENTIAL**

1    Radnor, PA 19087
     Telephone: (610) 667-7706
2    Facsimile: (610) 667-7056

3

4    Stacey M. Kaplan (Bar No. 241989)
     One Sansome Street, Suite 1850
5    San Francisco, CA 94104
     Telephone: (415) 400-3000
6    Facsimile: (415) 400-3001

7

8    **NIX PATTERSON, LLP**
     Jeffrey J. Angelovich (*Pro Hac Vice*)
9    Michael G. Angelovich (*Pro Hac Vice*)
     Bradley E. Beckworth (*Pro Hac Vice*)
10   Andrew G. Pate (*Pro Hac Vice*)
     8701 Bee Cave Road
11   Building 1, Suite 500
     Austin, TX 78746
12   Telephone: (512) 328-5333

13   Facsimile: (512) 328-5335

14

15   *Counsel for Dr. Gibson and the Classes*

16

17

18

19

20

21

22

23

24

25

26

27

28

NON-PARTY DR. JAMES GIBSON'S AMENDED RESPONSES & OBJECTIONS TO GOOGLE
LLC'S SUBPOENA TO PRODUCE DOCUMENTS CASE NO. 5:11-cv-1263-EJD

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 7, 2024, a true and correct copy of the foregoing document was served via electronic mail and overnight mail upon all counsel of record.


*/s/ Margaret E. Mazzeo*
Margaret E. Mazzeo