# EXHIBIT 1

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001
-and-
Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**NIX PATTERSON, LLP**
Michael B. Angelovich (*Pro Hac Vice*)
Jeffrey J. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Trey Duck (*Pro Hac Vice*)
Jessica Underwood (*Pro Hac Vice*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333

*Counsel for Plaintiffs and the Classes*

**MAYER BROWN LLP**
Edward D. Johnson (SBN 189475)
wjohnson@mayerbrown.com
Kristin W. Silverman (SBN 341952)
ksilverman@mayerbrown.com
Elspeth V. Hansen (SBN 293193)
ehansen@mayerbrown.com
Ankur Mandhania (SBN 302373)
amandhania@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
Facsimile: (650) 331-2060

Andrew J. Pincus (*pro hac vice*)
apincus@mayerbrown.com
Daniel E. Jones (*pro hac vice*)
djones@mayerbrown.com
1999 K Street N.W.
Washington, D.C. 20006
Telephone: (202) 263-3000
Facsimile: (202) 263-5220

*Counsel for Defendant Google LLC*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| RENE CABRERA and RM CABRERA COMPANY, INC., Individually and On Behalf of All Others Similarly Situated, | Case No. 5:11-cv-1263-EJD |
| Plaintiffs, | **CLASS ACTION SETTLEMENT AND RELEASE AGREEMENT** |
| v. | |
| GOOGLE LLC, | |
| Defendant. | |

**PREAMBLE**

This Class Action Settlement Agreement ("Settlement Agreement," "Settlement," or "Agreement") is entered into by and among Plaintiffs RENE CABRERA and RM CABRERA COMPANY, INC. (collectively, "Plaintiffs"), on behalf of themselves and the Classes (as defined in Recital G and Dkt. 675), and Defendant GOOGLE LLC ("Google" or "Defendant" and, together with Plaintiffs, the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the above-captioned action ("Action") and all claims asserted therein.[1]

This Settlement Agreement is conditioned upon and subject to the final approval of the United States District Court for the Northern District of California (the "Court") as required by Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). The Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement, the Action and all Released Claims shall be finally and fully settled, compromised, and released, on the following terms and conditions:

**RECITALS**

The following recitals are incorporated by reference and are considered part of the Settlement Agreement:

    A.  This Action involves certified classes related to the Location Targeting and Search Bundling elements of Google's prior AdWords program. The Location Targeting allegations relate to the time period of January 1, 2004 to March 22, 2011. The Search Bundling allegations relate to the time period of June 1, 2009 to December 13, 2012. These classes involve no alleged conduct after December 13, 2012.

    B.  This Action was initiated on March 15, 2011 with the filing of the initial complaint by former plaintiff Rick Woods ("Woods") on behalf of a putative class of Google advertisers.

    C.  Extensive motion practice and discovery proceeded with the parties arriving at the class certification stage in 2018.

    D.  The Court denied class certification at that time based on a finding that, due to a conflict, Woods was inadequate to represent the putative class. The Court granted leave to amend to substitute in a new proposed class representative.

    E.  Thereafter, Plaintiff Rene Cabrera ("Cabrera") joined the suit and filed a renewed motion for class certification on November 18, 2018. Google opposed Cabrera's renewed motion on November 30, 2018 (Dkt. 444), and filed multiple motions under *Daubert* related to Plaintiff's experts at the class certification stage, as well as a motion to dismiss.

    F.  The Court granted Google's motion to dismiss Cabrera for lack of standing. Subsequently, Woods settled his individual claims and Cabrera appealed the dismissal of his claims. The U.S. Court of Appeals for the Ninth Circuit reversed the dismissal and remanded for further proceedings.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in Section 1 below.

G. In 2021, Plaintiff Cabrera was joined by RM Cabrera Company, Inc. ("RMC"), his company, as a named Plaintiff, and the Court ordered a supplemental round of briefing related to class certification. On June 17, 2021, Plaintiffs filed the operative Fifth Amended Class Action Complaint (Dkt. 567). Google filed a supplemental brief in opposition to class certification on January 31, 2022 (Dkt. 598) and a motion for summary judgment on March 14, 2022 (Dkt. 615).

H. Pursuant to an Order dated August 15, 2023 (Dkt. 675), the Court certified two classes under Rule 23 and denied Google's motion for summary judgment. Specifically, the Court certified a "Location Targeting Class" and a "Search Bundled Clicks Class" (collectively, the "Classes"). With respect to the Location Targeting Class, Plaintiffs alleged claims against Google for violation of California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§17200 *et seq.*, in connection with its settings screen for allegedly misleading advertisers into believing that Google would limit the distribution of their ads to users located in the geographic locations designated by advertisers. With respect to the Search Bundled Clicks Class, Plaintiffs alleged that Google breached its contract with this Class by failing to apply its measurements regarding the cost of clicks.

I. Thereafter, the Court appointed Angeion Group, LLC as administrator to facilitate notice of the pendency of the Action to the Classes and ordered notice to be sent to the Classes pursuant to Rule 23 ("Class Notice"). The Class Notice provided Class Members with the opportunity to request exclusion from the Class(es), explained that right, and set forth the procedures for doing so. The Class Notice also informed Class Members that if they chose to remain a member of the Class(es), they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable []." There were 41 requests for exclusion from the Location Targeting Class and 32 requests for exclusion from the Search Bundled Clicks Class. *See* Appendix 1 hereto.

J. During this same time, the Parties prepared the claims for trial, with a trial date set in February 2025.

K. The Parties mediated this case several times over the years (in April 2014, January 2015, February 2018, and April 2021), with multiple mediators, and ultimately participated in two settlement conferences with the Honorable Virginia K. DeMarchi (in May and December 2024). The Parties reached an agreement-in-principle to resolve the Action on December 24, 2024 following a double-blind mediator's proposal issued by Judge DeMarchi.

L. Plaintiffs believe that Google is liable for the conduct at issue in the Action and that Plaintiffs would have ultimately succeeded at trial. Nonetheless, Plaintiffs and Class Counsel recognize that Google has raised defenses concerning both liability and damages in the Action that present a material risk that Plaintiffs may not have prevailed. Plaintiffs and Class Counsel also have taken into account the uncertain outcome of trial and any appeal. Plaintiffs and Class Counsel therefore believe that it is desirable that the Released Claims (as defined below) be fully and finally compromised, settled, resolved with prejudice, and barred pursuant to the terms of this Agreement.

M. Plaintiffs have conducted substantial and meaningful discovery, and have analyzed and evaluated the merits of the claims made to date against Google in the Action, and the impact of this Agreement on Plaintiffs and the Classes. Plaintiffs further recognize the substantial risks of continued litigation, including the possibility that the Action, if not settled now, might not result in any recovery whatsoever for the Classes, or

might result in a recovery that is less favorable to the Classes, and that any such recovery would not occur for several years. Based upon their analysis and evaluation of a number of factors, including the risks just discussed, Plaintiffs are satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interest of the Classes.

N. At all times, Google has denied, and continues to deny, any and all alleged wrongdoing. Specifically, Google denies that its conduct violated any law or contract, and it was prepared to present a vigorous defense at trial. Nonetheless, taking into account the uncertainty and risks inherent in trial, Google has concluded that further defense of the Action would be burdensome and expensive. Google believes that it is desirable and beneficial to fully and finally settle and terminate the Action in the manner and upon the terms of this Agreement.

**IT IS THEREFORE HEREBY STIPULATED AND AGREED** by and among Plaintiffs, on behalf of themselves and the Classes, and Google, by and through their respective counsel, that, subject to final approval of the Settlement by the Court after a hearing as provided for in this Agreement and under Rule 23, or as otherwise ordered by the Court, and in consideration of the benefits flowing to the Parties from the Agreement, the Action and the Released Claims shall be fully and finally compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions set forth in this Agreement.

## 1. DEFINITIONS

Whenever the following capitalized terms are used in this Agreement and in the attached exhibits (in addition to any definitions elsewhere in this Agreement), they shall have the following meanings:

1.1. **"Action"** means *Rene Cabrera, et al. v. Google LLC*, Case No. 11-cv-1263-EJD, formerly captioned as *Rick Woods v. Google LLC*, pending in the United States District Court for the Northern District of California.

1.2. **"AdWords Program"** means the program, now known as Google Ads, which allows advertisers to create and display advertisements on webpages within Google's advertising networks.

1.3. **"Allocation Methodology"** means the methodology set forth in the Settlement Notice that Class Counsel propose to use in order to calculate the *pro rata* amount of the Net Settlement Fund to be sent to each Participating Class Member.

1.4. **"Class Counsel"** means the law firms of Kessler Topaz Meltzer & Check, LLP and Nix Patterson, LLP.

1.5. **"Class Member"** means a member of the Location Targeting Class and/or the Search Bundled Clicks Class. The term Class Member does not include (i) the individuals and entities excluded from the Classes by definition; (ii) the individuals and entities who previously requested exclusion from the Classes pursuant to Class Notice (as listed on Appendix 1 hereto) and do not opt back into the Class(es) in connection with the Settlement as set forth in Section 4.2.4 below; and (iii) the individuals and entities who submit timely and valid requests for exclusion from the Class(es) in connection with the Settlement.

1.6. **"Class Representatives" or "Plaintiffs"** mean Rene Cabrera and RMC.

1.7. **"Court"** means the United States District Court for the Northern District of California, the Hon. Edward J. Davila presiding, or any judge who succeeds him as the judge in this Action.

3

1.8. **"Day" or "Days"** refers to calendar days.

1.9. **"Defendant"** means Google LLC.

1.10. **"Distribution Date"** means the date that the Settlement Administrator begins distributing Settlement Payments to Participating Class Members. The Distribution Date shall be no later than one hundred and twenty (120) days following the later of the Effective Date of the Settlement and the Court's entry of an order awarding attorneys' fees and expenses.

1.11. **"Effective Date"** means the first date after the Final Approval Order is entered granting approval to the terms of this Agreement without modification (unless any modification is accepted by all Parties to this Agreement) ***and*** either of the following events also has occurred: (i) the date upon which the time to appeal the Final Approval Order expires with no appeal having been filed; or (ii) the date upon which any appeal of the Final Approval Order is successfully resolved such that, in either case, the Final Approval Order approving this Agreement is no longer subject to any challenge on direct appeal.

1.12. **"Email Notice"** means the direct notice of the Settlement and the Final Fairness Hearing that will be emailed to Class Members, substantially in the forms attached hereto as Exhibit A-1.

1.13. **"Escrow Agent"** means The Huntington National Bank.

1.14. **"Exclusion List"** means the final list of (i) all individuals and entities who requested exclusion from the Class(es) pursuant to Class Notice and do not opt back into the Class(es) in connection with the Settlement as set forth in Section 4.2.4 below; and (ii) all individuals and entities who timely and validly request exclusion from the Class(es) in connection with the Settlement.

1.15. **"Fee and Expense Award"** means the amount of attorneys' fees and reimbursement/payment of costs and expenses awarded to Class Counsel by the Court from the Settlement Fund.

1.16. **"Final"** means, with respect to any judicial ruling or order, that: (a) if no appeal, motion for reconsideration, re-argument and/or rehearing, or petition for writ of certiorari has been filed, the time has expired to file such an appeal, motion, and/or petition; or (b) if an appeal, motion for reconsideration, re-argument and/or rehearing, or petition for a writ of certiorari has been filed, the judicial ruling or order has been affirmed with no further right of review, or such appeal, motion, and/or petition has been denied or dismissed with no further right of review.

1.17. **"Final Approval Order"** means the final judgment and order, substantially in the form attached hereto as Exhibit B, to be entered by the Court, following the Final Fairness Hearing, approving the Settlement and dismissing the Action with prejudice pursuant to Federal Rule of Civil Procedure 58(a).

1.18. **"Final Fairness Hearing"** means the hearing set by the Court under Federal Rule of Civil Procedure Rule 23(e)(2) to consider final approval of the Settlement and where the Parties will request the Final Approval Order be entered approving this Agreement and where Class Counsel will request that the Court approve their request for attorneys' fees and expenses and a Service Award to Plaintiffs.

1.19. **"Google's Counsel"** means the law firm of Mayer Brown LLP.

4

1.20.    **"Litigation Expenses"** means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action for which Class Counsel intend to apply to the Court for payment or reimbursement from the Settlement Fund.

1.21.    **"Location Targeting Class"** means the following class as defined and certified by the Court in Dkt. 675 at 49:  All persons and entities located in the United States who, between January 1, 2004 and March 22, 2011, advertised through Google's AdWords Program and paid for clicks on their Google AdWords advertisement(s), where such clicks did not originate from the location selected by the advertiser. Excluded from the Location Targeting Class are Google and its affiliates, officers, and directors, as well as members of the judiciary, their staff and jurors in this case. Also excluded are (i) the individuals and entities who requested exclusion from the Location Targeting Class pursuant to Class Notice (as listed on Appendix 1 hereto) and do not opt back into the Location Targeting Class in connection with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Location Targeting Class in connection with the Settlement.

1.22.    **"Net Settlement Fund"** means the Settlement Fund, reduced by the sum of the Notice and Administrative Costs, any Taxes, any Service Award, and any Fee and Expense Award.

1.23.    **"Notice" or "Settlement Notice"** means the notice of this proposed Settlement and of the Final Fairness Hearing to be posted on the Settlement Website and/or mailed/emailed to Class Members upon request, substantially in the form attached hereto as Exhibit A-2.

1.24.    **"Notice and Administrative Costs"** means, as set forth in Section 3.4, the costs and expenses incurred by the Settlement Administrator in disseminating notice of the Settlement to the Classes; updating the Settlement Website; the administrative processing, handling, review, and distributing of Settlement Payments and Residual Unclaimed Funds; and all other expenses reasonably necessary for the effective notice and administration of the Settlement pursuant to the terms of this Agreement and the Preliminary Approval Order.

1.25.    **"Notice Date"** means the date on which the Email Notice is emailed to Class Members. The Notice Date shall be as soon as reasonably practicable but no later than 20 days following the Court's entry of the Preliminary Approval Order.

1.26.    **"Objection"** means the formal written notice that a Class Member may submit to the Court in order to object to the Settlement or any aspect thereof.

1.27.    **"Objection and Exclusion Deadline"** means the date by which an Objection to the Settlement, or any aspect thereof, must be submitted to the Court or a request for exclusion must be submitted to the Settlement Administrator. The Objection and Exclusion Deadline shall be no later than seventy-five (75) days from the Notice Date or as ordered by the Court.

1.28.    **"Objector"** means a person or entity who submits an Objection.

1.29.    **"Opt Out"** means a Class Member who timely and properly submits a request for exclusion, a Class Member who previously requested exclusion from the Classes pursuant to Class Notice (as listed on Appendix 1 hereto) and who does not opt back into the Class(es) in connection with the Settlement as set forth in Section 4.2.4 below, or who is otherwise excluded from the Classes by order of the Court.

1.30.    **"Parties"** means Plaintiffs Rene Cabrera and RM Cabrera Company, Inc., on behalf of themselves and the Classes, and Defendant Google LLC.

5

1.31.     **"Participating Class Member"** means an individual or entity that is eligible to receive a payment under the Settlement based on an assessment by Plaintiffs' experts of data produced by Google in this Action, submits a completed Payment Election Form, and is not an Opt Out.

1.32.     **"Payment Form" or "Claim Form"** means the form a Class Member must complete and submit to the Settlement Administrator in order to be eligible to receive a Settlement Payment, substantially in the form attached hereto as Exhibit A-4. The Payment Form will be available on the Settlement Website and a link to the Payment Form will be provided in the Email Notices.

1.33.     **"Preliminary Approval Order"** means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and authorizing dissemination of notice of the Settlement and the Final Fairness Hearing to the Classes.

1.34.     **"Released Claims"** means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, asserted in this Action or arising out of or in any way related to the subject matter giving rise to the claims in this Action during the class period as defined for each Class. Released Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims of the individuals and entities who requested exclusion from the Classes pursuant to Class Notice (as listed on Appendix 1 hereto) and do not opt back into the Classes in connection with the Settlement; and (iii) any claims of the individuals and entities who submit timely and valid requests for exclusion in connection with the Settlement. Released Claims include, but are not limited to, all claims asserted in the Action as of the date this Agreement is executed.

1.35.     **"Releasees"** means Defendant (Google LLC), Alphabet Inc., and XXVI Holdings Inc., and their current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, and assigns, and all other individuals and entities acting on their behalf.

1.36.     **"Releasing Parties"** means Plaintiffs and all other Class Members, on behalf of themselves and any current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, and assigns; and all other individuals and entities acting on Plaintiffs' or any other Class Member's behalf.

1.37.     **"Residual Unclaimed Funds"** means any portion of the Net Settlement Fund that has not been deposited, cashed or otherwise claimed by a Participating Class Member.

1.38.     **"Search Bundled Clicks Class"** means the class as defined and certified by the Court in Dkt. 675 at 29: All persons and entities located in the United States who, between June 1, 2009 and December 13, 2012, advertised through Google's AdWords Program and paid for clicks on ads on Google's Display Network where the advertiser's settings allowed its ads to show on both the Search and Display Networks and did not set a Display Network bid different from the Search Network bid. Excluded from the Search Bundled Clicks Class are Google and its affiliates, officers, and directors, as well as members of the judiciary, their staff and jurors in this case. Also excluded are (i) the individuals and entities who requested exclusion from the Search Bundled Clicks Class pursuant to Class Notice (as listed on Appendix 1 hereto) and do not opt back into the Search Bundled Clicks Class in connection

with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Search Bundled Clicks Class in connection with the Settlement.

1.39.    **"Service Award"** means the award to be sought by the current Plaintiffs in consideration for their service as class representatives during the course of the Action and approved by the Court. Any such Service Award is separate and apart from any Settlement Payments Plaintiffs may receive from the Settlement, as set forth in Section 8 below.

1.40.    **"Settlement Account"** means an account or Qualified Settlement Fund authorized by Treasury Regulation 1.468B-1(c) maintained at The Huntington National Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

1.41.    **"Settlement Administrator"** means Angeion Group, LLC, the firm retained by Class Counsel and approved by the Court in connection with Class Notice, subject to the continuing approval of the Court, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

1.42.    **"Settlement Agreement"** or **"Agreement"** means the settlement embodied in this Class Action Settlement and Release Agreement, including all attached Exhibits (which are an integral part of this Agreement and are incorporated in their entirety by reference).

1.43.    **"Settlement Amount"** means a cash fund of $100,000,000.00, to be paid by Google in accordance with the terms of this Settlement Agreement.

1.44.    **"Settlement Fund"** means the Settlement Amount plus any and all interest earned after deposit of the Settlement Amount into the Settlement Account.

1.45.    **"Settlement Notice Ads"** means the ads, substantially in the forms attached hereto as Exhibit A-3, to be transmitted by the Settlement Administrator over various media platforms for a duration of not less than thirty (30) days beginning ten (10) days after the Notice Date.

1.46.    **"Settlement Payment"** means the amount a Participating Class Member shall receive from the Net Settlement Fund calculated pursuant to the Allocation Methodology.

1.47.    **"Settlement Website"** means the website created in connection with Class Notice, https://www.adwordsclicksclassaction.com, on which the Settlement Notice and other information related to the Settlement will be posted after the Court's entry of a Preliminary Approval Order.

1.48.    **"Taxes"** means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including without limitation, expenses of tax attorneys and accountants).

## 2.    SETTLEMENT RELIEF

2.1.    **Settlement Fund.** This Agreement is for settlement purposes only, and to the fullest extent permitted by law, neither the fact or content of this Agreement or its attachments, nor any action based on it, shall constitute, be construed as, or be admissible in evidence as an admission of the validity of any claim, of any fact alleged by Plaintiffs in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any Party. Likewise, neither the fact or content of this Agreement, nor any action based on it, shall constitute, be construed as, or be admissible in evidence as an admission by any of the Parties of the validity or lack thereof of any claim, allegation, or

7

defense asserted in this Action, or in any other action. Google expressly denies any liability or wrongdoing.

2.1.1.  Subject to the terms of this Agreement, Google agrees to deposit the Settlement Amount ($100,000,000.00) into the Settlement Account to create a non-reversionary Settlement Fund. Class Counsel will provide Google's Counsel with all information necessary to effectuate a transfer of funds to the Settlement Account.

2.1.2.  Within forty-five (45) days of the later of: (a) entry of the Preliminary Approval Order or (b) the date upon which the Settlement Administrator causes the necessary W9 and payment information to be available to Google, Google shall pay $1,000,000 (the "Initial Deposit") into the Settlement Account for the Notice and Administrative Costs that will be incurred to provide notice to Class Members. This amount will be credited towards the amount Google must pay into the Settlement Fund. This deadline may be extended by mutual consent of the Parties.

2.1.3.  Following entry of the Preliminary Approval Order, and after payment of the Initial Deposit, Google will pay any subsequent amounts that exceed the Initial Deposit that are invoiced by the Settlement Administrator for Notice and Administrative Costs and approved by Google and Class Counsel (the "Supplemental Payment(s)"), within 60 days of such approval. Any Supplemental Payment(s) will be credited towards the amount Google must pay into the Settlement Fund. Once the Final Deposit (defined below) has been made and prior to distribution of Settlement Payments to Participating Class Members, Class Counsel may pay from the Settlement Fund all unpaid Notice and Administrative Costs incurred by Angeion and all Notice and Administrative Costs which will be incurred by Angeion to distribute the Net Settlement Fund to Participating Class Members.

2.1.4.  Google will pay the outstanding Settlement Amount (minus any Initial Deposit or Supplemental Payments) into the Escrow Account within 35 days of its receipt of the Exclusion List (the "Final Deposit").

2.1.5.  All funds held in the Settlement Account shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Agreement and/or further order of the Court. The Settlement Amount will represent the full payment to be made by Google under this Agreement, and all obligations with respect to costs related to this Agreement, including the Notice and Administrative Costs, any Service Award, any Fee and Expense Award, and any other administrative fees and expenses in connection with this Agreement shall be paid from the Settlement Fund in accordance with this Agreement. If this Agreement is terminated, Class Counsel shall return all funds paid by Google into the Settlement Account to Google within ten (10) days of the termination date; provided, however, that any Notice and Administrative Costs already paid, due or owing or any Taxes, due or owing shall not be returned to Google. Other than paying the Settlement Amount, Google shall have no other financial obligations to Plaintiffs, their counsel, the Classes, or the Settlement Administrator under this Agreement.

2.1.6.  At the written discretion of Class Counsel, the Escrow Agent shall invest any funds in the Settlement Account exclusively in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, including a United States Treasury Fund or bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation ("FDIC"), or secured by instruments backed by the full faith and credit of the United States Government. The Escrow Agent shall reinvest the proceeds of these instruments or accounts as they mature in similar instruments or accounts at their then-current market rates. Google and the other

8

Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

2.1.7.   The funds in the Settlement Account shall be held in a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1 at all times after the creation of the Settlement Account. All Taxes shall be paid out of the Settlement Account. Google and the other Releasees shall have no liability or responsibility for any of the Taxes. The Settlement Account shall indemnify and hold the Parties, Google's Counsel, and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification). For the purpose of the Internal Revenue Code and the Treasury regulations thereunder, Class Counsel shall be designated as the "administrator" of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3). Class Counsel shall cause the timely and proper filing of all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)). Such returns (as well as the election described in this paragraph) shall be consistent with this paragraph and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Account as provided herein. The Escrow Agent shall provide an accounting of any and all funds in the Settlement Fund, including any accrued interest and payments made, upon request of any Party.

2.1.8.   Google, Google's Counsel, and the other Releasees shall have no liability whatsoever with respect to (i) any act, omission, or determination by Class Counsel, the Settlement Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Allocation Methodology; (iv) the determination, administration, or calculation of payments to Participating Class Members from the Net Settlement Fund; or (v) the payment or withholding of Taxes or related expenses, or any expenses or losses incurred in connection therewith. The Releasing Parties release Google and the other Releasees from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund.

2.1.9.   The Parties agree that the Settlement is supported by adequate consideration reflecting the cash sum of $100,000,000.00 to be paid by Google, and the agreements, releases, and covenants herein.

2.1.10. Google's deposit of the Settlement Amount into the Settlement Account represents the total extent of Google's monetary obligations under this Agreement. The Settlement Amount is understood to be an "all in" payment that includes attorneys' fees and expenses, any Service Award to Class Representatives, Notice and Administrative Costs, any other class administration costs or expenses, any Taxes, and any other fees or costs associated with the Settlement. In no event shall Google's monetary obligation with respect to this Agreement exceed $100,000,000.00.

2.1.11. The Settlement Fund is a non-reversionary common fund. Upon the occurrence of the Effective Date, neither Google nor any other person or entity (including Google's insurance carriers) who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever.

9

2.2. **Settlement Payments.** The entire Net Settlement Fund will be initially distributed to Participating Class Members pursuant to the Allocation Methodology as approved or modified by the Court.

2.2.1.   The Allocation Methodology which is included in the Settlement Notice attached as Exhibit A-2 hereto is a matter separate and apart from the proposed Settlement.

2.2.2.   Unless the Court orders otherwise, any decision by the Court concerning the Allocation Methodology shall not affect the validity or finality of the Settlement or operate to terminate or cancel this Settlement or affect the finality of the Final Approval Order. In the event the Court approves a different allocation methodology, this will not be grounds to disturb or terminate the Settlement Agreement by any Party.

2.2.3.   Pursuant to the proposed Allocation Methodology, Class Counsel shall, subject to Court approval, allocate Settlement Payments from the Net Settlement Fund *pro rata* to Participating Class Members based on an assessment by Plaintiffs' experts of data produced by Google in this Action.

2.2.4.   No later than fifteen (15) days prior to the Final Fairness Hearing, Class Counsel will provide the preliminary results of its Allocation Methodology (i.e., Participating Class Member Settlement Payment amounts prior to deduction of Court-awarded or approved attorneys' fees, costs and expenses) for review by Google and approval by the Court in conjunction with the Final Fairness Hearing.

2.2.5.   Within one hundred and twenty (120) days following the later of the Effective Date and the entry of any order awarding attorneys' fees and expenses to Class Counsel, Class Counsel will cause the Settlement Administrator to begin distributing Settlement Payments to Participating Class Members pursuant to the Allocation Methodology.

2.2.6.   The Settlement Administrator will distribute the Net Settlement Fund to Participating Class Members, using commercially reasonable efforts, under Class Counsel's supervision in accordance with this Settlement Agreement and subject to the jurisdiction of the Court. The Settlement Administrator will begin distributing Settlement Payments no later than one hundred and twenty (120) days following the later of the Effective Date and the entry of any order awarding attorneys' fees and expenses to Class Counsel. Any portion of the Net Settlement Fund remaining in the distribution account following efforts to get Participating Class Members to deposit, cash or otherwise claim their Settlement Payments and after any re-distributions will be considered Residual Unclaimed Funds to be distributed pursuant to the terms of this Agreement.

2.2.7.   No Settlement Payment shall be made to a Participating Class Member if the total amount of that payment pursuant to the Allocation Methodology calculates to less than $1.00. This *de minimis* threshold is set in order to preserve the overall Net Settlement Fund from the costs of processing a Settlement Payment that is likely to exceed the value of the payment amount. It has been determined by Class Counsel and the Settlement Administrator that $1.00 is a reasonable *de minimis* threshold. In the event the Court approves a different *de minimis* payment provision, this will not be grounds to disturb or terminate the Settlement Agreement by any Party.

2.2.8.   Google, Google's Counsel, the other Releasees, the Settlement Administrator, Plaintiffs, and Class Counsel shall have no liability to any Class Member for mispayments, overpayments, or underpayments of the Net Settlement Fund.

2.3. **Distribution of Residual Unclaimed Funds**. If, after the process outlined in Section 2.2 above is completed, any funds remaining in the Net Settlement Fund (i.e., the Residual

10

Unclaimed Funds), after reasonable additional outreach to Participating Class Members in an effort to get them to deposit, cash, or otherwise claim their Settlement Payments and re-distributions of the Net Settlement Fund, if economically feasible, to Participating Class Members who claimed their previous Settlement Payments, shall be contributed in substantially equal amounts to Consumer Federation of America, National Consumer Law Center, and The Public Justice Foundation, or another organization(s) mutually agreed to by the Parties and approved by the Court.

**3.   NOTICE AND ADMINISTRATION**

3.1.   **Notice to the Classes.** The Classes have already received notice of the pendency of this Action pursuant to the Court's prior order approving the form and manner of notice related to its class certification decision (i.e., Class Notice). *See* Dkt. 810. Notice of the Settlement will be made to Class Members in a similar manner and as set forth below, subject to Court approval and consistent with the Procedural Guidance for Class Action Settlements issued by the United States District Court for the Northern District of California.

    3.1.1.   Notice shall be disseminated as soon as reasonably practicable but no later than 20 days following entry of the Preliminary Approval Order using the Class Member lists to be assembled by the Settlement Administrator.

    3.1.2.   The Settlement Administrator will send direct email notice to Class Members using available email addresses.

    3.1.3.   After the Court's entry of a Preliminary Approval Order and before email notice is disseminated to Class Members, the Settlement Administrator will post the Settlement Notice to the Settlement Website as well as: (i) this Settlement Agreement and (ii) the Motion for Preliminary Approval of the Settlement and related papers. The Settlement Administrator will update the Settlement Website with the final approval filings by Class Counsel, including filings related to the Fee and Expense Award and Service Award, promptly after such documents are publicly filed.

    3.1.4.   Within ten (10) days of the Notice Date, the Settlement Administrator will commence a media campaign whereby the Settlement Notice Ads will be delivered for a period of thirty (30) days in the same manner done in the prior Class Notice campaign (*see* Dkt. 809-1).

    3.1.5.    Notice shall be in the forms substantially similar to the attached Exhibits A-1 - A-3 or as otherwise directed by the Court.

3.2.   **CAFA Notice**. Not later than ten (10) days after this Settlement Agreement is filed with the Court, the Settlement Administrator, on Google's behalf and with Google's approval, shall serve notice of the Settlement and other required documents upon relevant government officials in accordance with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715. The Settlement Administrator shall be responsible for drafting and preparing the notice in conformity with 28 U.S.C. § 1715 and for identifying the appropriate state and federal officials to be notified. Prior to the Final Fairness Hearing, Defendant shall provide proof of service of such notice with the Court.

3.3.   **Settlement Administrator**. The Settlement Administrator shall help implement the terms of the Settlement Agreement. The Settlement Administrator shall be responsible for:

    3.3.1.   Maintaining and updating the Settlement Website;

3.3.2.   Disseminating notice of the Settlement in accordance with this Agreement and the Court's orders;

3.3.3.   Monitoring and responding to inquiries from Class Members in a timely fashion and, where necessary, forwarding such inquiries to Class Counsel;

3.3.4.   Accurately and objectively describing the terms of the Agreement in communications with Class Members, including the training of its employees and agents accordingly;

3.3.5.   Receiving and compiling requests for exclusion from the Classes;

3.3.6.   Receiving and processing Payment Election Forms and conducting follow up with potential Participating Class Members in order to issue Settlement Payments;

3.3.7.   Assisting with the calculation of Settlement Payments;

3.3.8.   Distributing Settlement Payments to Participating Class Members;

3.3.9.   Providing periodic reports on information that may be reasonably requested by Class Counsel and/or Google;

3.3.10. Preparing a declaration attesting to compliance with the notice requirements in this Agreement and in the Court's Preliminary Approval Order;

3.3.11. Seeking further clarification or authorization from Class Counsel and/or Google when necessary for performance of its duties; and

3.3.12. Otherwise assisting with implementation and administration of the terms of this Settlement Agreement.

3.4. **Notice and Administrative Costs Estimate**. Class Counsel have obtained from the Settlement Administrator its best estimate of anticipated Notice and Administrative Costs ("Notice Costs Estimate"). If the assumptions set forth in Angeion's cost estimate holds true, Angeion estimates that its Notice and Administrative Costs will not exceed $897,972.00. Following the Initial Deposit and prior to the Effective Date, Class Counsel may authorize payment of Angeion's Notice and Administrative Costs up to the Notice Costs Estimate. If, prior to Google's provision of the Funding Deposit, the Settlement Administrator incurs Notice and Administrative Costs that exceed the Notice Costs Estimate, Angeion may seek payment of those costs through Supplemental Payments pursuant to Section 2.1.3. Following the Funding Deposit and prior to distributing Settlement Payments, all Notice and Administration Costs incurred by Angeion (that have not previously been paid) will be paid from the Settlement Fund. Before each round of payment under Section 2.2 (and its subparagraphs) or Section 2.3 of this Agreement, Angeion shall provide its best estimate of the Notice and Administration Costs associated with those payments, and that amount shall be withheld and not distributed as part of that payment round. After each round of payments, Angeion shall report to the parties the Notice and Administration Costs actually incurred in making that payment, and shall be entitled to invoice the Settlement Fund for the lesser of (a) its actual costs (b) the amount remaining in the Settlement Fund. In no event shall Google be responsible to pay more than the Settlement Amount, or to make additional payments after its provision of the Final Deposit.

3.5. **Protective Order And Protection Of Information.** The Settlement Administrator has executed an agreement to be bound by the Protective Order in the Action and will take all reasonable steps to ensure that any information provided to it by Google and Class Members will be used solely for the purpose of effecting this Settlement, including by complying with

Google's requirements for cybersecurity and protection of customer information. The Settlement Administrator will not use the information provided by Google or Class Counsel in connection with the Settlement or providing notice for any purposes other than providing notice or administering the Settlement and will not share Class Member information with any third parties without advance consent from both Parties.

## 4. OBJECTIONS AND EXCLUSIONS

4.1. **Objections.** Any Class Member who wishes to object to the fairness, reasonableness, or adequacy of the Settlement, the Allocation Methodology, Class Counsel's request for attorneys' fees and expenses, and/or the requested Service Award to Plaintiffs must comply with the following requirements.

4.1.1. **Content of Objections.** All Objections and supporting papers must be in writing and must:

4.1.1.1. Clearly identify the case name and number, *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD;

4.1.1.2. Include the full name, address, telephone number, and email address associated with the Google AdWords account of the person or entity objecting;

4.1.1.3. Include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel);

4.1.1.4. State whether the Objection applies only to the Objector, to a specific Class, or to a specific subset of either Class;

4.1.1.5. Provide a detailed explanation stating the specific reasons for the Objection, including any legal and factual support and any evidence in support of the Objection; and

4.1.1.6. State the total number of times the Objector or the Objector's Counsel has objected to any class action settlement in any state or federal court in the United States within the last three years and provide a list of each such objection with the case name, court, and case number.

4.1.2. **Submission of Objections.** Any objections from Class Members regarding the Settlement, or any aspect thereof, must be submitted in writing to the Court. If a Class Member does not submit a timely written Objection, or they do not request participation in the Final Fairness Hearing, they will not be able to participate in the Final Fairness Hearing unless the Court orders otherwise.

4.1.3. **Deadline for Objections.** Objections must be submitted to the Court by the Objection and Exclusion Deadline, which shall be no later than seventy-five (75) days from the Notice Date, or as otherwise ordered by the Court.

4.1.3.1. Class Members who fail to submit timely written Objections in the manner specified above shall be deemed to have waived any objections and shall be forever barred from making any objection to the Settlement or any aspect thereof by appearing at the Final Fairness Hearing, appeal, collateral attack, or otherwise.

4.1.4. **Attendance at Final Fairness Hearing.** Any Objector who timely submits an Objection has the option to appear at the Final Fairness Hearing, either in person or through the Objector's counsel. Any Objector wishing to appear at the Final Fairness

13

Hearing must include a Notice of Intention to Appear in the body of their Objection. Objectors who fail to submit or include this Notice of Intention to Appear may not speak at the Final Fairness Hearing without permission of the Court.

4.1.5. **Objectors' Attorneys' Fees and Costs.** If an Objector makes an Objection through an attorney, the Objector shall be solely responsible for the Objector's attorneys' fees and costs, unless the Court orders otherwise.

4.1.6. **Court Approval for Payments to Objectors.** Unless approved by the Court after a hearing, no payment or other consideration may be provided to an Objector or an Objector's counsel in connection with forgoing or withdrawing an Objection or forgoing, dismissing, or abandoning an appeal from a judgment approving the Settlement or the Fee and Expense Award.

4.1.7. **No Solicitation of Settlement Objections.** At no time shall any of the Parties or their counsel seek to solicit or otherwise encourage Class Members to submit written Objections to the Settlement or encourage an appeal from the Court's Final Approval Order.

4.1.8. **No Objection And Exclusion.** Class Members cannot both object to and exclude themselves from the Class(es). Any Class Member who attempts to do so will be deemed to have excluded themselves and will have forfeited the right to object to this Settlement Agreement or any of its terms. In other words, Class Members who submit a valid and timely Objection, but also submit a valid and timely Request for Exclusion, will be deemed to have opted out of the Class(es) and their Objection will be void and invalid, unless the Court orders otherwise.

4.2. **Requests for Exclusion.** Notice to the Class shall advise all Class Members of their right to exclude themselves from the Classes. Class Members who request exclusion from the Class(es) will not be bound by this Settlement Agreement. The decision to request exclusion from the Class(es) is to be left to individual Class Members. If contacted by a Class Member, Class Counsel may provide advice or assistance as such Class Member requests. By signing this Settlement Agreement, Plaintiffs each represent and agree that they support the Settlement and believe it is in the best interests of the Class, and Plaintiffs, Class Counsel, Google, and Google's Counsel. By signing this Settlement Agreement, Plaintiffs further represent and agree that they shall not seek to encourage, counsel, or represent others to exclude themselves from the Class(es).

4.2.1. **How to Request Exclusion.** To request to be excluded from the Class(es), Class Members must timely (by the deadline set forth in Section 4.2.3 below) submit a written request for exclusion to the Settlement Administrator, and the request must:

4.2.1.1. Clearly identify the case name and number, *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD;

4.2.1.2. Include the full name, address, telephone number, and email address associated with the Google AdWords account of the person or entity requesting exclusion;

4.2.1.3. State whether the request for exclusion applies to the Location Targeting Class, the Search Bundled Clicks Class, or both Classes;

4.2.1.4. Include the Opt-Out's physical or electronic signature; and

4.2.1.5. Clearly indicate the Opt-Out's intent to be excluded from the Class(es) for purposes of this Settlement.

14

4.2.2.  If a person or entity previously requested exclusion from the Classes pursuant to Class Notice and is listed on Appendix 1 hereto, the person or entity does not have to submit another request for exclusion.

4.2.3.  **Deadline to Request Exclusion from the Classes.** A request for exclusion must be submitted by the Objection and Exclusion Deadline, which shall be no later than seventy-five (75) days from the Notice Date, or as otherwise ordered by the Court.

    4.2.3.1.  If submitted electronically, a request for exclusion must be submitted on or before the Objection and Exclusion Deadline.

    4.2.3.2.  If submitted by mail, a request for exclusion must be postmarked no later than the Objection and Exclusion Deadline. Postage must be paid by the Class Member.

    4.2.3.3.  The Parties shall have the right to challenge the timeliness and validity of any request for exclusion. The Court shall determine whether any contested exclusion request is valid.

4.2.4.  **Opting Back Into the Class.** The individuals and entities listed on Appendix 1 that previously requested exclusion from the Class(es) pursuant to Class Notice will be permitted to opt back into the Class(es) in order to be potentially eligible to receive a Settlement Payment. In order to opt back into the Class(es), an individual/entity must submit a letter to the Settlement Administrator in accordance with the instructions set forth in the Settlement Notice. Requests to opt back into the Class(es) must be submitted to the Settlement Administrator no later than the Objection and Exclusion Deadline, unless another date is ordered by the Court.

4.2.5.  **Effect of Exclusion Request.** Any Class Member who validly and timely requests exclusion from the Class(es) shall not be a Class Member, shall not be bound by the Settlement Agreement, shall not be eligible to receive a Settlement Payment under the terms of the Settlement Agreement, and shall not be entitled to object to the Settlement.

4.2.6.  **Exclusion List.** No later than five (5) days after the Objection and Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Google's Counsel with a list of all persons and entities who have requested exclusion from the Classes. The Exclusion List shall be filed with the Court in advance of the Final Fairness Hearing.

4.2.7.  **Termination Based On Opt Out Requests.** Within fourteen (14) days of the entry of the Preliminary Approval Order, Plaintiffs shall provide to Google a list of damages for Class Members as estimated by their experts that will be used to calculate each Class Member's *pro rata* share of the Net Settlement Fund (i.e., the pre-settlement allocation estimates).  Within four (4) days of the date that the Exclusion List is provided to the Parties by the Settlement Administrator, Plaintiffs shall provide to Google a computation of the damages as estimated by Plaintiffs' experts for the Class Members requesting exclusion. If the amount of collective damages as estimated by Plaintiffs' experts for the Class Members requesting exclusion exceeds ███████ then Google may, after meeting and conferring with Class Counsel, notify Class Counsel in writing that it has elected to terminate this Settlement Agreement. Such notification of intent to terminate the Settlement Agreement must be provided within fourteen (14) days of the date that the Exclusion List is provided to the Parties by the Settlement Administrator. If this Settlement Agreement is terminated, it will be deemed null and void ab initio and Section 6.4 below will apply.

**5. RELEASES**

5.1. **No Admission of Liability.** This Settlement Agreement is made in compromise of a dispute. Neither the Agreement nor anything that the Parties stated or did during the negotiation of the Agreement shall be construed or used in any manner as an admission of liability or evidence of either Party's fault, liability, or wrongdoing. Google expressly denies any liability or wrongdoing whatsoever.

5.2. **Release.** Upon the Effective Date of this Agreement, the Releasing Parties shall release, forever discharge, will not in any manner pursue, this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released Claims, as defined in Section 1 of this Agreement. Plaintiffs and Google intend this Settlement to be a final and complete resolution of all disputes asserted or that could be asserted with respect to the Released Claims.

5.3. **Release of Unknown Claims.** The Parties fully understand that the facts on which this Settlement Agreement is executed may be different from the facts now believed by the Parties and their counsel to be true. The Parties expressly accept and assume the risk of this possible difference in facts and agree that this Settlement Agreement remains effective despite any difference in facts. The Parties intend to hereby fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that the Releasing Parties have against the Releasees. In furtherance of such intention, the releases provided herein shall be and remain in effect as a full and complete release of the Released Claims notwithstanding the discovery or existence of any such additional different claims or facts.

5.4. **Waiver of California Civil Code § 1542.** The Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, to the fullest extent permitted by law, and each of the Class Members shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code § 1542, or any other similar provision under federal or state law. The Parties further agree that this waiver is an essential and material term of this release and the Settlement that underlies it and that without such waiver the Settlement would not have been agreed to. Releasing Parties understand that California Civil Code § 1542 states:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

5.5. The Released Claims shall be construed and interpreted to effect complete finality over the Action.

5.6. **Enforcement.** The Released Claims shall not bar a claim, complaint, action, or proceeding for breach of this Settlement Agreement, for which the Court shall retain jurisdiction to resolve and enforce.

**6. COURT APPROVAL OF THE SETTLEMENT**

6.1. **Cooperation to Obtain Court Approval.** The Parties will jointly take all reasonable steps necessary to secure the Court's approval of this Settlement. Class Counsel will draft and file the motions for preliminary approval and final approval of the Settlement.

6.2. **Preliminary Approval of the Settlement.** Within thirty (30) days following the execution of this Settlement Agreement by the Parties, Plaintiffs shall move the Court for an order in the form substantially similar to the attached Exhibit A, seeking:

6.2.1.    The Court's preliminary approval of the Settlement, as embodied in the terms of this Agreement, and a finding, pursuant to Federal Rule 23(e)(1)(B)(i), that the Court will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Class, subject to further consideration at the Final Fairness Hearing;

6.2.2.    Approval of the proposed notice of the Settlement, including the forms, manner, and content of the Email Notice, Settlement Notice, Settlement Notice Ads, and Payment Election Form; and

6.2.3.    Placement of the Final Fairness Hearing on the Court's calendar, with the hearing being set at least twenty-five (25) days after the Objection and Exclusion Deadline, subject to the Court's availability.

6.3. **Final Approval of the Settlement.** No later than sixty (60) days after the Court's entry of the Preliminary Approval Order, Plaintiffs, in consultation with Google, shall move for the Court's entry of the Final Approval Order in the form substantially similar to the attached Exhibit B, seeking:

6.3.1.    The Court's final approval of the Settlement, approving the terms of this Settlement to be fair, reasonable, and adequate and in the best interest of Class Members;

6.3.2.    A finding that notice of the Settlement complied with the Settlement Agreement, all applicable law, and due process;

6.3.3.    Approval of the Settlement Payments and distribution of the Net Settlement Fund to Participating Class Members; and

6.3.4.    Dismissal of the Action and entry of final judgment.

6.4. **Effect if Settlement Not Approved.** The Settlement Agreement is being entered into for settlement purposes only. If the Court does not grant preliminary approval of the Settlement, does not grant final approval of the Settlement, or if the Effective Date does not occur, this Settlement Agreement will be deemed null and void *ab initio*. In that event:

6.4.1.    The Preliminary Approval Order and the Final Approval Order, to the extent they have been entered by the Court, will be vacated by operation of law;

6.4.2.    The Parties will be restored to their respective positions immediately preceding execution of this Agreement, and any intervening Court rulings or decisions shall be vacated; and

6.4.3.    No term or condition of the Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action or any other proceeding.

6.5. **Modifications Suggested by the Court.** If the Court suggests any modifications to the Agreement or conditions either preliminary approval or final approval of the Settlement on modifications to this Agreement, the Parties shall, working in good faith and consistent with this Agreement, endeavor to cure any such deficiencies identified by the Court. However, the

17

Parties shall not be obligated to make any additions or modifications to the Agreement that would affect the benefits provided to Class Members, or the cost or burden on Defendant, the content or extent of notices required to Class Members, or the scope of any of the releases contemplated in this Agreement. If the Court orders or proposes such material additions or modifications, the Parties will each have the right to terminate the Settlement Agreement within seven (7) days from the date of the Court's order or proposal. If either Party elects to terminate the Settlement Agreement pursuant to this section, the Agreement will be deemed null and void *ab initio* and the provisions of Section 6.4 will apply.

6.6.    Notwithstanding the foregoing, the Parties will not be entitled to terminate this Settlement Agreement based on the Fee and Expense Award or any Service Award, nor any appeal from such order or reversal or modification thereof.

**7.    CLASS COUNSEL'S FEES AND EXPENSES**

7.1.    **Fee and Expense Award.** Class Counsel will file a motion with the Court seeking a portion of the Settlement Fund as payment of their reasonable attorneys' fees, as well as reimbursement/payment of actual costs and expenses, including experts and consultants, incurred in connection with prosecuting and resolving this Action. It is not a condition of this Settlement that any particular amount of attorneys' fees, costs, or expenses be approved by the Court, or that such fees, costs, or expenses be awarded at all. Google expressly reserves the right to oppose the motion seeking a Fee and Expense Award.

7.1.1.    Any order or proceeding relating to the amount of any Fee and Expense Award or any appeal from any order relating thereto, or reversal or modification thereof, shall not operate to modify, terminate or cancel this Settlement Agreement, or affect or delay the finality of the Final Order and Judgment, except that any modification, order or judgment cannot result in Google's overall obligation exceeding the Settlement Amount.

7.2.    **Disclosure of Amounts Sought.** In their Motion for Preliminary Approval of the Settlement and supporting papers, Class Counsel will provide the maximum amount of the Settlement Fund they will seek from the Court as attorneys' fees, as well as the maximum amount of costs and expenses for which they will seek reimbursement/payment. These maximum fee and expense amounts will also be disclosed in the notices disseminated to the Classes and posted on the Settlement Website.

7.3.    **Motion for Attorneys' Fees and Costs.** No later than fifty-five (55) days prior to the Final Fairness Hearing, Class Counsel will file a motion for an award of attorneys' fees and expenses. Class Counsel's motion for attorneys' fees and expenses will also be posted on the Settlement Website.

7.4.    **Timing and Process of Payment.** The Escrow Agent will distribute from the Settlement Fund any Fee and Expense Award approved by the Court within ten (10) days following the later of (a) the entry of the Final Approval Order and (b) entry by the Court of an order awarding attorneys' fees and expenses. The Escrow Agent shall wire the amount of the Fee and Expense Award to Kessler Topaz Meltzer & Check, LLP, on behalf of all Class Counsel; Kessler Topaz Meltzer & Check, LLP shall be solely and absolutely responsible for distributing the Fee and Expense Award among Class Counsel. The Fee and Expense Award shall be payable from the Settlement Fund in accordance with this Paragraph, notwithstanding the existence of any Objections, pending or forthcoming appeals, or collateral attack on the Settlement, the Fee and Expense Award, or the Service Award.

7.5.    **Repayment.** If the Final Approval Order is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or if the Settlement Agreement is voided, rescinded, or otherwise terminated, then Class Counsel shall, within thirty (30) days, repay to the

18

Settlement Account the Fee and Expense Award they received plus any interest Class Counsel earned on that amount. If the Fee and Expense Award is reduced on appeal, but all other terms of the Settlement Agreement remain in full effect, Class Counsel shall only repay the portion of the Fee and Expense Award by which it was reduced. This partial repayment of the Fee and Expense Award shall be applied to the Net Settlement Fund and distributed in accordance with the terms of this Settlement Agreement.

7.6. **Further Distribution of Fee and Expense Award.** Class Counsel shall have sole and absolute responsibility and discretion to distribute the Fee and Expense Award to any other attorney or law firm that may claim they are owed attorneys' fees, costs, or expenses under the terms of this Settlement.

## 8.  SERVICE AWARD

8.1. **Generally.** Class Counsel will seek a Service Award for Plaintiffs in consideration for their service during the pendency of the Action and commensurate with their participation in the Action. It is not a condition of this Settlement that any particular amount of a Service Award be approved by the Court, or that such Service Award be approved at all. Google expressly reserves the right to oppose the motion seeking a Service Award.

8.2. **Amount of Service Award.** Any Service Award is subject to the approval of the Court. In their Motion for Preliminary Approval of the Settlement and supporting papers, Plaintiffs will provide the maximum amount of the Service Award to be sought by Plaintiffs. Any such Service Award is separate and apart from any Settlement Payments Plaintiffs may receive in accordance with the Allocation Methodology.

8.3. **Motion for Service Award.** Plaintiffs will provide the specific amount they will seek as a Service Award at the same time Class Counsel files their motion for attorneys' fees and expenses.

8.4. **No Condition of Support.** Plaintiffs' support of the Settlement is not conditioned on any Service Award.

8.5. **Payment of Service Award.** If awarded by the Court, the Service Award shall be payable from the Settlement Fund within ten (10) days following the later of (a) the entry of the Final Approval Order and (b) the entry by the Court of an order awarding the Service Award.

8.6. **Repayment.** If the Final Approval Order is vacated, overturned, reversed, or rendered void or unenforceable as a result of an appeal, or if the Settlement Agreement is voided, rescinded, or otherwise terminated, then Plaintiffs shall, within thirty (30) days, repay to the Settlement Account the Service Award they received plus any interest Plaintiffs earned on that amount.

## 9.  MISCELLANEOUS TERMS

9.1. **Construction and Interpretation.** The following additional terms shall govern the construction and interpretation of this Agreement.

9.1.1. **Knowledge and Advice of Counsel.** Each Party enters into the Settlement Agreement with the opportunity to seek the advice of counsel and executes and delivers the Settlement Agreement being fully informed as to its terms, content, and effect.

9.1.2. **Entire Agreement.** The Agreement and attached exhibits set forth all terms agreed to by the Parties and supersede all previous or contemporaneous agreements between the Parties relating to its subject matter. In entering into the Settlement Agreement, no Party has relied on, and neither Party will have any right or remedy based on, any statement,

representation or warranty, whether made negligently or innocently, except those expressly set forth in the Agreement.

9.1.3. **No Parol Evidence**. No extrinsic evidence or parol evidence shall be used to interpret, explain, construe, contradict, or clarify this Settlement Agreement, its terms, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or executed. This Settlement Agreement supersedes all prior negotiations and agreements. The Parties expressly agree that the terms and conditions of this Settlement Agreement will control over any other written or oral agreements.

9.1.4. **No Construction Against Any Party.** The terms of the Settlement Agreement have been negotiated at arm's-length among knowledgeable Parties represented by experienced counsel. The Parties agree that the normal rule of construction that any ambiguity in a document is construed against the drafting party shall not apply to the interpretation or enforcement of the Settlement Agreement, as the Parties each participated in the drafting of the Settlement Agreement.

9.1.5. **Headings and Captions.** The headings and captions of sections in the Settlement Agreement are inserted for convenience, reference, and identification purposes only, and shall not control, define, limit, or affect any provisions of the Agreement.

9.1.6. **Good Faith.** Plaintiffs and Google agree that the amount paid and the other terms of this Settlement were negotiated at arm's-length and in good faith, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.2. **Specific Prohibitions.** The following specific prohibitions shall apply to the Settlement Agreement as follows:

9.2.1. **No Assignment.** The Settlement Agreement, including any of the rights and duties of each Party under the Agreement, may not be assigned without prior written approval by the other Party.

9.2.2. **No Waiver.** Neither Party will be treated as having waived any rights or privileges, including attorney-client privilege, as the result of the Settlement Agreement. Additionally, a waiver of any breach of the Settlement Agreement by any Party shall not be deemed to be a waiver by any Party of any other breach of the Agreement.

9.2.3. **No Third-Party Beneficiaries.** The Settlement Agreement does not confer any benefits on any third party.

9.3. **Exhibits.** All of the Exhibits to this Settlement Agreement are an integral part of the Settlement and are incorporated by reference as though fully set forth herein. Any inconsistency between this Settlement Agreement and the attached exhibits will be resolved in favor of this Settlement Agreement.

9.4. **Recitals**. The Parties agree that the Recitals are contractual in nature and form a material part of this Settlement Agreement.

9.5. **Inadmissibility.** The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received as evidence, nor shall they be deemed to be, used as, construed as, or constitute a presumption, concession, admission, or

evidence of (a) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Releasees/Releasing Parties; (b) any fact alleged, any defense asserted, or any fault, misrepresentation, or omission by the Releasees/Releasing Parties; (c) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class; and/or (d) whether the consideration to be given in this Settlement Agreement represents the relief that could or would have been obtained through trial in the Action in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal.

9.6. **Preclusion in Future Proceedings.** Google and the other Releasees shall have the right to file the Settlement Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9.7. **Good Faith.** The Parties agree that the consideration provided to the Classes and the other terms of the Settlement Agreement were negotiated at arm's-length and in good faith by the Parties, and reflect a settlement that was reached voluntarily, after consultation with competent legal counsel. The Parties further agree that there was no discussion of attorneys' fees while the Parties negotiated this Settlement, and that there have been no commitments between the Parties beyond what is reflected in this Settlement Agreement.

9.8. **Beneficial and Fair.** Plaintiffs and Class Counsel have concluded that the Settlement set forth herein is beneficial and fair to the Classes. Google likewise agrees that the Settlement set forth herein is beneficial to the Classes.

9.9. **Execution in Counterparts.** The Parties may execute the Settlement Agreement in counterparts, including PDF, facsimile, and any other electronic means, which, taken together, will constitute one instrument.

9.10. **Amendments.** Any amendment must be in writing, signed by Class Counsel and Google's Counsel, and expressly state that it is amending the Settlement Agreement.

9.11. **Governing Law.** All claims arising out of or relating to the Settlement Agreement will be governed by the laws of the State of California, without regard to, or application of, California's conflict of law rules.

9.12. **Communications with Class Members.** Google reserves the right to continue any and all ordinary-course-of-business communications with Class Members. Should it become evident in the course of any such communication that a Class Member is inquiring regarding the Settlement memorialized in this Agreement, Google shall refer the inquiry to the Settlement Administrator or to Class Counsel.

9.13. **Enforcement and Jurisdiction.** The Court shall retain exclusive jurisdiction to enforce, interpret, and implement the Settlement Agreement, including any alleged violations, any disputes, and the terms of any order entered pursuant to this Agreement.

9.14. **Tax Advice.** No opinion or advice concerning the tax consequences of the proposed Settlement to individual Participating Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Settlement Agreement. Each Participating Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Participating Class Member.

9.15.    **Destruction of Non-Public Material.**  The Parties will comply with the terms of the Protective Order entered in the Action. In addition to the Parties' respective obligations with respect to the destruction of non-public information under the Protective Order entered in this Action, the Parties further agree that within thirty (30) days of the Effective Date, Plaintiffs will destroy or return, except as indicated above, all non-public information acquired from Google during the course of the Action and all materials reflecting such information. Unless otherwise requested by Google in writing, all material containing information that was marked as "Highly Confidential – Attorney's Eyes Only" or "Highly Confidential – Source Code "produced during the Action will be destroyed within thirty (30) days of the Effective Date. Within forty-five (45) days of the Effective Date, Class Counsel will each issue verifications certifying that the provisions of this paragraph have been complied with.

**PLAINTIFFS' COUNSEL:**

DATED:  March 27, 2025

**KESSLER TOPAZ MELTZER & CHECK, LLP**
Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

**NIX PATTERSON, LLP**
Michael B. Angelovich (*Pro Hac Vice*)
Jeffrey J. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Trey Duck (*Pro Hac Vice*)
Jessica Underwood (*Pro Hac Vice*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333

*Counsel for Plaintiffs and the Classes*

22

1

2

3

4                                              **GOOGLE:**

5    DATED: _____
            3/26/2025

6

7                                              _Halimah DeLaine Prado_

8                                              Halimah DeLaine Prado
                                               General Counsel, Google LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
9

**SAN JOSE DIVISION**

10

11  | RENE CABRERA and RM CABRERA | Case No. 5:11-cv-1263-EJD
COMPANY, INC., Individually and On Behalf of
12  | All Others Similarly Situated, | **[PROPOSED] ORDER**
**PRELIMINARILY APPROVING**
13  | Plaintiffs, | **SETTLEMENT AND AUTHORIZING**
**NOTICE OF SETTLEMENT**
14

v.
15

GOOGLE LLC,
16

17  | Defendant.

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER PRELIMINARILY                                Case No. 5:11-cv-1263-EJD
APPROVING SETTLEMENT AND
AUTHORIZING NOTICE OF SETTLEMENT

**Exhibit A**

WHEREAS, the above-captioned class action is pending in this Court ("Action");

WHEREAS, by Order dated August 15, 2023 (Dkt. 675), the Court certified the following two classes under Federal Rule of Civil Procedure 23: (i) the "Location Targeting Class" defined as all persons and entities located in the United States who, between January 1, 2004 and March 22, 2011, advertised through Google's AdWords Program and paid for clicks on their Google AdWords advertisement(s), where such clicks did not originate from the location selected by the advertiser; and (ii) the "Search Bundled Clicks Class" defined as all persons and entities located in the United States who, between June 1, 2009 and December 13, 2012, advertised through Google's AdWords Program and paid for clicks on ads on Google's Display Network where the advertiser's settings allowed its ads to show on both the Search and Display Networks and did not set a Display Network bid different from the Search Network bid (together, the "Classes" or "Class");[1]

WHEREAS, pursuant to the Court's Order dated August 16, 2024 (Dkt. 810), notice was disseminated to potential members of the Classes to notify them of, among other things: (i) the Action pending against Google; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Classes; and (iii) their right to request to be excluded from the Class(es), the effect of remaining in the Class(es) or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, (a) Rene Cabrera and RM Cabrera Company, Inc. (together, "Plaintiffs"), on behalf of themselves and the Court-certified Classes, and (b) Google (together with Plaintiffs, the "Parties") have determined to settle all claims asserted against Google in the Action with prejudice on the terms and conditions set forth in the Parties' Class Action Settlement and Release Agreement dated March 27, 2025 ("Settlement Agreement"), subject to the approval of this Court ("Settlement");

---

[1]     Excluded from the Classes are Google LLC ("Google" or "Defendant") and its affiliates, officers, and directors, as well as members of the judiciary, their staff and jurors in this case. Also excluded from the Classes are (i) the individuals and entities who requested exclusion from the Classes pursuant to Class Notice (as listed on Appendix 1 to the Settlement Agreement) and do not opt back into the Classes in connection with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Classes in connection with the Settlement.

[PROPOSED] ORDER PRELIMINARILY                    1                    Case No. 5:11-cv-1263-EJD
APPROVING SETTLEMENT AND
AUTHORIZING NOTICE OF SETTLEMENT

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Settlement Agreement and directing notice of the Settlement to members of the Classes as more fully described herein;

WHEREAS, the Parties have agreed to the entry of this order ("Preliminary Approval Order" or "Order");

WHEREAS, the Court has read and considered: (a) Plaintiffs' motion for preliminary approval of the Settlement and authorization to disseminate notice of the Settlement to the Classes, and the papers filed and arguments made in connection therewith; and (ii) the Settlement Agreement and the exhibits attached thereto; and

WHEREAS, unless otherwise defined in this Order, capitalized terms herein shall have the same meanings as they have in the Settlement Agreement;

NOW THEREFORE, IT IS HEREBY ORDERED:

1.      **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Settlement Agreement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that it will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Classes, subject to further consideration at the Final Fairness Hearing to be conducted as described below.

2.      **Final Fairness Hearing** – The Court will hold a hearing ("Final Fairness Hearing") on _____ __, 2025 at __:__ _.m. at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 4—5th Floor, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (b) to determine whether a Final Approval Order substantially in the form attached as Exhibit B to the Settlement Agreement should be entered dismissing the Action with prejudice against Defendant; (c) to determine whether the proposed Allocation Methodology for the proceeds of the Net Settlement Fund is fair and reasonable and should be approved; (d) to determine whether the motion by Class Counsel for attorneys' fees and Litigation Expenses should be approved; (e) to determine whether

the requested Service Award to Plaintiffs should be approved; and (f) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Final Fairness Hearing shall be given to the Classes as set forth in paragraph 5 of this Order.

3. The Court may adjourn the Final Fairness Hearing without further notice to the Classes and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Classes. The Court may decide to hold the Final Fairness Hearing by telephone or video conference without further mailed notice to the Classes. If the Court orders that the Final Fairness Hearing be conducted telephonically or by video conference, that decision will be posted on the Settlement Website, www.AdWordsClicksClassAction.com, as referenced in paragraph 5(c) of this Order. Any member of the Classes (or his, her, or its counsel) who wishes to appear at the Final Fairness Hearing should consult the Court's docket and/or the Settlement Website for any change in date, time, or format of the hearing.

4. **<u>Retention of Settlement Administrator and Manner of Giving Notice</u>** – Class Counsel are hereby authorized to retain Angeion Group, LLC ("Settlement Administrator"), the administrator previously approved by the Court to administer the dissemination of Class Notice, to supervise and administer the notice procedure in connection with the Settlement as well as to issue Settlement Payments to Participating Class Members as more fully set forth below. Absent further order of the Court, the Settlement Administrator shall have such duties and responsibilities as are set forth herein and in the Settlement Agreement.

5. Notice of the Settlement and the Final Fairness Hearing shall be provided as follows:

(a) not later than twenty (20) days following entry of this Order ("Notice Date"), the Settlement Administrator shall cause the Email Notices, substantially in the forms attached hereto as Exhibit 1, to be emailed (or to the extent there is a mailing address, sent by first-class mail) to the potential members of the Classes who were previously emailed notice in the Class Notice campaign;

(b) contemporaneously with the dissemination of the Email Notices, the Settlement Administrator shall cause a downloadable copy of the Settlement Notice and the Payment Form, as well as other Settlement-related information, to be posted on the Settlement Website, www.AdWordsClicksClassAction.com. In addition, the Settlement Administrator will mail a copy of the Settlement Notice and Payment Form to any person who makes such a request;

(c) not later than ten (10) days after the Notice Date, the Settlement Administrator shall cause the Settlement Notice Ads, substantially in the forms attached hereto as Exhibit 3, to be transmitted over various media platforms for a duration of no less than thirty (30) days; and

(d) prior to the Final Fairness Hearing, Class Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such emailing, posting and transmittal.

6. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Email Notices, Settlement Notice, Settlement Notice Ads, and Payment Form attached hereto as Exhibits 1, 2, 3 and 4, respectively, and (b) finds that the distribution of the Email Notices, the posting of the Settlement Notice and Payment Form on the Settlement Website, and the transmittal of the Settlement Notice Ads in the manner and forms set forth in paragraph 5 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise members of the Classes of the effect of the Settlement (including the releases to be provided thereunder), of Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Allocation Methodology, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Class(es), of their right to opt back into the Class(es) if they previously requested exclusion from the Class(es) pursuant to Class Notice, and of their right to appear at the Final Fairness Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. The date and time of the Final Fairness Hearing shall be included in the Email Notices and Settlement Notice before they are emailed and posted, respectively.

7. **CAFA Notice** – As provided in the Settlement Agreement, the Settlement Administrator, on Google's behalf and with Google's approval, shall serve the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA") no later than ten (10) days following the filing of the Settlement Agreement with the Court. Prior to the Final Fairness Hearing, Defendant shall provide proof of service of such notice with the Court.

**Exhibit A**

8.      **Participation in the Settlement** – Participating Class Members (i.e., Class Members who are eligible to receive a payment under the Settlement based on an assessment by Plaintiffs' experts of data produced by Google in this Action, submit a completed Payment Form, and are not Opt Outs) will be issued a Settlement Payment by the Settlement Administrator in accordance with the Allocation Methodology set forth in the Settlement Notice, or other allocation method ultimately approved by the Court. Participating Class Members will be required to complete the Payment Form in order to receive a Settlement Payment. Payment Forms are to be completed no later than seventy-five (75) days after the Notice Date, unless the Court orders otherwise. Notwithstanding the foregoing, Class Counsel may, at their discretion, accept late Payment Forms provided such acceptance does not delay the distribution of the Net Settlement Fund to Participating Class Members.

9.      Any Participating Class Member that does not negotiate their Settlement Payment within the time permitted: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; and (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Final Approval Order and the releases provided for therein, whether favorable or unfavorable to the Participating Class Member. All Class Members will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Releasees, as more fully described in the Settlement Agreement and Settlement Notice.

10.     **Exclusion From the Classes** – Any member of the Class who wishes to exclude himself, herself, or itself from the Class(es) must request exclusion in writing (or online) within the time and in the manner set forth in the Settlement Notice, which shall provide that: (a) any such request for exclusion from the Class(es) must be mailed/emailed or submitted online such that it is received no later than seventy-five (75) days after the Notice Date, to: *AdWords Clicks Class Action*, ATTN: Exclusion Requests, P.O. Box 58220 Philadelphia, PA 19102 or info@AdWordsClicksClassAction.com, or via www.AdwordsClicksClassAction.com, and (b) each request for exclusion must (i) state the full name, address, telephone number, and email address

Exhibit A

associated with the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) clearly identify the case name and number, *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD (N.D. Cal.); (iii) indicate the person's or entity's intent to request exclusion from the Class(es); (iv) state whether the person or entity requesting exclusion is requesting exclusion from the Location Targeting Class, the Search Bundled Clicks Class, or both Classes; and (v) include the physical or electronic signature of the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above, or is otherwise accepted by the Court. Copies of all requests for exclusion from the Class(es) received by the Settlement Administrator shall be provided to Class Counsel and Defendant's Counsel on a rolling basis and no later than five (5) days after the deadline to request exclusion.

11.    Any person or entity who or that timely and validly requests exclusion from the Class(es) in compliance with the terms stated in this Order and is excluded from the Class(es) shall not be a Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive a Settlement Payment.

12.    Any Class Member who or that does not timely and validly request exclusion from the Class(es) in the manner stated in this Order or did not previously request exclusion from the Class(es) pursuant to Class Notice (as listed in Appendix 1 to the Settlement Agreement): (a) shall be deemed to have waived his, her, or its right to be excluded from the Class(es); (b) shall be forever barred from requesting exclusion from the Class(es) in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Final Approval Order and the releases provided for therein, whether favorable or unfavorable to the Class(es); and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against any of the Releasees, as more fully described in the Settlement Agreement and Settlement Notice.

13.    **Opting Back Into the Class(es)** - Any person or entity that previously submitted a request for exclusion pursuant to Class Notice as set forth in Appendix 1 to the Settlement Agreement, may elect to opt back into the Class(es) and be eligible to receive a Settlement Payment.

Any person or entity set forth on Appendix 1 to the Settlement Agreement who wishes to opt back into the Class(es) must submit a written request to opt back into the Class(es) to the Settlement Administrator by mail at: *AdWords Clicks Class Action*, ATTN: Exclusion Requests, P.O. Box 58220 Philadelphia, PA 19102, or my email at: info@AdWordsClicksClassAction.com such that it is received no later than seventy-five (75) days prior to the Final Fairness Hearing. A request to opt back into the Class(es) must: (i) state the full name, address, telephone number, and email address of the person or entity requesting to opt back into the Class(es), and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests to opt back into the Class(es) in *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EDJ (N.D. Cal.)"; and (iii) be signed by the person or entity requesting to opt back into the Class(es) or an authorized representative.

14.     Any person or entity that previously submitted a request for exclusion from the Class(es) pursuant to Class Notice and does not opt back into the Class(es) in accordance with the requirements set forth in this Order and the Settlement Notice, remains excluded from the Class(es) and shall not be a Class Member, shall not be bound by the terms of the Settlement Agreement, or of any other orders or judgments in the Action, and shall have no right to receive a Settlement Payment.

15.     **Appearance and Objections at Final Fairness Hearing** – Any Class Member who or that does not request exclusion from the Class(es) may appear at the Final Fairness Hearing at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by sending a letter to the Court, at the address set forth in paragraph 16 below, stating his, her, or its intent to appear at the Final Fairness Hearing, such that the letter is filed or postmarked no later than seventy-five (75) days after the Notice Date, or as the Court may otherwise direct. If a Class Member intends to have counsel appear on his, her, or its behalf at the Final Fairness Hearing, the letter must identify all attorneys who will appear on the Class Member's behalf and the attorneys must send a notice of their intent to appear. Otherwise, Class Members will be represented by Class Counsel.

16.     Any Class Member who or that does not request exclusion from the Class(es) may file a written objection to the proposed Settlement, the proposed Allocation Methodology, and/or

Class Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, they, or it has any cause, why the proposed Settlement, the proposed Allocation Methodology, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Allocation Methodology, and/or the motion for attorneys' fees and Litigation Expenses unless that individual or entity has filed a written objection with the Court. All written objections and supporting papers must: (i) clearly identify the case name and number (*Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD (N.D. Cal.)); (ii) be submitted to the Court either by filing them electronically or in person at any location of the United States District Court for the Northern District of California, or by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113; and (iii) be filed or postmarked no later than seventy-five (75) days after the Notice Date.

17.     Any objections, filings, and other submissions by the objecting Class Member also must: (i) identify the full name, address, telephone number, Settlement Notice ID (if available), Customer ID, and email address associated with the Google AdWords account of the person or entity objecting and must be signed by the objector; (ii) include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific Class, or to a specific subset of either Class. Objectors who intend to appear and desire to present evidence at the Final Fairness Hearing in support of their objection must include in their written objection the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

18.     Any Class Member who or that does not make his, her, or its objection in the manner provided herein may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Allocation Methodology, and Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to

the fairness, reasonableness, or adequacy of the Settlement, the Allocation Methodology, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Allocation Methodology, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

19.    **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Plaintiffs and all other members of the Classes from prosecuting any of the Released Plaintiffs' Claims against any of the Releasees.

20.    **Settlement Administration Fees and Expenses** – All reasonable costs incurred in notifying the Classes of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement.

21.    **Settlement Fund** – The contents of the Settlement Fund held by The Huntington National Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Settlement Agreement/Allocation Methodology and/or further order(s) of the Court. Absent further order of the Court, the Escrow Agent shall have such duties and responsibilities in such capacity as are set forth herein and in the Settlement Agreement.

22.    **Taxes** – Class Counsel are authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

23.    **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Order shall be

without prejudice to the rights of Plaintiffs, the other members of the Classes, and Defendant, and the Parties shall be restored to their respective positions immediately preceding execution of the Settlement Agreement, and any intervening Court rulings or decisions shall be vacated, as provided in the Settlement Agreement.

24.    **Use of this Order** – The Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their existence, any of their terms, any press release or other statement or report by the Parties or by others concerning the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received as evidence, nor shall they be deemed to be, used as, construed as, or constitute a presumption, concession, admission, or evidence of (a) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Releasees; (b) any fact alleged, any defense asserted or any fault by the Releasees; (c) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class; and/or (d) whether the consideration to be given in the Settlement Agreement represents the relief that could or would have been obtained through trial in the Action in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal. Defendant and the other Releasees shall have the right to file the Settlement Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

25.    **Supporting Papers** – Class Counsel, in consultation with Google, shall file and serve their opening papers in support of the proposed Settlement, the proposed Allocation Methodology, and Class Counsel's motion for attorneys' fees and Litigation Expenses no later than sixty (60) after the Court's entry of this Order; and reply papers, if any, shall be filed and served no later than fifteen (15) days prior to the Final Fairness Hearing.

1

**IT IS SO ORDERED.**

2

3   Dated: _____ __, 2025

4

                                          _____
5                                         HON. EDWARD J. DAVILA
                                          United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SETTLEMENT EMAIL NOTICE TO LOCATION TARGETING CLASS

To:  [Location Targeting Class member email address]

From:  Rene Cabrera v. Google LLC Administrator

Subject:  Rene Cabrera v. Google LLC – Notice of Class Action Settlement

---

Dear [Potential Location Targeting Class member]:

**THIS NOTICE HAS BEEN ISSUED TO ADVISE YOU OF A PROPOSED CLASS ACTION SETTLEMENT AND YOUR RIGHTS IN CONNECTION THEREWITH.**

> **PLEASE READ THIS ENTIRE NOTICE. YOU ARE REQUIRED TO SUBMIT A PAYMENT FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.**

You are receiving this Court-approved notice because Google's records indicate that you or someone associated with your contact information may be a member of the Location Targeting Class in the pending class action lawsuit *Rene Cabrera, et al. v. Google LLC*, Case No. 5:11-cv-1263-EJD (N.D. Cal.) ("Action"). You may have been previously notified by email that the Action had been certified by the Court to proceed as a class action ("Class Notice"). You are now being notified that the Action has reached a proposed settlement (the "Settlement"). This notice contains summary information regarding the Settlement, including important deadlines to act. ***Your legal rights may be affected by this case, so please read this notice carefully. A federal court authorized this notice – it is not a solicitation from a lawyer.***

**Location Targeting Class**: As previously notified, the Court certified two classes in the Action. One of the classes - the "Location Targeting Class" is comprised of all persons and entities located within the United States who, between January 1, 2004 and March 22, 2011, advertised through Google's AdWords Program and paid for clicks on their Google AdWords advertisement(s), where such clicks did not originate from the location selected by the advertiser ("Location Targeting Class" or "Class"). Excluded from the Location Targeting Class are Google LLC ("Google" or "Defendant") and its affiliates, officers, and directors, as well as members of the judiciary and their staff. Also excluded from the Location Targeting Class are (i) the individuals and entities who requested exclusion from the Location Targeting Class pursuant to Class Notice and do not opt back into the Class in connection with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Location Targeting Class in connection with the Settlement.

**The Proposed Settlement**: The parties to the Action have reached a proposed Settlement of the claims against Google. If approved, the Settlement will resolve the claims of ***both*** certified classes (including the Location Targeting Class) and will dismiss the Action in its entirety. More information regarding the claims being resolved can be found in the detailed Notice of (I) Proposed Settlement; (II) Final Fairness Hearing; and (III) Motion for Attorneys' Fees and

Litigation Expenses ("Settlement Notice"), available at www.AdWordsClicksClassAction.com. Google denies all claims and wrongdoing asserted in the Action, as well as any liability arising out of the conduct alleged in the Action.

Pursuant to the Settlement, Google has agreed to pay **$100,000,000.00**, which, after deducting any Court-awarded attorneys' fees and expenses, notice and administration costs, and taxes, will be allocated among those Location Targeting Class Members and Search Bundled Clicks Class Members that (1) are eligible to receive a payment under the Settlement based on an assessment by Plaintiffs' experts of data produced by Google in the Action, (2) submit a completed Payment Form, and (3) have not requested exclusion from the Classes ("Participating Class Members"), as long as they are entitled to receive at least $1.00. A Participating Class Member's actual share of the Settlement will be determined pursuant to the proposed Allocation Methodology set forth in the Settlement Notice, or other allocation method ordered by the Court. If you are a Participating Class Member, your *pro rata* share of the Settlement will depend on your alleged damages during the relevant time period based on an assessment by Plaintiffs' experts of data produced by Google in the Action, in comparison to the total alleged damages of all Participating Class Members. **For additional information regarding the Settlement and the proposed Allocation Methodology, please review the Settlement Notice and the parties' Class Action Settlement and Release Agreement dated March 27, 2025, available at www.AdWordsClicksClassAction.com.**

**Final Fairness Hearing**: A hearing will be held on _____ __, 2025 at __:__ _.m., before the Honorable Edward J. Davila, United States District Court Judge for the Northern District of California, either in person at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 4—5th Floor, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether the Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Google and the releases specified and described in the Settlement Agreement (and in the Settlement Notice) should be granted; (iii) whether Class Counsel's motion for attorneys' fees in an amount not to exceed 33% of the Settlement Fund and reimbursement/payment of Litigation Expenses in an amount not to exceed $4.2 million should be approved; and (iv) whether a Service Award to Plaintiffs in an amount not to exceed $20,000 should be approved. Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.AdWordsClicksClassAction.com.

**What Are My Options?:**

- **Settlement Payments**: If an assessment by Plaintiffs' experts of data produced by Google in this Action indicates that you are eligible to receive a payment from the Settlement and you submit a completed Payment Form, the Settlement Administrator will issue you a Settlement Payment, as long as you are entitled to receive $1.00. You can fill out the Payment Form online at www.AdWordsClicksClassAction.com. You can also print out the Payment Form at www.AdWordsClicksClassAction.com and mail or email your completed form to the Settlement Administrator. **Payment Forms must be completed by _____ __, 2025.** You may elect to receive your Settlement Payment by physical check, virtual prepaid MasterCard, Venmo, or ACH transfer (direct deposit). ACH transfer

(direct deposit) may only be requested via online submission. If you are eligible for a Settlement Payment and do not indicate a payment method on the Payment Form, you will receive the default payment (i.e., a virtual prepaid Mastercard). [LINK TO PAYMENT FORM].

- o <u>IMPORTANT</u>: **Only one payment will be issued per Customer ID/Account Number.** To the extent there is more than one email address associated with a single Customer ID/Account Number and multiple Payment Forms are submitted for the same Customer ID/Account Number, the Settlement Administrator will take steps to determine the primary Payment Form and ensure that only one payment is issued.

- **Request Exclusion from the Location Targeting Class**: If you DO NOT want to be a Location Targeting Class member and be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Location Targeting Class by **_____ __, 2025**. To exclude yourself or someone for whom you are an authorized representative, you must: (i) send a letter by mail to *AdWords Clicks Class Action*, ATTN: Exclusion Request, P.O. Box 58220, Philadelphia, PA 19102 or (ii) submit your request for exclusion online at www.AdWordsClicksClassAction.com, in accordance with the instructions set forth in the Settlement Notice. Excluding yourself from the Class is the only option that allows you to reserve your right to separately sue Google regarding the legal claims in this lawsuit. Google retains all of its defenses to any individual claims against it and may seek the dismissal of those claims. If you exclude yourself, you will not be eligible to receive a payment from the Settlement.

  - o <u>PLEASE NOTE</u>: If you previously requested exclusion from the Class pursuant to Class Notice, you do not need to request exclusion again. If you previously requested exclusion, you will remain excluded from the Class unless you request to opt back into the Class to be potentially eligible to receive a Settlement Payment. You can request to opt back into the Class by mailing a letter to *AdWords Clicks Class Action*, P.O. Box 58220, Philadelphia, PA 19102 or by emailing info@AdWordsClicksClassAction.com by **_____ __, 2025**.

- **Submit an Objection**: Any Class Member who or that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Allocation Methodology, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be submitted to the Court by **_____ __, 2025**, in accordance with the instructions set forth in the Settlement Notice. Any Class Member who or that does not make his, her, or its objection in the manner provided in the Settlement Notice may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Allocation Methodology, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Allocation Methodology, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard on these matters.

**More Information:** This notice summarizes the proposed Settlement. Additional information regarding the Settlement and your options in connection therewith can be found at

www.AdWordsClicksClassAction.com. You may also contact the Settlement Administrator, Angeion Group, LLC, at 1650 Arch Street, Suite 2210 Philadelphia, PA 19103; 1-833-355-0988; info@AdWordsClicksClassAction.com, or Court-appointed Class Counsel Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com or Nix Patterson, LLP, 8701 Bee Cave Road, Building 1, Suite 500, Austin, TX 78746, 1-512-328-5333, info@nixlaw.com. You may also access the Settlement Agreement and other case documents by accessing the Court docket for this Action, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. **PLEASE DO NOT CONTACT THE COURT, GOOGLE, OR GOOGLE'S COUNSEL REGARDING THIS NOTICE.**

## SETTLEMENT EMAIL NOTICE TO SEARCH BUNDLED CLICKS CLASS

To: [Search Bundled Clicks Class member email address]

From: Rene Cabrera v. Google LLC Administrator

Subject: Rene Cabrera v. Google LLC – Notice of Class Action Settlement

---

Dear [Potential Search Bundled Clicks Class member]:

**THIS NOTICE HAS BEEN ISSUED TO ADVISE YOU OF A PROPOSED CLASS ACTION SETTLEMENT AND YOUR RIGHTS IN CONNECTION THEREWITH.**

**PLEASE READ THIS ENTIRE NOTICE. YOU ARE REQUIRED TO SUBMIT A PAYMENT FORM IN ORDER TO RECEIVE A SETTLEMENT PAYMENT.**

You are receiving this Court-approved notice because Google's records indicate that you or someone associated with your contact information may be a member of the Search Bundled Clicks Class in the pending class action lawsuit *Rene Cabrera, et al. v. Google LLC*, Case No. 5:11-cv-1263-EJD (N.D. Cal.) ("Action"). You may have been previously notified by email that the Action had been certified by the Court to proceed as a class action ("Class Notice"). You are now being notified that the Action has reached a proposed settlement (the "Settlement"). This notice contains summary information regarding the Settlement, including important deadlines to act. *Your legal rights may be affected by this case, so please read this notice carefully. A federal court authorized this notice – it is not a solicitation from a lawyer.*

**Search Bundled Clicks Class**: As previously notified, the Court certified two classes in the Action. One of the classes - the "Search Bundled Clicks Class" is comprised of all persons and entities located within the United States who, between June 1, 2009 and December 13, 2012, advertised through Google's AdWords Program and paid for clicks on ads on Google's Display Network where the advertiser's settings allowed its ads to show on both the Search and Display Networks and did not set a Display Network bid different from the Search Network bid ("Search Bundled Clicks Class" or "Class"). Excluded from the Search Bundled Clicks Class are Google LLC ("Google" and "Defendant") and its affiliates, officers, and directors, as well as members of the judiciary and their staff. Also excluded from the Search Bundled Clicks Class are (i) the individuals and entities who requested exclusion from the Search Bundled Clicks Class pursuant to Class Notice and do not opt back into the Class in connection with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Search Bundled Clicks Class in connection with the Settlement.

**The Proposed Settlement**: The parties to the Action have reached a proposed Settlement of the claims against Google. If approved, the Settlement will resolve the claims of **both** certified classes (including the Search Bundled Clicks Class) and will dismiss the Action in its entirety. More information regarding the claims being resolved can be found in the detailed Notice of

(I) Proposed Settlement; (II) Final Fairness Hearing; and (III) Motion for Attorneys' Fees and Expenses ("Settlement Notice"), available at www.AdWordsClicksClassAction.com. Google denies all claims and wrongdoing asserted in the Action, as well as any liability arising out of the conduct alleged in the Action.

Pursuant to the Settlement, Google has agreed to pay **$100,000,000.00**, which, after deducting any Court-awarded attorneys' fees and expenses, notice and administration costs, and taxes, will be allocated among those Search Bundled Clicks Class Members and Location Targeting Class Members that (1) are eligible to receive a payment under the Settlement based on an assessment by Plaintiffs' experts of data produced by Google in the Action, (2) submit a completed Payment Form, and (3) have not requested exclusion from the Classes ("Participating Class Members), as long as they are entitled to receive at least $1.00. A Participating Class Member's actual share of the Settlement will be determined pursuant to the proposed Allocation Methodology set forth in the Settlement Notice, or other allocation method ordered by the Court. If you are a Participating Class Member, your *pro rata* share of the Settlement will depend on your alleged damages during the relevant time period based on an assessment by Plaintiffs' experts of data produced by Google in the Action, in comparison to the total alleged damages of all Participating Class Members. **For additional information regarding the Settlement and the proposed Allocation Methodology, please review the Settlement Notice and the parties' Class Action Settlement and Release Agreement dated March 27, 2025, available at www.AdWordsClicksClassAction.com**.

**Final Fairness Hearing**: A hearing will be held on _____ __, 2025 at __:__ _.m.**, before the Honorable Edward J. Davila, United States District Court Judge for the Northern District of California, either in person at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 4—5th Floor, or by telephone or videoconference (in the discretion of the Court), to determine, among other things: (i) whether the Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Classes, and should be finally approved by the Court; (ii) whether the Action should be dismissed with prejudice against Google and the releases specified and described in the Settlement Agreement (and in the Settlement Notice) should be granted; (iii) whether Class Counsel's motion for attorneys' fees in an amount not to exceed 33% of the Settlement Fund and reimbursement/ payment of expenses in an amount not to exceed $4.2 million should be approved; and (iv) whether a Service Award to Plaintiffs in an amount not to exceed $20,000 should be approved. Any updates regarding the hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.AdWordsClicksClassAction.com.

**What Are My Options?:**

- **Settlement Payments**: If an assessment by Plaintiffs' experts of data produced by Google in this Action indicates that you are eligible to receive a payment from the Settlement and you submit a completed Payment Form, the Settlement Administrator will issue you a Settlement Payment, as long as you are entitled to at least $1.00. You can fill out the Payment Form online at www.AdWordsClicksClassAction.com. You can also print out the Payment Form online at www.AdWordsClicksClassAction.com and mail or email your completed form to the Settlement Administrator. **Payment Forms must be completed by _____ __, 2025.** You may elect to receive your Settlement Payment by

physical check, virtual prepaid MasterCard, Venmo, or ACH transfer (direct deposit). ACH transfer (direct deposit) may only be requested via online submission. If you are eligible for a Settlement Payment and do not indicate a payment method on the Payment Form, you will receive the default payment (i.e., a virtual prepaid Mastercard). [LINK TO PAYMENT FORM].

  o  IMPORTANT: **Only one payment will be issued per Customer ID/Account Number.** To the extent there is more than one email address associated with a single Customer ID/Account Number and multiple Payment Forms are submitted for the same Customer ID/Account Number, the Settlement Administrator will take steps to determine the primary Payment Form and ensure that only one payment is issued.

- **Request Exclusion from the Search Bundled Clicks Class**: If you DO NOT want to be a Search Bundled Clicks Class member and be legally bound by any releases, judgments, or orders in the Action, **you must exclude yourself** from the Search Bundled Clicks Class by **_____ __, 2025**. To exclude yourself or someone for whom you are an authorized representative, you must: (i) send a letter by mail to *AdWords Clicks Class Action*, ATTN: Exclusion Request, P.O. Box 58220, Philadelphia, PA 19102 or (ii) submit your request for exclusion online at www.AdWordsClicksClassAction.com, in accordance with the instructions set forth in the Settlement Notice. Excluding yourself from the Class is the only option that allows you to reserve your right to separately sue Google regarding the legal claims in this lawsuit. Google retains all of its defenses to any individual claims against it and may seek the dismissal of those claims. If you exclude yourself, you will not be eligible to receive a payment from the Settlement.

  o  PLEASE NOTE: If you previously requested exclusion from the Class pursuant to Class Notice, you do not have to request exclusion again. If you previously requested exclusion, you will remain excluded from the Class unless you request to opt back into the Class to be potentially eligible to receive a Settlement Payment. You can request to opt back into the Class by mailing a letter to *AdWords Clicks Class Action*, P.O. Box 58220, Philadelphia, PA 19102 or by emailing info@AdWordsClicksClassAction.com by **_____ __, 2025**.

- **Submit an Objection**: Any Class Member who or that does not request exclusion from the Class may file a written objection to the proposed Settlement, the proposed Allocation Methodology, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses. Objections must be submitted to the Court by **_____ __, 2025**, in accordance with the instructions set forth in the Settlement Notice. Any Class Member who or that does not make his, her, or its objection in the manner provided in the Settlement Notice may be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Allocation Methodology, and/or Class Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Allocation Methodology, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard on these matters.

**More Information:** This notice summarizes the proposed Settlement. Additional information regarding the Settlement and your options in connection therewith can be found at www.AdWordsClicksClassAction.com. You may also contact the Settlement Administrator, Angeion Group, LLC, at 1650 Arch Street, Suite 2210 Philadelphia, PA 19103; 1-833-355-0988; info@AdWordsClicksClassAction.com, or Court-appointed Class Counsel Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com or Nix Patterson, LLP, 8701 Bee Cave Road, Building 1, Suite 500, Austin, TX 78746, 1-512-328-5333, info@nixlaw.com. You may also access the Settlement Agreement and other case documents by accessing the Court docket for this Action, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov. **PLEASE DO NOT CONTACT THE COURT, GOOGLE, OR GOOGLE'S COUNSEL REGARDING THIS NOTICE.**

Exhibit A-2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RENE CABRERA and RM CABRERA COMPANY, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>       Plaintiff,<br><br> v.<br><br>GOOGLE LLC,<br><br>       Defendant. | Case No. 5:11-cv-1263-EJD |

**NOTICE OF (I) PROPOSED SETTLEMENT; (II) FINAL FAIRNESS HEARING; AND (III) MOTION FOR ATTORNEYS' FEES AND LITIGATION EXPENSES**

**TO:** **All persons and entities located in the United States who, between January 1, 2004 and March 22, 2011, advertised through Google's AdWords Program and paid for clicks on their Google AdWords advertisement(s), where such clicks did not originate from the location selected by the advertiser ("Location Targeting Class")**

            **- and -**

**TO:** **All persons and entities located in the United States who, between June 1, 2009 and December 13, 2012, advertised through Google's AdWords Program and paid for clicks on ads on Google's Display Network where the advertiser's settings allowed its ads to show on both the Search and Display Networks and did not set a Display Network bid differed from the Search Network bid ("Search Bundled Clicks Class")[1]**

*<u>A Federal Court authorized this Notice.  This is not a solicitation from a lawyer.</u>*

This Notice has been issued pursuant to Federal Rule of Civil Procedure 23 and an Order of the United States District Court for the Northern District of California ("Court") to advise potential Class Members that a proposed settlement has been reached in the above-captioned class action ("Action").[2] Rene Cabrera and RM Cabrera Company, Inc. (together, "Plaintiffs") and Google LLC ("Google" or "Defendant") have agreed to resolve the Action for a **$100,000,000** cash payment ("Settlement"). If approved by the Court, the Settlement will resolve all claims in the Action, including the claims of ***both*** Classes. A brief history of the Action and the claims being released by the Settlement are detailed in ¶¶ 3-14 and ¶¶ 21-30 below.

---

[1] Together, the Location Targeting Class and the Search Bundled Clicks Class are sometimes referred to herein as the "Classes" or the "Class" and members of the Location Targeting Class and the Search Bundled Clicks Class referred to as "Class Members."

[2] All capitalized terms not defined in this Notice have the meanings provided in the Class Action Settlement and Release Agreement, filed with the Court on March 27, 2025 ("Settlement Agreement"). The Settlement Agreement can be viewed at www.AdWordsClicksClassAction.com.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have, including the possible receipt of a payment from the Settlement. If you are a member of one or both Classes, your legal rights will be affected whether or not you act.**

- **Statement of the Classes' Recovery:** Subject to Court approval, Plaintiffs, on behalf of the Classes, have agreed to settle the Action in exchange for a cash payment of $100,000,000 ("Settlement Amount") to be deposited into an escrow account. The Net Settlement Fund (as defined below at ¶ 34) will be distributed to Participating Class Members (i.e., Class Members that: (i) are eligible to receive a payment under the Settlement based on an assessment by Plaintiffs' experts of data produced by Google in this Action, (ii) have submitted a completed Payment Form, and (iii) have not requested exclusion from the Class(es)). Payments to Participating Class Members will be made in accordance with the proposed Allocation Methodology set forth below, or another allocation method ordered by the Court.

- **Reasons for the Settlement:** This Action has been ongoing for more than 13 years and at the time of settlement, a trial of the Action was scheduled for February 2025. For Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit for the Classes without the risk, delays, and costs of further litigation, including trial and potential appeals. Moreover, the cash benefit provided under the Settlement must be considered against the risk that a smaller recovery – or indeed no recovery at all – might be achieved after trial. For Google, who denies all allegations of wrongdoing or liability whatsoever and denies that Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, risk, and distraction of further litigation. The Settlement is not an admission of wrongdoing by Google.

- **Attorneys' Fees and Expenses Sought:** Court-appointed Class Counsel, Kessler Topaz Meltzer & Check, LLP and Nix Patterson, LLP, have prosecuted this Action on a wholly contingent basis and have not received any attorneys' fees (or reimbursement/payment of expenses) for their representation of the Classes. For their efforts, Class Counsel will apply to the Court for attorneys' fees in an amount not to exceed 33% of the Settlement Fund. Class Counsel will also apply for reimbursement/payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the Action, in an amount not to exceed $4.2 million. In connection with Class Counsel's request for attorneys' fees and Litigation Expenses, Plaintiffs are requesting a Service Award in a total amount not to exceed $20,000.[3]

- **Identification of Attorneys' Representatives:** Plaintiffs and the Classes are represented by Joseph H. Meltzer, Esq. and Matthew L. Mustokoff, Esq. of Kessler Topaz Meltzer & Check, LLP, 280 King of Prussia Road, Radnor, PA 19087, 1-610-667-7706, info@ktmc.com, and Drew G. Pate, Esq. and Brad E. Beckworth, Esq. of Nix Patterson, LLP, 8701 Bee Cave Road, Building 1, Suite 500, Austin, TX 78746, 1-512-328-5333, info@nixlaw.com. Further information regarding the Action, the Settlement, and this Notice also may be obtained by contacting the Settlement Administrator, Angeion Group, LLC ("Angeion") at: *AdWords Clicks Class* Action, c/o Settlement Administrator, 1650 Arch Street, Suite 2210 Philadelphia, PA 19103, 1-833-355-0988, info@AdWordsClicksClassAction.com.

---

[3] The Notice and Administrative Costs, which shall be paid from the Settlement Fund, are estimated to be approximately $897,972.00. This is only an estimate, however, as the administration has not fully commenced as of the date of this Notice.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **COMPLETE A PAYMENT FORM BY _____ __, 2025.** | You must submit a completed Payment Form by _____ __, 2025 to be eligible to receive a payment from the Settlement. <br><br> Additionally, to receive a payment, the Allocation Methodology proposed below must reflect that you are entitled to a payment of at least $1.00. The proposed Allocation Method set forth below describes how the Settlement proceeds will be allocated to Participating Class Members. |
| **ASK TO BE EXCLUDED FROM THE CLASS(ES) BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION BY _____ __, 2025.** | If you decide to exclude yourself, you will not receive a Settlement Payment. This is the *only* option that may allow you to ever bring or be part of any *other* lawsuit against Google or the other Releasees about the claims being released by the Settlement. <br><br> <u>Please Note</u>: If you previously requested exclusion from the Class(es) and wish to opt back into the Class(es) to be eligible to receive a Settlement Payment, please follow the instructions at ¶ 38 below. |
| **OPT BACK INTO THE CLASS(ES) IF YOU PREVIOUSLY EXCLUDED YOURSELF FROM THE CLASS(ES) PURSUANT TO CLASS NOTICE BY SUBMITTING A WRITTEN REQUEST TO OPT BACK INTO THE CLASS(ES) BY _____ __, 2025.** | If you previously submitted a request for exclusion from the Class(es) pursuant to Class Notice and now want to be eligible to receive a Settlement Payment, you must follow the steps for "Opting Back Into the Class(es)" as set forth in ¶¶ 43-44 below. If you previously submitted a request for exclusion from the Class(es) pursuant to Class Notice and wish to remain excluded from the Class(es), no further action is necessary. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION TO THE COURT BY _____ __, 2025.** | If you are a Class Member, you may write to the Court about why you do not like the Settlement, the Allocation Methodology, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. |
| **PARTICIPATE IN THE HEARING ON _____ __, 2025. AT __:__ _.M.** | If you submit an objection, you may ask to speak in Court at the Final Fairness Hearing, at the discretion of the Court, about the Settlement, the Allocation Methodology, and/or Class Counsel's request for attorneys' fees and Litigation Expenses. |

3

| **DO NOTHING.** | Get no payment from the Settlement. You will, however, remain a member of the Class(es), which means that you give up any rights you may have to sue about the claims that are being released by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |
|---|---|

**These rights and options – and the deadlines to exercise them – are further explained in this Notice. Please Note: The date and time of the Final Fairness Hearing – currently scheduled for _____ __, 2025 at __:__ _.m. – is subject to change without further written notice to the Classes. It is also within the Court's discretion to hold the hearing by video or telephonic conference. If you plan to attend the hearing, you should check the website, www.AdWordsClicksClassAction.com, the Court's PACER site (*see* ¶ 54 below), or with Class Counsel to confirm no change to the date and/or time of the hearing has been made.**

**YOU ARE ENCOURAGED TO MONITOR THE WEBSITE FOR IMPORTANT UPDATES REGARDING THE SETTLEMENT.**

| **CONTENTS OF THIS NOTICE** |
|---|

What Is The Purpose Of This Notice? ............................................................. Page __
What Is This Case About? ................................................................................ Page __
Why Is This Case A Class Action? .................................................................. Page __
Why Is There A Settlement? ............................................................................ Page __
What Might Happen If There Were No Settlement? ......................................... Page __
How Do I Know If I Am Affected By The Settlement?
    Who Is Included In The Classes? ................................................................. Page __
How Are Class Members Affected By The Action And the Settlement? .......... Page __
What Do I Need To Do To Receive A Payment? .............................................. Page __
How Much Will My Payment Be? When Will I Receive My Payment?
    How Will My Payment Be Calculated? .......................................................... Page __
    Proposed Allocation Methodology ................................................................ Page __
What Payment Are The Attorneys For The Classes Seeking?
    How Will The Lawyers Be Paid? ................................................................... Page __
What If I Do Not Want To Be A Member Of The Class(es)?
    How Do I Exclude Myself?
What If I Previously Requested Exclusion From The Class(es) And
    Now Want To Be Potentially Eligible To Receive A Settlement Payment?
    How Do I Opt Back Into The Class(es)? ........................................................ Page __
When And Where Will The Court Decide Whether To Approve The Settlement?
    Do I Have To Come To The Hearing?  May I Speak At The Hearing If I
    Don't Like The Settlement? ........................................................................... Page __
What If I Do Nothing? .................................................................................... Page __

| **WHAT IS THE PURPOSE OF THIS NOTICE?** |
|---|

      1.     A federal Court authorized this Notice because you have a right to know about the proposed Settlement of this Action and all of your options before the Court decides whether to

approve the Settlement. This Notice explains the Action, the Settlement, your legal rights, what benefits are available, and who can get them.

2.      Judge Edward J. Davila of the United States District Court Judge for the Northern District of California is currently overseeing this case and will decide whether to grant final approval to the Settlement. The case is known as *Rene Cabrera, et al. v. Google LLC*, Case No. 11-cv-1263-EDJ (N.D. Cal.) and was formerly captioned as *Rick Woods v. Google LLC*. The issuance of this Notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action. If the Court approves the Settlement and the Allocation Methodology (or some other allocation method), the Settlement Administrator will issue payments to Participating Class Members after any objections and appeals are resolved.

## WHAT IS THIS CASE ABOUT?

3.      This lawsuit involves a dispute between Google and U.S.-based advertisers who used Google's AdWords program between January 1, 2004 and December 13, 2012. With respect to the Location Targeting Class, Plaintiffs alleged that Google misled advertisers that Google would limit the distribution of ads to users located in the advertisers' designated locations in violation of the California Unfair Competition Law. The lawsuit alleged that Google distributed ads outside these selected locations and charged for clicks on those ads. With respect to the Search Bundled Clicks Class, Plaintiffs alleged that Google breached its contract with advertisers participating in the AdWords program by manipulating the Smart Pricing formula, resulting in Search Bundled Clicks Class members receiving less than their bargained-for discounts. The Action alleged that Google used an artificially inflated Smart Pricing score resulting in an artificially reduced discount. Google denies all of the allegations of wrongdoing asserted in the Action and denies any liability whatsoever to the Classes.

4.      This Action was initiated on March 15, 2011 with the filing of the initial complaint by former plaintiff Rick Woods ("Woods") on behalf of a putative class of Google advertisers.

5.      Extensive motion practice and discovery proceeded with the parties arriving at the class certification stage in 2018. The Court denied class certification at that time.

6.      Thereafter, Plaintiff Rene Cabrera ("Cabrera") joined the suit and filed a renewed motion for class certification on November 18, 2018. Google opposed Cabrera's renewed motion on November 30, 2018 and filed multiple motions under *Daubert* related to Plaintiff's experts at the class certification stage, as well as a motion to dismiss.

7.      The Court granted Google's motion to dismiss Cabrera for lack of standing. Subsequently, Woods settled his individual claims and Cabrera appealed the dismissal of his claims. The U.S. Court of Appeals for the Ninth Circuit reversed the dismissal and remanded for further proceedings.

8.      In 2021, Plaintiff Cabrera was joined by RM Cabrera Company, Inc. ("RMC"), his company, as a named Plaintiff, and the Court ordered a supplemental round of briefing related to class certification. On June 17, 2021, Plaintiffs filed the operative Fifth Amended Class Action Complaint. Google filed a supplemental brief in opposition to class certification on January 31, 2022 and a motion for summary judgment on March 14, 2022.

9.      Pursuant to an Order dated August 15, 2023, the Court certified the Classes and denied Google's motion for summary judgment.

10. Thereafter, the Court appointed Angeion as administrator to facilitate notice of the pendency of the Action to the Classes ("Class Notice"). The Class Notice provided Class Members with the opportunity to request exclusion from the Class(es), explained that right, and set forth the procedures for doing so. There were 41 requests for exclusion from the Location Targeting Class and 32 requests for exclusion from the Search Bundled Clicks Class.

11. During this same time, the Parties prepared the claims for a February 2025 trial.

12. The Parties mediated this case several times over the years (in April 2014, January 2015, February 2018, and April 2021), with multiple mediators, and ultimately participated in two settlement conferences with the Honorable Virginia K. DeMarchi (in May 2024 and December 2024). The Parties reached an agreement-in-principle to resolve the Action on December 24, 2024 following a double-blind mediator's proposal issued by Judge DeMarchi. Thereafter, the Parties notified the Court that they had reached an agreement in principle to settle the Action.

13. After negotiations regarding the specific terms of their agreement, the Parties entered into the Settlement Agreement on March 27, 2025.

14. On _____ __, 2025, the Court preliminarily approved the Settlement, authorized notice of the Settlement to be provided to the Classes, and scheduled the Final Fairness Hearing to consider whether to grant final approval of the Settlement.

## WHY IS THIS CASE A CLASS ACTION?

15. In a class action, one or more persons or entities (in this case, Plaintiffs) sue on behalf of persons and entities that have similar claims. Together, these persons and entities are a "class," and each is a "class member." Bringing a case, such as this one, as a class action allows the adjudication of many individuals' similar claims that might be too small to bring economically as separate actions. One court resolves the issues for all class members at the same time, except for those who exclude themselves, or "opt out," from the class.

## WHY IS THERE A SETTLEMENT?

16. The Settlement is the result of more than 13 years of hard-fought litigation and extensive, arm's-length negotiations by the Parties and was reached just before trial. Plaintiffs believe that the claims asserted against Google have merit; however, they recognized the substantial risks they faced in successfully obtaining a favorable verdict for the Classes at trial and through the likely appeals that would follow.

17. In light of these risks, the Settlement Amount, and the near-term recovery to the Classes, Plaintiffs and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Classes. Plaintiffs and Class Counsel believe that the Settlement provides a favorable result for the Classes, namely $100,000,000 in cash (less the various deductions described in this Notice), as compared to the risk that the claims in the Action would produce a smaller, or no, recovery after trial, and appeals, possibly years in the future.

18. Google has denied the claims asserted against it in the Action and denies having engaged in any wrongdoing or violation of law of any kind whatsoever. Google has agreed to the Settlement to eliminate the burden and expense of continued litigation, and the Settlement may not be construed as an admission of any wrongdoing by Google.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

19.    If there were no Settlement and Plaintiffs failed to establish their claims against Google at trial, neither Plaintiffs nor the other Class Members would recover anything. Also, if Google was successful in proving any of its defenses at trial, or on appeal, the Classes could recover substantially less than the amount provided in the Settlement, or nothing at all.

## HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?
## WHO IS INCLUDED IN THE CLASSES?

20.    Pursuant to Order dated August 15, 2023, the Court certified two classes under Rule 23. If you are a member of one or both of the following Classes, you are subject to the Settlement, unless you previously requested exclusion or request exclusion in connection with the Settlement:

- **Location Targeting Class**: All persons and entities located in the United States who, between January 1, 2004 and March 22, 2011, advertised through Google's AdWords Program and paid for clicks on their Google AdWords advertisement(s), where such clicks did not originate from the location selected by the advertiser.

- **Search Bundled Clicks Class**: All persons and entities located in the United States who, between June 1, 2009 and December 13, 2012, advertised through Google's AdWords Program and paid for clicks on ads on Google's Display Network where the advertiser's settings allowed its ads to show on both the Search and Display Networks and did not set a Display Network bid different from the Search Network bid.

Excluded from the Classes are Google and its affiliates, officers, and directors, as well as members of the judiciary, their staff and jurors in this case. Also excluded from the Classes are (i) the individuals and entities who requested exclusion from the Classes pursuant to Class Notice (as listed in Appendix 1 to the Settlement Agreement) and do not opt back into the Classes in connection with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Classes in connection with the Settlement. *See* "What If I Do Not Want To Be A Member Of The Class(es)?  How Do I Exclude Myself," on page [__] below.

**PLEASE NOTE: Receipt of this Notice or the Email Notice (or a similar notice by mail) does not mean that you are a Class Member or that you are eligible to receive a payment from the Settlement.** In order to be eligible to receive a Settlement Payment, you must be a Class Member that was damaged based on the assessment by Plaintiffs' experts based on data produced by Google in this Action, be entitled to a payment of at least $1.00 pursuant to the Allocation Methodology as explained below, and you must submit a completed Payment Form to the Settlement Administrator.

## HOW ARE CLASS MEMBERS AFFECTED
## BY THE ACTION AND THE SETTLEMENT?

21.    As a Class Member, you are represented by Plaintiffs and Class Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

22.    If you are a Class Member and do not wish to remain a Class Member, you may exclude yourself from the Class(es) by following the instructions in the section below entitled, "What If I Do Not Want To Be A Member Of The Class?  How Do I Exclude Myself?"

23.     If you previously excluded yourself from the Class(es) pursuant to Class Notice and wish to opt back into the Class(es) to be eligible to receive a Settlement Payment, you must request to opt back into the Class(es) by following the instructions in the section below entitled, "How Do I Opt Back Into The Class(es)?"

24.     If you are a Class Member and you wish to object to the Settlement, the Allocation Methodology, or Class Counsel's request for attorneys' fees and Litigation Expenses, you may present your objections by following the instructions in the section below entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?"

25.     If you are a Class Member and you do not exclude yourself from the Class(es), you will be bound by any orders issued by the Court in the Action. If the Settlement is approved, the Court will enter a judgment ("Final Approval Order"). The Final Approval Order will dismiss with prejudice the claims against Google and will provide that, upon the Effective Date of the Settlement Agreement, the Releasing Parties (as defined in ¶ 26 below) shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees (as defined in ¶ 28 below), any and all Released Claims (as defined in ¶ 27 below).

26.     "Releasing Parties" means Plaintiffs and all other Class Members, on behalf of themselves and any current or former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, and assigns; and all other individuals and entities acting on Plaintiffs' or any other Class Member's behalf.

27.     "Released Claims" means any and all claims, demands, actions, causes of action, lawsuits, arbitrations, damages, or liabilities whether legal, equitable, or otherwise, asserted in this Action or arising out of or in any way related to the subject matter giving rise to the claims in this Action during the class period as defined for each Class. Released Claims do not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims of the individuals and entities who requested exclusion from the Classes pursuant to Class Notice (as listed on Appendix 1 to the Settlement Agreement) and do not opt back into the Classes in connection with the Settlement; and (iii) any claims of the individuals and entities who submit timely and valid requests for exclusion in connection with the Settlement. Released Claims include, but are not limited to, all claims asserted in the Action as of the date the Settlement Agreement is executed.

28.     "Releasees" means Defendant (Google LLC), Alphabet Inc., and XXVI Holdings Inc., and their current and former directors, officers, members, administrators, agents, insurers, beneficiaries, trustees, employee benefit plans, representatives, servants, employees, attorneys, parents, subsidiaries, affiliates, divisions, branches, units, shareholders, investors, contractors, successors, joint venturers, predecessors, related entities, and assigns, and all other individuals and entities acting on their behalf.

29.     Upon the Effective Date of the Settlement Agreement, the Releasing Parties shall release, forever discharge, will not in any manner pursue, this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releases, any and all Released Claims. Plaintiffs and Google intend for the Settlement Agreement to be a final and complete resolution of all disputes asserted or that could be asserted with respect to the Released Claims.

30.    Moreover, the Parties fully understand that the facts on which the Settlement Agreement is executed may be different from the facts now believed by the Parties and their counsel to be true. The Parties expressly accept and assume the risk of this possible difference in facts and agree that the Settlement Agreement will remain effective despite any difference in facts. The Parties intend to fully, finally, and forever settle and release all of the Released Claims, known or unknown, suspected or unsuspected, that the Releasing Parties have against the Releasees. In furtherance of such intention, the release shall be and remain in effect as a full and complete release of the Released Claims notwithstanding the discovery or existence of any such additional difference claims or facts.

31.    The Parties have stipulated and agree that, upon the Effective Date, Plaintiffs shall expressly waive and relinquish, to the fullest extent permitted by law, and each of the Class Members shall be deemed to have waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of California Civil Code §1542, or any other similar provision under federal or state law. The Parties further agree that this waiver is an essential and material term of the release and the Settlement that underlies it and that without such waiver the Settlement would not have been agreed to. The Releasing Parties understand that California Civil Code §1542 states:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

## WHAT DO I NEED TO DO TO RECEIVE A PAYMENT?

32.    You are eligible to receive a Settlement Payment, if the proposed Allocation Methodology set forth below entitles you to a potential Settlement Payment of at least $1.00. You must submit a completed Payment Form to the Settlement Administrator to receive a Settlement Payment. You can fill out the Payment Form online at www.AdWordsClicksClassAction.com. You can also print out the Payment Form at www.AdWordsClicksClassAction.com and mail or email your completed form to the Settlement Administrator. **Payment Forms must be completed by _____ __, 2025.** You may elect to receive your Settlement Payment by physical check, virtual prepaid MasterCard, Venmo, or ACH transfer (direct deposit). ACH transfer (direct deposit) may only be requested via online submission. If you are eligible for a Settlement Payment and do not select a payment method on the Payment Form, you will receive the default payment method (i.e., the virtual prepaid MasterCard).

33.    You are not eligible to receive a Settlement Payment if (a) you previously requested exclusion from the Class(es) and do not opt back into the Class(es) in connection with the Settlement or (b) you submit a request for exclusion from the Class(es) in connection with the Settlement.

| HOW MUCH WILL MY PAYMENT BE? WHEN WILL I RECEIVE MY PAYMENT? HOW WILL MY PAYMENT BE CALCULATED? |
|---|

34.     Pursuant to the Settlement, Google has agreed to pay a total of $100,000,000 in cash. The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund reduced by the sum of the Notice and Administrative Costs, any Taxes, any Service Award, and any Fee and Expense Award) will be distributed to Participating Class Members, in accordance with the proposed Allocation Methodology set forth below, or such other allocation method as the Court may ultimately approve.

35.     The Allocation Methodology is a matter separate and apart from the Settlement. Any determination with respect to the Allocation Methodology set forth below, or another allocation method, will not affect the Settlement, if approved. Google and the other Releasees shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the Allocation Methodology.

36.     Unless the Court otherwise orders, any Participating Class Members who fails to negotiate (*i.e.*, accept) their Settlement Payment within a reasonable time (as outlined in the Allocation Methodology below) shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Settlement Agreement, including the terms of any judgment entered and the releases given.

## PROPOSED ALLOCATION METHODOLOGY

If the Settlement is approved and becomes Final (is not appealed or is not overturned on appeal), the Net Settlement Fund shall be distributed to Participating Class Members, as defined above, in accordance with the following Allocation Methodology. It is expected that Settlement Payments will go out several months after the Effective Date has occurred. Please be patient.

The objective of the proposed Allocation Methodology – which was developed in consultation with Plaintiffs' damages experts – is to equitably distribute the Net Settlement Fund to those who may have suffered damages as a result of the conduct alleged in the Action. The calculations made pursuant to the Allocation Methodology are not intended to be estimates of, nor indicative of, the amounts that Participating Class Members might have been able to recover after a trial of the Action. The computations under the Allocation Methodology are only a method to weigh the claims of Participating Class Members against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund. Each Participating Class Member will receive their *pro rata* share of the Net Settlement Fund based upon an assessment by Plaintiffs' experts of data produced by Google in this Action and to the extent their payment calculates to at least $1.00.

Plaintiffs' damages experts developed methodologies for calculating alleged damages for both Classes. For the Location Targeting Class, Google provided data that reflected the alleged Location Targeting clicks, and Plaintiffs' experts calculated the total alleged damages for the Location Targeting Class to be the total cost of those clicks. For the Search Bundled Class, Google provided data and Plaintiffs' experts developed a methodology for identifying Search Bundled Clicks within the data, and then calculated alleged damages for the Search Bundled Class by using the following formula: Click Cost – (Click Cost / 1.06 * 1) = Damages. This formula is used to

quantify the portion of the click cost that is attributable to the 6% overcharge that Plaintiffs alleged Google applied to the cost for the Search Bundled clicks. To the extent that a Search Bundled click is also a Location Targeting click, damages will only be calculated for the Location Targeting click so as to avoid a double recovery for the same allegedly damaged click.

The Net Settlement Fund will be distributed to Participating Class Members based on their *pro rata* share of the Net Settlement Fund. A Participating Class Member's *pro rata* share of the Net Settlement Fund will be based on the percentage of the Participating Class Member's share of the total estimated damages for all Participating Class Members based on the methodologies described in the preceding paragraph. The percentage of the total damages associated with each Participating Class Member (based on its Customer ID) will then be applied to the amount of the Net Settlement Fund and payment amounts for all eligible Participating Class Members (again, based on their Customer IDs) will be calculated based on these percentages. As noted herein, the minimum allocation amount per Customer ID is $1.00. To the extent that any individual Customer ID is entitled to recover less than $1.00 based on the *pro rata* allocation of the Net Settlement Fund, such Customer IDs will be excluded from the recovery and the payment amounts initially allocated to these Customer IDs will be redistributed across the remaining eligible Customer IDs (i.e., Customer IDs entitled to recover $1.00 or more based on the previously calculated percentages) based on the remaining eligible Customer IDs' recalculated *pro rata* share of the Net Settlement Fund. Preliminary Settlement Payment amounts can be viewed on the website www.AdWordsClicksClassAction.com when available.

PLEASE NOTE: **Only one payment will be issued per Customer ID/Account Number.** To the extent there is more than one email address associated with a single Customer ID/Account Number and multiple Payment Forms are submitted for the same Customer ID/Account Number, the Settlement Administrator will take reasonable steps to determine the primary Payment Form and ensure that only one payment is issued.

After the Settlement Payments go out, the Settlement Administrator will make reasonable and diligent efforts to have Participating Class Members negotiate/accept their payments. To the extent any monies remain in the Net Settlement Fund after the initial distribution, if Class Counsel, in consultation with the Settlement Administrator, determine that it is economically feasible to do so, the Settlement Administrator will conduct another distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such distribution, to Participating Class Members who have negotiated/accepted their initial distributions and who would receive at least $1.00 from such additional distribution. Additional distributions to Participating Class Members who have negotiated/accepted their prior payments and who would receive at least $1.00 on such additional distributions may occur thereafter if Class Counsel, in consultation with the Settlement Administrator, determine that an additional distribution, after deduction of any additional fees and expenses incurred in administering the Settlement, including for such distributions, would be economically feasible. At such time as it is determined that further distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed in substantially equal amounts to the following 501(c)(3) organizations: Consumer Federation of America, National Consumer Law Center, and/or Public Justice Foundation, or another organization(s) mutually agreed to by the Parties and approved by the Court.

Payment pursuant to the Allocation Methodology, or such other allocation method approved by the Court, will be conclusive against all Class Members. No person shall have any claim against Plaintiffs, Class Counsel, Plaintiffs' damages expert, Google, Google's Counsel, or any of the other Releasees or Releasing Parties, or the Settlement Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Settlement Agreement, the allocation method approved by the Court, or further Orders of the Court.

The Court may approve the Allocation Methodology as proposed or it may modify it without further written notice to the Classes. Any Orders regarding any modification of the Allocation Methodology will be posted at www.AdWordsClicksClassAction.com.

| WHAT PAYMENT ARE THE ATTORNEYS FOR THE CLASSES SEEKING? HOW WILL THE LAWYERS BE PAID? |
|---|

37.    Class Counsel have not received any payment for their services in pursuing claims against the Google on behalf of the Classes, nor have Class Counsel been reimbursed for their out-of-pocket expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 33% of the Settlement Fund. At the same time, Class Counsel also intend to apply for reimbursement/payment of Litigation Expenses in an amount not to exceed $4.2 million, and Plaintiffs intend to request a Service Award in consideration of their representation of the Classes in a total amount not to exceed $20,000.

38.    Class Counsel's motion for attorneys' fees and Litigation Expenses will be filed by _____ __, 2025. A copy of Class Counsel's motion for attorneys' fees and Litigation Expenses will be available for review at www.AdWordsClicksClassAction.com once it is filed. The Court will determine the amount of any award of attorneys' fees or Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund.

| WHAT IF I DO NOT WANT TO BE A MEMBER OF THE CLASS(ES)? HOW DO I EXCLUDE MYSELF? |
|---|

39.    Each Class Member will be bound by all determinations and judgments in this lawsuit, whether favorable or unfavorable, unless such person or entity mails or delivers a letter requesting exclusion addressed to: *AdWords Clicks Class Action*, ATTN: Exclusion Requests, P.O. Box 58220, Philadelphia, PA 19102, or submits a request for exclusion online at www.AdWordsClicksClassAction.com. The request for exclusion must be **received no later than _____ __, 2025**. You will not be able to exclude yourself from the Class after that date. Each letter/email requesting exclusion must: (i) state the full name, address, telephone number, and email address of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) clearly identify the case name and number, *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD (N.D. Cal.); (iii) indicate the person's or entity's intent to request exclusion from the Class(es); (iv) state whether the person or entity requesting exclusion is requesting exclusion from the Location Targeting Class, the Search Bundled Clicks Class, or both Classes; and (v) include the physical or electronic signature of the person or entity requesting exclusion or an authorized representative. A request for exclusion can also be submitted through the case website.

40.    If you do not want to be part of the Class(es), you must follow these instructions for exclusion. Excluding yourself from the Class(es) is the only option that may allow you to be part of any other current or future lawsuit against Google or any of the other Releasees concerning the Released Plaintiffs' Claims. Please note, however, if you decide to exclude yourself from the Class(es), Google and the other Releasees will have the right to assert any and all defenses they may have to any claims that you may seek to assert.

41.    If you ask to be excluded from the Class(es), you will not be eligible to receive a Settlement Payment.

42.    If you previously requested exclusion from the Class(es) (and are listed on Appendix 1 to the Settlement Agreement) and you want to remain excluded from the Class(es), you do not have to request exclusion again.

43.    Google shall have the right to terminate the Settlement in the event that the damages calculated by Plaintiffs' experts for Class Members who have sought exclusion from the Class meet the threshold negotiated by the Parties.

---

**WHAT IF I PREVIOUSLY REQUESTED EXCLUSION FROM THE CLASS(ES) AND NOW WANT TO BE POTENTIALLY ELIGIBLE TO RECEIVE A SETTLEMENT PAYMENT? HOW DO I OPT BACK INTO THE CLASS(ES)?**

---

44.    If you previously requested exclusion from the Class(es) pursuant to Class Notice (and are listed on Appendix 1 to the Settlement Agreement), you may elect to opt back into the Class(es) and be potentially eligible to receive a Settlement Payment.

45.    In order to opt back into the Class(es), you must submit a written request to opt back into the Class(es) to the Settlement Administrator by mail at: *AdWords Clicks Class Action*, P.O. Box 58220, Philadelphia, PA 19102, or by email at: info@AdWordsClicksClassAction.com. This request must be ***received* by _____ __, 2025**. Your request to opt back into the Class(es) must: (i) state the full name, address, telephone number, and email address of the person or entity requesting to opt back into the Class(es), and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests to opt back into the Class(es) in *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD (N.D. Cal.); and (iii) be signed by the person or entity requesting to opt back into the Class(es) or an authorized representative.

**PLEASE NOTE: OPTING BACK INTO THE CLASS(ES) IN ACCORDANCE WITH THE REQUIREMENTS SET FORTH ABOVE DOES NOT MEAN THAT YOU WILL AUTOMATICALLY BE ENTITLED TO RECEIVE A SETTLEMENT PAYMENT. You must be entitled to a payment based on an assessment by Plaintiffs' experts of data produced by Google in the Action and you must submit a completed Payment Form to the Settlement Administrator.**

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE SETTLEMENT? DO I HAVE TO COME TO THE HEARING? MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

46.    **Class Members do not need to attend the Final Fairness Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing.**

47.    **Please Note**: The date and time of the Final Fairness Hearing may change without further written notice to the Class. In addition, the Court may decide to conduct the Final Fairness Hearing by video or telephonic conference, or otherwise allow Class Members to appear at the hearing by video or telephone, without further written notice to the Class. **In order to determine whether the date and time of the Final Fairness Hearing have changed, or whether Class Members must or may participate by telephone or video, it is important that you monitor the Court's docket and the Settlement Website, www.AdWordsClicksClassAction.com, before making any plans to attend the hearing. Any updates regarding the Final Fairness Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to www.AdWordsClicksClasAction.com. If the Court requires or allows Class Members to participate in the Final Fairness Hearing by telephone or video conference, the information for accessing the telephone or video conference will be posted to www.AdWordsClicksClassAction.com.**

48.    The Final Fairness Hearing will be held on _____ __, 2025 at __:__ _.m., before the Honorable Edward J. Davila, United States District Court Judge for the Northern District of California, either in person at the San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, in Courtroom 4—5th Floor, or by telephone or videoconference (in the discretion of the Court). The Court reserves the right to approve the Settlement, the Allocation Methodology, Class Counsel's request for attorneys' fees and Litigation Expenses, and/or any other matter related to the Settlement at or after the Final Fairness Hearing without further notice to the members of the Classes.

49.    Any Class Member may object to the Settlement, the Allocation Methodology, or Class Counsel's request for attorneys' fees and Litigation Expenses. You can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement. The Court can only approve or reject the Settlement. If the Court denies approval of the Settlement, no payments from the Settlement will be sent out and the Action will continue. If that is what you want to happen, then you must object.

50.    Any objection to the proposed Settlement must be in writing and submitted only to the Court. If you submit a timely written objection, you may, but are not required to, appear at the Final Fairness Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must: (i) clearly identify the case name and number (*Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD (N.D. Cal.)); (ii) be submitted to the Court either by mailing them to the Clerk of the Court at the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, or by filing them in person at any location of the United States District Court for the Northern District of California; and (iii) be *filed or postmarked* no later than _____ __, 2025.

51.    Additionally, any objection must: (i) identify the full name, address, telephone number, Settlement Notice ID (if available), Customer ID, and email address of the person or entity objecting and be signed by the objector; (ii) include the full name, address, telephone number, and email address of the Objector's counsel (if the Objector is represented by counsel); and (iii) state with specificity the grounds for the Class Member's objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention and whether the objection applies only to the objector, to a specific Class, or to a specific subset of either Class. **You may not object to the Settlement, Allocation Methodology, or Class Counsel's request for**

**attorneys' fees and Litigation Expenses if you exclude yourself from the Class or if you are not Class Member.**

52.     If you wish to appear and speak about your objection at the Final Fairness Hearing, you must state that you intend to appear at the hearing in your objection or send a letter stating that you intend to appear at the Final Fairness Hearing in *Rene Cabrera, et al. v. Google LLC*, No. 11-cv-1263-EJD (N.D. Cal.) to the Clerk of Court at the address set forth in ¶ 49 above so that it is ***filed or postmarked*** on or before **_____ __, 2025**. Persons who intend to object and desire to present evidence at the hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

53.     **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the Settlement, the Allocation Methodology, or the request for attorneys' fees and Litigation Expenses. Class Members do not need to appear at the Final Fairness Hearing or take any other action to indicate their approval.**

| WHAT IF I DO NOTHING? |
| :---: |

54.     If you do nothing, you will not receive a Settlement Payment. Additionally, all of your Released Claims (*see* ¶ 27 above) against Google and the other Releasees will be released.

| CAN I SEE THE COURT FILE?  WHO SHOULD I CONTACT IF I HAVE QUESTIONS? |
| :---: |

55.     This Notice summarizes the Settlement. For the full terms and conditions of the Settlement, please review the Settlement Agreement at www.AdWordsClicksClassAction.com. A copy of the Settlement Agreement and additional information regarding the Settlement can also be obtained by contacting Class Counsel at the contact information set forth below, by accessing the Court docket in this case, for a fee, though the Court's PACER system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, San Jose Courthouse, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays. Additionally, copies of any related orders entered by the Court and certain other filings in this Action will be posted on the website, www.AdWordsClicksClassAction.com.

56.     All inquiries concerning this Notice should be directed to:

*AdWords Clicks Class Action*
c/o Settlement Administrator
1650 Arch Street
Suite 2210
Philadelphia, PA 19103

1-833-355-0988
info@AdWordsClicksClassAction.com
www.AdWordsClicksClassAction.com

and/or

Kessler Topaz Meltzer & Check, LLP                    Nix Patterson, LLP

Joseph H. Meltzer, Esq.
Matthew L. Mustokoff, Esq.
280 King of Prussia Road
Radnor, PA 19087
1-610-667-7706

info@ktmc.com

Drew G. Pate, Esq.
Brad E. Beckworth, Esq.
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
1-512-328-5333

info@nixlaw.com

**PLEASE DO NOT CALL OR WRITE THE COURT, GOOGLE, OR GOOGLE'S
COUNSEL REGARDING THE SETTLEMENT OR THIS NOTICE.**

DATED: _____ __, 2025

BY ORDER OF THE COURT
United States District Court
Northern District of California

16

# Exhibit A-3

If you were an advertiser based in the U.S. and paid for clicks through Google's AdWords program between January 1,2004 - December 13, 2012, a **class action settlement** may affect your rights.



If you were an advertiser based in the U.S. and paid for clicks through Google's AdWords program between January 1,2004 - December 13, 2012, a **class action settlement** may affect your rights.



**Exhibit A-4**

# PAYMENT FORM

> Your form must be
> submitted online or
> postmarked by:
> _____ __, 2025

*Rene Cabrera, et al. v. Google LLC*
**No. 11-cv-1263-EJD (N.D. Cal.)**

____-____

**You must completely fill out this form in order to be eligible to receive
a Settlement payment. You can complete and submit a Payment Form online at
www.AdWordsClicksClassAction.com.**

If you are a Class Member and eligible to receive a Settlement payment pursuant to the
Allocation Methodology contained in the Notice of (I) Proposed Settlement; (II) Final Fairness
Hearing; and (III) Motion for Attorneys' Fee and Litigation Expenses available at
www.AdWordsClicksClassAction.com, the Settlement Administrator will issue your payment in
the manner provided below. You must notify the Settlement Administrator if your contact
information changes after you submit this form.

## I.  AFFIRMATION OF U.S.-BASED ADVERTISING

By checking this box, I affirm that I was a U.S.-based advertiser during the period from     ☐
January 1, 2004 through December 13, 2012.

## II.  CLASS MEMBER IDENTIFIER

If you received an email notification regarding the
Settlement, please enter the Settlement Notice ID from the
email notice you received:

**Settlement Notice ID**

If you <u>did not</u> receive an email notification regarding the
Settlement, please provide your Google Customer ID
associated with your Google Ads/AdWords account. You
may be able to find this information by logging into your
account or in emails or billing statements from Google (see
https://support.google.com/google-
ads/answer/1704344?hl=en):

**Customer ID**

## III.  NAME AND CONTACT INFORMATION

**First Name**          **Last Name**

**Company/Entity Name (if not individual)**

**Street Address**

|  |
|---|

**City**

**State**

**Zip Code**

**Email Address**

**Telephone Number**

| IV.  PAYMENT SELECTION |
|---|

Please select **one** of the following payment options:

▫ Virtual Prepaid MasterCard (Enter Email Address) _____

▫ Venmo (Enter Username/Associated Email) _____

▫ Check (Mailed to the address in Section III of this form)

▫ ACH transfer (direct deposit) _____

   <u>Note</u>: **If you prefer to receive your payment via direct deposit, please complete the form online.**

   **The default payment method is the virtual prepaid MasterCard. If you do not select a payment option and you are entitled to a Settlement Payment, you will receive the default payment method.**

   **IMPORTANT: Only one payment will be issued per Customer ID/Account Number.**
   To the extent multiple Payment Forms are submitted for the same Customer ID/Account Number, the Settlement Administrator will take reasonable steps to determine the primary Payment Form and ensure that only one payment is issued.

**Return your completed Payment Form to:**
**AdWords Clicks Class Action, 1650 Arch Street, Suite 2210, Philadelphia, PA 19103**

**You can also complete and submit a Payment Form at**
**www.AdWordsClicksClassAction.com.**

**Questions About This Form?**
Call: 1-833-355-0988 or Email: info@adwordsclicksclassaction.com.com

**Exhibit B**

1
2
3
4
5
6
7
8
### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
9
### SAN JOSE DIVISION
10
11 | RENE CABRERA and RM CABRERA    Case No. 5:11-cv-1263-EJD
COMPANY, INC., Individually and On Behalf of
12 | All Others Similarly Situated,                  **[PROPOSED] FINAL APPROVAL
ORDER AND JUDGMENT**
13
                    Plaintiffs,
14
15       v.
16 | GOOGLE LLC,
17
                    Defendant.
18
19
20
21
22
23
24
25
26
27
28

WHEREAS, the above-captioned class action is pending in this Court ("Action");

WHEREAS, by Order dated August 15, 2023 (Dkt. 675), the Court certified the following two classes under Federal Rule of Civil Procedure 23: (i) the "Location Targeting Class" defined as all persons and entities located in the United States who, between January 1, 2004 and March 22, 2011, advertised through Google's AdWords Program and paid for clicks on their Google AdWords advertisement(s), where such clicks did not originate from the location selected by the advertiser; and (ii) the "Search Bundled Clicks Class" defined as all persons and entities located in the United States who, between June 1, 2009 and December 13, 2012, advertised through Google's AdWords Program and paid for clicks on ads on Google's Display Network where the advertiser's settings allowed its ads to show on both the Search and Display Networks and did not set a Display Network bid different from the Search Network bid (together, the "Classes" or "Class");[1]

WHEREAS, pursuant to the Court's Order dated August 16, 2024 (Dkt. 810), notice was disseminated to potential members of the Classes to notify them of, among other things: (i) the Action pending against Google; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Classes; and (iii) their right to request to be excluded from the Class(es), the effect of remaining in the Class(es) or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, (a) Rene Cabrera and RM Cabrera Company, Inc. (together, "Plaintiffs"), on behalf of themselves and the Court-certified Classes, and (b) Google (together with Plaintiffs, the "Parties") have entered into the Class Action Settlement and Release Agreement dated March 27, 2025 ("Settlement Agreement"), that provides for a complete dismissal with prejudice of the claims asserted against Google in the Action on the terms and conditions set forth in the Settlement Agreement, subject to the approval of this Court ("Settlement");

---

[1]     Excluded from the Classes are Google LLC ("Google" or "Defendant") and its affiliates, officers, and directors, as well as members of the judiciary, their staff and jurors in this case. Also excluded from the Classes are (i) the individuals and entities who requested exclusion from the Classes pursuant to Class Notice (as listed on Appendix 1 to the Settlement Agreement) and do not opt back into the Classes in connection with the Settlement; and (ii) the individuals and entities who submit timely and valid requests for exclusion from the Classes in connection with the Settlement. All individuals and entities excluded from the Classes by request are listed on Exhibit 1 hereto.

WHEREAS, unless otherwise defined in this Final Approval Order, the capitalized terms herein shall have the same meanings as they have in the Settlement Agreement;

WHEREAS, by Order dated _____ __, 2025 ("Preliminary Approval Order"), this Court: (a) found, pursuant to Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, that it would likely be able to approve the Settlement as fair, reasonable, and adequate under Rule 23(e)(2); (b) ordered that notice of the proposed Settlement be provided to potential members of the Classes; (c) provided Class Members with the opportunity to exclude themselves from the Class(es), to object to the proposed Settlement, or to opt back into the Class(es) if they previously excluded themselves from the Class(es) pursuant to Class Notice; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Classes;

WHEREAS, the Court conducted a hearing on _____ __, 2025 ("Final Fairness Hearing") to consider, among other things (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Classes, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

WHEREAS, the Court having reviewed and considered the Settlement Agreement, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** – This Final Approval Order incorporates and makes a part hereof: (a) the Settlement Agreement filed with the Court on March 27, 2025; and (b) the Email Notices, Settlement Notice, Settlement Notice Ads, and Payment Form all of which were filed with the Court on _____ __, 2025.

3. **Notice** – The Court finds that the dissemination of the Email Notices, Settlement Notice, Settlement Notice Ads, and Payment Form: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c)

constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the releases to be provided thereunder); (ii) Class Counsel's motion for attorneys' fees and Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Allocation Methodology and/or Class Counsel's motion for attorneys' fees and Litigation Expenses; (iv) their right to exclude themselves from the Class(es); (v) their right to opt back into the Class(es) if they previously requested exclusion from the Class(es) pursuant to Class Notice; and (vi) their right to appear at the Final Fairness Hearing; (d) constituted due, adequate, and sufficient notice to all individuals and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and all other applicable law and rules. No Class Member is relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Class Member failed to receive actual or adequate notice. A full opportunity has been offered to Class Members to object to the proposed Settlement and to participate in the hearing thereon. Thus, it is hereby determined that all Class Members are bound by this Final Approval Order, except those individuals and entities listed on Exhibit 1 hereto.

4.    **CAFA Notice -** The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, have been satisfied.

5.    **[Objections** - The Court has considered each of the objections to the Settlement submitted pursuant to Rule 23(e)(5) of the Federal Rules of Civil Procedure. The Court finds and concludes that each of the objections is without merit, and each is hereby overruled.]

6.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Settlement Agreement in all respects (including, without limitation, the Settlement Amount, the releases provided for therein, and the dismissal with prejudice of the claims asserted against Google in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Classes. Specifically, the Court finds that (a) Plaintiffs and Class Counsel have adequately represented the Classes; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Classes under the Settlement

is adequate taking into account the costs, risks, and delay of trial and appeal, the proposed means of distributing the Settlement Fund to the Classes, and the proposed attorneys' fee award; and (d) the Settlement treats members of the Classes equitably relative to each other. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Settlement Agreement.

7.      The Action and all of the claims asserted against Google in the Action by Plaintiffs and the other members of the Classes are hereby dismissed with prejudice as to Google. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreement.

8.      **Binding Effect** – The terms of the Settlement Agreement and of this Final Approval Order shall be forever binding on Google, Plaintiffs, and all other members of the Classes (regardless of whether or not any individual Class Member is a Participating Class Member or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The individuals and entities listed on Exhibit 1 hereto are excluded from the Classes pursuant to request and are not bound by the terms of the Settlement Agreement or this Final Approval Order.

9.      **Release** – The release set forth in the Settlement Agreement, together with the definitions contained in § 1 of the Settlement Agreement relating thereto, is expressly incorporated herein. The release is effective as of the Effective Date. Accordingly, this Court orders that: subject to paragraph 10 below, upon the Effective Date of the Settlement Agreement, the Releasing Parties shall release, forever discharge, will not in any manner pursue this Action, and shall be forever barred from asserting, instituting, or maintaining against the Releasees, any and all Released Claims, as defined in § 1.34 of the Settlement Agreement. This release shall not apply to any individual or entity listed on Exhibit 1 hereto.

10.     Notwithstanding paragraph 9 above, nothing in this Final Approval Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Settlement Agreement or this Final Approval Order.

11.     **No Admissions** – This Final Approval Order, the Settlement Agreement, the Settlement, all documents, orders, and other evidence relating to the Settlement, the fact of their

existence, any of their terms, any press release or other statement or report by the Parties or by others concerning this Final Approval Order, the Settlement Agreement, the Settlement, their existence, or their terms, any negotiations, proceedings, acts performed, or documents drafted or executed pursuant to or in furtherance of the Settlement Agreement or the Settlement shall not be offered or received as evidence, nor shall they be deemed to be, used as, construed as, or constitute a presumption, concession, admission, or evidence of (a) the validity of any Released Claims or of any liability, culpability, negligence, or wrongdoing on the part of the Releasees; (b) any fact alleged, any defense asserted or any fault by the Releasees; (c) the propriety of certifying a litigation class or any decision by any court regarding the certification of a class; and/or (d) whether the consideration to be given in the Settlement Agreement represents the relief that could or would have been obtained through trial in the Action in any trial, civil, criminal, administrative, or other proceeding of the Action or any other action or proceeding in any court, administrative agency, or other tribunal. Google and the other Releasees shall have the right to file the Settlement Agreement and/or the Final Approval Order in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar, reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. **Retention of Jurisdiction** – Without affecting the finality of this Final Approval Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for attorneys' fees and/or Litigation Expenses by Class Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to approve the Allocation Methodology; and (e) members of the Classes for all matters relating to the Action.

13. Separate orders shall be entered regarding approval of the Allocation Methodology and the motion of Class Counsel for attorneys' fees and Litigation Expenses. Such orders shall in no way affect or delay the finality of this Final Approval Order and shall not affect or delay the Effective Date of the Settlement.

14. **Modification of the Agreement of Settlement** – Without further approval from the Court, Plaintiffs and Google are hereby authorized to agree to and adopt such amendments or

modifications of the Settlement Agreement or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Final Approval Order; and (b) do not materially limit the rights of Class Members in connection with the Settlement. Without further order of the Court, Plaintiffs and Google may agree to reasonable extensions of time to carry out any provisions of the Settlement.

15.     **Termination of Settlement** – If the Settlement is terminated as provided in the Settlement Agreement or the Effective Date of the Settlement otherwise fails to occur, this Final Approval Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Final Approval Order shall be without prejudice to the rights of Plaintiffs, the other members of the Classes, and Google, and the Parties shall be restored to their respective positions immediately preceding execution of the Settlement Agreement, and any intervening Court rulings or decisions shall be vacated, as provided in the Settlement Agreement.

16.     **Entry of Final Judgment** – There is no just reason to delay the entry of this Final Approval Order and immediate entry by the Clerk of the Court is expressly directed.


**IT IS SO ORDERED.**


Dated: _____ __, 2025

                                                        _____
                                                        HON. EDWARD J. DAVILA
                                                        United States District Judge

**Exhibit B**

**Exhibit 1**

**[List of Individuals and Entities Excluded from the Classes Pursuant to Request]**
