# EXHIBIT 2

**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
Dylan Isenberg *(Pro Hac Vice)*
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Counsel for Plaintiffs and the Classes*

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Michael B. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| RENE CABRERA and RM CABRERA COMPANY, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 5:11-cv-1263-EJD<br><br>**DECLARATION OF MATTHEW L. MUSTOKOFF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |

I, Matthew L. Mustokoff, hereby declare as follows:

1. I am a member of the Bar of the Commonwealth of Pennsylvania and a partner at the law firm of Kessler Topaz Meltzer & Check, LLP ("Kessler Topaz"). Kessler Topaz and Nix Patterson, LLP (together, "Class Counsel") serve as counsel for Plaintiffs Rene Cabrera ("Cabrera") and RM Cabrera Company, Inc. (together, "Plaintiffs") and the Classes in this matter. I am admitted to practice before this Court *pro hac vice*. I make this declaration of my personal and firsthand knowledge and, if called and sworn as a witness, I could and would testify competently hereto.

2. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Proposed Settlement ("Preliminary Approval Motion").

3. During the course of this Action, Plaintiffs served on Defendant Google LLC ("Defendant" or "Google") 66 requests for production of documents, 25 interrogatories, and 13 requests for admission.

4. Plaintiffs reviewed more than 910,000 pages of documents and several click data productions comprising multiple terabytes of data produced by Google.

5. Plaintiffs took 24 Google fact witness depositions and four expert depositions during this matter.

6. Class Counsel defended three depositions of Cabrera and nine depositions of Plaintiffs' expert witnesses, and also participated in two additional depositions of fact witnesses subpoenaed by Google.

7. Cabrera's three depositions in this Action totaled more than 12.5 hours on the record.

8. Class Counsel also defended the deposition of Cabrera's wife, Cynthia Cabrera.

9. Cabrera responded to 62 separate document requests, 5 interrogatories, and 27 requests for admission.

10. Cabrera travelled to San Jose, California from his home in Cape Coral, Florida to attend the August 16, 2018 and July 7, 2022 hearings on Plaintiffs' motions for class certification.

11. Following the Court's August 15, 2023 ordering denying Google's second motion for summary judgment and granting in part Plaintiffs' motion for class certification, the Parties engaged in extensive discovery regarding class-wide damages.

12. Plaintiffs' data expert, Dr. James Gibson, developed and produced a computer code and related memos regarding the identification of search-bundled advertisers during the first half of 2024.

13. Dr. Gibson issued expert reports related to the identification of search-bundled advertisers on September 5, 2024 and November 25, 2024.

14. Plaintiffs' damages expert, Mr. Saul Solomon, issued expert reports regarding the calculation of class-wide damages on September 5, 2024, November 25, 2024, and December 2, 2024.

15. Mr. Solomon calculated the damages for the Location Targeting Class to be $626,233,039 under the "partial refund" model and $439,167,146 under the "net profits" model. He calculated damages for the Search Bundled Clicks Class to be $93,825,861.

16. Google's damages expert, Dr. Lawrence Wu, opined that the "smart pricing restitution" model, which utilizes the scores generated by Google's smart pricing algorithm to compute damages for the Location Targeting Class, generates a substantially lower damages figure than the damage figures generated by using the partial refund model and the net profits model.

17. Plaintiffs' damages expert determined that the out-of-area clicks associated with a significant portion of the Location Targeting Class damages were query-parsed clicks.

18. Throughout the litigation, Google contended that Plaintiffs could not accurately identify search-bundled advertisers using Google's archived data.

19. Google also asserted that Plaintiffs were unable to prove whether a given search-bundled advertiser was actually damaged by the alleged 6% overcharge on click costs because the ad auctions underlying the AdWords advertising platform at issue were conducted years ago and Google cannot recreate the dynamics of a given ad auction.

20. Google argued at summary judgment and class certification that because the ad

3

auctions cannot be recreated, the second-place bid in a given auction may have been smart-priced properly and, thus, the advertiser who won the auction and paid $0.01 more than the second-place bid was not actually damaged by the alleged 6% overcharge.

21. In response to Google's arguments, Plaintiffs contended that as a matter of contract interpretation, Google was obligated to apply its smart-pricing scores to the actual click cost so as to not overcharge search-bundled advertisers beyond what the smart-pricing score dictated, regardless of the advertiser's bid vis-à-vis the second-place bidder.

22. Class Counsel expended significant time preparing for trial, including the preparation of a pretrial order, *in limine* motions, deposition designations, and witness examination outlines.

23. All of the main fact witnesses that Plaintiffs planned to call at trial with respect to the Search Bundled claims reside outside of the jurisdiction and are therefore beyond the Court's subpoena power. As a result, Plaintiffs would have been reliant on video deposition testimony from these witnesses at trial and would not have had the ability to cross examine live witnesses.

24. The Parties first mediated this matter before Randall Wulff on April 29, 2014.

25. The Parties subsequently participated in two mediation sessions with Judge Layn Phillips (ret.) on January 15, 2015 and February 15, 2018.

26. The Parties subsequently participated in a mediation session via Zoom with Judge David Folsom (ret.) on April 22, 2021.

27. The Parties subsequently participated in two mediation sessions with Magistrate Judge Virginia K. DeMarchi on May 16, 2024 and December 19, 2024.

28. Cabrera attended the April 22, 2021 Zoom mediation with Judge Folsom and attended via video the settlement conferences with Judge DeMarchi on May 16, 2024 and December 19, 2024.

29. At the conclusion of the December 19, 2024 settlement conference, Judge DeMarchi issued a double-blind mediator's proposal that the Parties agree to resolve the Action for $100,000,000.

30. In connection with the Preliminary Approval Motion, Class Counsel request approval of Angeion Group, LLC ("Angeion"), an independent settlement and claims administrator with extensive experience handling class action administrations, to provide notice and administration services for the Settlement under the supervision of Class Counsel. Angeion was previously retained as the administrator in connection with Class Notice following a competitive bidding process among four administrators.

31. In the past two years, Kessler Topaz has engaged Angeion to serve as the notice administrator or claim administrator in one action (in addition to this Action) in which Kessler Topaz acted as class counsel or co-class counsel. By way of comparison, Kessler Topaz selected a notice or claims administrator in a total of 16 new engagements (other than this Action) during this same two-year period. Kessler Topaz also continued to perform ongoing work during this period on settlements and other engagements with Angeion which began more than two years ago. Nix Patterson, LLP has not engaged Angeion in any other action besides this Action in the past two years. Nix Patterson, LLP has engaged an administrator for 5 cases in which it acted as class counsel or co-class counsel in the past two years.

32. Kessler Topaz has found Angeion to be a reliable administrator for these types of cases, with competitive pricing compared to similar administration firms.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 27, 2025

By:    */s/ Matthew L. Mustokoff*
         Matthew L. Mustokoff

         KESSLER TOPAZ
          MELTZER & CHECK, LLP

*Counsel for Plaintiffs and the Classes*

5

MUSTOKOFF DECL. IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT
CASE NO. 11-CV-1263-EJD