**KESSLER TOPAZ**
**MELTZER & CHECK, LLP**
Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

-and-

Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
Dylan Isenberg (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Michael G. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Jessica Underwood (*Pro Hac Vice*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

*Counsel for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| RENE CABRERA and RM CABRERA COMPANY, INC., Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 11-cv-1263-EJD<br><br>**SUPPLEMENTAL REPLY IN FURTHER SUPPORT OF (I) PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT AND ALLOCATION METHODOLOGY; AND (II) CLASS COUNSEL'S MOTION FOR ATTORNEYS' FEES, LITIGATION EXPENSES AND SERVICE AWARD**<br><br>Date: August 25, 2025<br>Time: 4:00 p.m.<br>Place: Courtroom 4, 5th Floor<br>Judge: Hon. Edward J. Davila |

      Plaintiffs Rene Cabrera and RM Cabrera Company, Inc. (together, "Plaintiffs"), on behalf of themselves and the Court-certified Classes, and Class Counsel respectfully submit this supplemental reply, along with the Supplemental Declaration of Steven Weisbrot ("Weisbrot Declaration") attached hereto, in response to the Court's request for information during the final fairness hearing on August 21, 2025 (the "Hearing").[1] See Dkt. 895. Plaintiffs make this submission in further support of: (i) Plaintiffs' Motion for Final Approval of Settlement and Allocation Methodology (Dkt. 889), and (ii) Class Counsel's Motion for Attorneys' Fees, Litigation Expenses and Service Award (Dkt. 890) (together, the "Motions").

      On August 21, 2025, the Court requested additional information related to the proposed Claims Administrator, Angeion Group, LLC ("Angeion") and its relationship with Blackhawk Engagement Solutions ("Blackhawk"), penalties for delayed use of prepaid digital payment cards, and the breakage rate, among other things. See Dkt. 895. Subsequently, Class Counsel discussed the Court's questions with Angeion, which Angeion addresses in the Weisbrot Declaration.

      Class Counsel appreciates the Court identifying and raising the issues addressed at the Hearing.

      In June 2025, Class Counsel first learned of a lawsuit captioned *Baker v. Angeion Group, LLC, et al.*, No. 2:25-cv-02079-KBH (E.D. Pa.). At the time, and in response to learning of the lawsuit, Class Counsel contacted Angeion, requested information regarding the allegations in *Baker*, and were told by Angeion that the allegations were unfounded. Class Counsel were also told that Angeion's agreements with Blackhawk for the administration of prepaid digital payment cards were arms-length arrangements with vendors to allow competitive bidding, and in that sense, were ultimately for the benefit of class members.

      Through our discussions with Mr. Weisbrot following the Hearing yesterday, Class Counsel has learned additional details of the financial arrangement between Angeion and Blackhawk, as set

---

[1] Plaintiffs are filing the Weisbrot Declaration as an attachment to this supplemental reply submission as Angeion is not a party to the action and does not possess ECF filing credentials.

1  forth in the Weisbrot Declaration. Class Counsel understands from the information provided,
2  according to Angeion, through its arrangement with Blackhawk, it can offer lower overall
3  administrative costs, thereby benefiting the Classes and preserving the Settlement Fund.

4      At the Hearing, the Court inquired as to whether any monies paid by Blackhawk to
5  Angeion—in connection with Blackhawk's administration of prepaid digital payment cards—should
6  be deducted from the amount the Court approves for Angeion's administrative costs in this matter.
7  While we do not believe that any revenue to be paid by Blackhawk to Angeion would have any
8  negative impact on the Settlement Fund, <u>Class Counsel is nevertheless willing to reduce its fee or
9  expense award by that amount</u>. The reason Class Counsel is willing to make this concession is as
10 follows: while we were previously unaware of the details of the financial arrangement between
11 Angeion and Blackhawk, we believe it is in the best interest of the Classes to avoid further delay of
12 the distribution of the Settlement proceeds to Class Members. After fourteen years of litigation,
13 Plaintiffs and Class Counsel have achieved a significant recovery for the Classes. To the extent
14 Angeion were to object to—and appeal—any ruling by this Court with regard to its administrative
15 costs or supplemental revenue, this would only add substantial delay to the distribution of the
16 Settlement Fund to Class Members.

17     The Court separately inquired at the hearing regarding the inactivity fees for the prepaid
18 digital payment cards and whether additional information should be provided to Class Members.
19 While this information about the potential for inactivity fees following 12 months of inactivity by a
20 card holder was previously disclosed on the settlement website, it is worth noting that at the time of
21 distribution, Class Members who have elected the digital payment card option will receive an email
22 with additional information about their payment cards. That email can be customized to reflect any
23 updated communications that Class Counsel or the Court may direct, including basic information
24 about the use of the payment cards, such as a reminder that balances will be subject to inactivity
25 service fees if Class Members do not use their cards for more than one year. The email can also
26 explain that: (1) Class Members who elected to receive a digital payment card can avoid inactivity

27
28

service fees simply by using the card at least once every twelve months or by transferring all or part of the value of the card to another account via Zelle, ACH, Venmo, or PayPal; (2) Class Members may recover the inactivity service fees charged to them by using the cards; and (3) if Class Members' cards remain dormant for a certain period of time under a particular state's law, then they are transferred to that state's unclaimed property fund and the funds remain available to be claimed by the Class Member. The email can also disclose that no portion of any inactivity fee is paid to Angeion.

Apart from such an email, Class Counsel do not believe there is any additional information that needs to be distributed to Class Members regarding their payment elections. Because additional notice would require additional expenses, it would inevitably cost more money to issue additional notice and disclosures to Class Members. Moreover, as noted in the Weisbrot Declaration, the most common method of payment selected by Class Members has been paper checks (Weisbrot Declaration at ¶ 15 (stating 65% of claimants selected paper checks)), which demonstrates that Class Members were aware of the option to select a paper check instead of a digital prepaid card if that was their preference. The issues raised by the Court regarding the prepaid digital cards are not relevant to those Class Members who selected other payment options.

Finally, the Court inquired about breakage rates. Class Counsel understands a breakage rate to refer to the value lost through a pre-paid card that goes unused. Any unused amounts, net of disclosed inactivity fees, are transmitted to the applicable state's unclaimed property fund in accordance with state law on behalf of the Class Member. If a Class Member selects the prepaid card, does not use the full amount, and amounts remain on the card for the applicable dormancy period, that remaining amount is transferred to their home state's unclaimed property fund. The Class Member can then claim their money from their state's fund, which is held for their benefit. Such remaining amounts escheat to the states on behalf of the cardholders and do not inure to Blackhawk's or Angeion's benefit as a result.

To the extent the Court has further questions about these issues, Class Counsel can address

them at the hearing on August 25, 2025. Class Counsel appreciates the Court's attention in setting a follow-up hearing so that we can take the necessary steps to begin preparing for distribution.

Based on the foregoing and the materials previously submitted, Plaintiffs respectfully request that the Court grant the Motions.

Dated: August 22, 2025

Respectfully Submitted,

/s/ Matthew L. Mustokoff
**KESSLER TOPAZ**
 **MELTZER & CHECK, LLP**
Joseph H. Meltzer (*Pro Hac Vice*)
Matthew L. Mustokoff (*Pro Hac Vice*)
Margaret E. Mazzeo (*Pro Hac Vice*)
Dylan Isenberg (*Pro Hac Vice*)
280 King of Prussia Road
Radnor, PA 19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

-and-

Stacey M. Kaplan (Bar No. 241989)
One Sansome Street, Suite 1850
San Francisco, CA 94104
Telephone: (415) 400-3000
Facsimile: (415) 400-3001

**NIX PATTERSON, LLP**
Jeffrey J. Angelovich (*Pro Hac Vice*)
Michael G. Angelovich (*Pro Hac Vice*)
Bradley E. Beckworth (*Pro Hac Vice*)
Andrew G. Pate (*Pro Hac Vice*)
Jessica Underwood (*Pro Hac Vice*)
8701 Bee Cave Road
Building 1, Suite 500
Austin, TX 78746
Telephone: (512) 328-5333
Facsimile: (512) 328-5335

*Counsel for Plaintiffs and the Classes*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 22, 2025.

*/s/ Matthew L. Mustokoff*
Matthew L. Mustokoff